# UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA ATLANTA DIVISION

| | |
|---|---|
| KIDANEMARIAM KASSA, </br></br> Plaintiff, </br></br> vs. </br></br> FULTON COUNTY, GEORGIA, </br> PAUL H. HOWARD, officially & individually, </br> ANTIONETTE STEPHENSON, individually, </br> PIERRE EASLEY, individually, and </br> JOHN DOE, officially & individually, </br></br> Defendants. | CIVIL ACTION FILE NO. </br> _____ </br></br></br> JURY TRIAL REQUESTED |

## COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF

COMES NOW PLAINTIFF KIDANEMARIAM KASSA ("Mr. Kassa") and brings this COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF against Defendants pursuant to 42 U.S.C. §1983, and under Georgia law, against the individual defendants. This action arises from the unlawful arrest of Mr. Kassa, which violated the Fourth and Fourteenth Amendments to the United States Constitution, the Constitution of the State of Georgia and pursuant to the negligent breach of a ministerial duty by Fulton County and its agents.

1

## NATURE OF THE CASE

1. Kidanemariam Kassa, the victim of a 2014 robbery, was wrongfully arrested as a proximate result of the Fulton County District Attorney and/or Sheriff failing to recall or cancel a material witness warrant for his arrest after he voluntarily testified at trial.  In addition, the material witness warrant was secured by presenting false information to a judge that Mr. Kassa was avoiding subpoena service.  Mr. Kassa seeks monetary damages, attorney's fees and costs and a trial by jury.

## PARTIES

2. Plaintiff Kidamenariam Kassa ("Mr. Kassa") resides in the State of Georgia and is entitled to assert claims of this kind and nature.

3. Fulton County, Georgia ("Fulton County") is a local subdivision of the State of Georgia and a body corporate organized and existing under the Constitution of the State of Georgia. GA. CONST. ART. 9, § 1 ,1; 0.C.G.A. § 36-1-3.

4. The governmental structure of Fulton County includes a Chief Commissioner charged with running the day-to-day operations of the County and a Board of Commissioners ("Fulton BOC") that functions as the governing body for Fulton County.

5. Fulton County may be served with process through John Eaves, Chief Commissioner of Fulton County at 141 Pryor Street, Atlanta, Georgia. O.C.G.A. § 36-1-5.

6. Mr. Kassa sues the County under 42 U.S.C. § 1983, alleging that the County has violated the Due Process clause of the 14th Amendment and the 4th Amendment to the United States Constitution by maintaining customs and policies that caused the deprivations of liberty suffered by Mr. Kassa.

7. Defendant Paul Howard ("Howard") is the District Attorney and Chief prosecuting officer employed by the County and served in this capacity when the events described in this complaint occurred. Howard is subject to the jurisdiction of this Court.

8. Defendant Antionette Stephenson ("Stephenson") was the Assistant District Attorney responsible for the day-to-day responsibilities associated with the criminal action that gave rise to the wrongful arrest of Mr. Kassa. She is subject to the jurisdiction of this Court and under the direct supervision of Defendant Howard.

9. Defendant Investigator Pierre Easley ("Easley") is or was an investigator employed by the County and under the direct supervision and/or instruction of Defendants Howard and Stephenson when the events described in this

complaint occurred. Defendant Easley is subject to the jurisdiction of this Court.

10. Defendant John Doe ("Doe") is or was a deputy sheriff employed by the County when the events described in this complaint occurred. Defendant Doe is subject to the jurisdiction of this Court.

## VENUE

11. All acts or omissions alleged by Mr. Kassa in this complaint occurred in Fulton County, Georgia, and therefore venue is proper.

## JURISDICTION

12. This Court has subject matter jurisdiction over these claims.

13. Mr. Kassa has satisfied the ante litem notice contemplated by O.C.G.A. § 36-33-S(b).

14. Attorney's fees are authorized by O.C.G.A. § 13-6-11.

## FACTS

Underlying Criminal Prosecution

15. On April 22, 2014, Mr. Kassa was the victim of an attempted armed robbery in Fulton County, Georgia as he drove his taxi cab in Downtown Atlanta. His attacker Jarvis Taylor ("Mr. Taylor") was prosecuted pursuant to Fulton County Superior Court Indictment Number 14SC126099.

16. On December 5, 2014, Mr. Taylor was granted a bond which caused Mr. Kassa to understandably experience a significant amount of anxiety and fear. It was particularly disturbing for Mr. Kassa that the Fulton County District Attorney's Office had not communicated with him about the bond.

17. Nearly a year later, the Fulton County District Attorney prepared to try Mr. Taylor for the attack on Mr. Kassa.

18. Around the same period of time that the District Attorney was preparing for trial, Mr. Kassa suffered a significant cardiac event and informed the District Attorney's office of his physical impairment.

19. The trial of Mr. Kassa's alleged assailant was continued to a later date.

20. Mr. Kassa's health continued to decline; nevertheless, he attempted to keep the Office of the District Attorney aware condition through telephone conversations.

21. Unbeknownst to Mr. Kassa, Defendant Stephenson with Defendant Easley's testimony obtained a material witness warrant for Mr. Kassa by falsely alleging to Judge John J. Goger that Mr. Kassa was willfully avoiding subpoena service.

22. At no point did Mr. Kassa willfully avoid subpoena service.

23. Mr. Kassa, after perceiving and being confused by a great deal of hostility from the agents of the Fulton County District Attorney's Office, as evidenced by voicemail messages, obtained the representation of an attorney to accompany him to trial.

24. Mr. Kassa voluntarily appeared at trial on March 23, 2015 and assisted the prosecution in obtaining the conviction of his attacker.

25. At no point during or after Mr. Kassa's testimony did any employee or agent of the Fulton County District Attorney request that the active warrant for Mr. Kassa's arrest be cancelled or recalled.

26. Defendant Easley failed to request in writing that the Fulton County Sheriff recall or cancel the active warrant for Mr. Kassa's arrest. Easley, the warrant application witness, had a duty to do so.

27. Defendant Stephenson failed to request in writing that the Fulton County Sheriff recall or cancel the active warrant for Mr. Kassa's arrest. Defendant Stephenson, the warrant applicant, had a duty to either do so or ensure that someone in her direct line of reporting had done so.

28. As a result of this ministerial failure, Mr. Kassa—who was unaware that any warrant had been obtained for his arrest at all—left the Fulton County Courthouse under the continuing threat of arrest.

Automobile Accident & Arrest

29. On the evening of June 6, 2015 while driving, Mr. Kassa was struck by another driver in Atlanta, Fulton County, Georgia. Mr. Kassa was not cited and was not the at-fault driver.

30. After citing the at-fault driver, the citing Atlanta Police Department Officer advised Mr. Kassa that he had to be placed under arrest due to an active warrant.

31. The active warrant pursuant to which Mr. Kassa was arrested was the material witness warrant issued by Judge John Goger on March 18, 2015.

32. Mr. Kassa sustained significant physical injuries as a result of the accident and was transported to Grady Memorial Hospital Detention Division.

Incarceration and Lack of Medical Attention

33. After receiving treatment at Grady Memorial Hospital Detention Division, Mr. Kassa was transferred to the Fulton County Jail.

34. While in jail, he experienced additional health crises that could not be adequately treated by jail staff.

35. After imploring Fulton County jail staff for assistance for hours, Mr. Kassa was transported back to Grady Memorial Hospital Detention.

36. While being treated, Mr. Kassa learned that he had suffered a blood clot and other complications due to lack of being treated by jail staff and that prolonged neglect could have resulted in his death.

37. On June 12, six days after his arrest, Judge Wendy Shoob signed an order mandating Mr. Kassa's release.  Judge Shoob's order also noted that the District Attorney, "failed to cancel the warrant in writing after the witness appeared at trial and testified."  Mr. Kassa's supposed unwillingness to testify at trial was the singular basis for Defendant Stephenson applying for the warrant.

38. Defendant Howard claims that Defendant Easley orally requested that the Sheriff cancel Mr. Kassa's arrest warrant.

39. If such a request was made by Defendant Easley, then the failure to cancel the warrant was a result of negligence on the part of Defendant Doe, also an employee of Fulton County.

40. The failure to cancel the warrant constitutes the failure to fulfill a ministerial duty.

41. The failure to perform this critical ministerial duty resulted in the loss of Mr. Kassa's liberty which consequently threatened Mr. Kassa's life.

42. Mr. Kassa has continued to experience health issues stemming from his inability to obtain adequate medical care while wrongfully incarcerated.

## COUNT 1

### Denial of Due Process & Illegal Seizure

43. Mr. Kassa realleges each fact set out in paragraphs 1 through 42.

44. Mr. Kassa never refused to appear at trial to testify against Mr. Taylor.

45. Mr. Kassa never refused contact from any agent or employee of the Fulton County District Attorney's Office.

46. Mr. Kassa received little to no assistance from the Fulton County District Attorney leading up to trial in the way of education, trial preparation and protection.

47. Defendants Easley and Stephenson, on March 18, 2015, appeared before Hon. Judge John Goger and willfully presented false information regarding Mr. Kassa's willingness to testify at trial.

48. The false information presented by Defendants Easley and Stephenson allowed them to avoid the requirement of properly serving Mr. Kassa with a subpoena for trial.

49. That false information resulted in Judge Goger granting a material witness for Mr. Kassa's arrest that they failed to cancel once Mr. Kassa had testified at trial.

50. The actions of Defendants Easley and Stephenson proximately caused the arrest of Mr. Kassa, rendering them individually liable for damages.

51. The actions of Defendants Easley and Stephenson are part of a larger policy or practice within the Fulton County District Attorney's Office of securing material witness warrants without properly seeking to serve witnesses with subpoenas.

52. This policy or practice violated Mr. Kassa's rights pursuant to the Due Process clause of the 14th Amendment and the 4th Amendment to the United States Constitution by maintaining customs and policies that caused the deprivations of liberty suffered by Mr. Kassa, thereby giving rise to this claim under 42 U.S.C. §1983.

## COUNT 2

Negligence: Breach of Ministerial Duties

53. Mr. Kassa realleges each fact set forth in paragraphs 1 through 52 of this complaint and incorporates them here by reference.

54. Defendants had a ministerial duty to cancel or recall the active warrant for Mr. Kassa's arrest. Once Mr. Kassa fulfilled his duty to testify and the criminal action at issue was fully adjudicated, no employee or agent possessed discretion to leave the warrant in place after his testimony had been secured.

55. Defendants' failure to recall or cancel the warrant for Mr. Kassa's arrest constituted gross negligence and a breach of a ministerial duty.

56. Defendants breached this duty resulted in a deprivation of liberty interests protected by the Georgia Constitution's due process guarantees. See Ga. Const. Art. I, § I, III & XIII.

57. The negligent failure by Defendants to perform their ministerial duties was the proximate cause of the unlawful arrest and prolonged detention of Mr. Kassa.

58. As a result of the defendants' negligent acts and omissions, Mr. Kassa has suffered emotional, physical, mental and financial injury, entitling him to recover compensatory against the defendants in an amount to be determined by the enlightened conscience of the jury.

## COUNT 3

### Attorney's Fees

59. Mr. Kassa realleges each fact set forth in paragraphs 1 through 58 of this complaint and incorporates them here by reference.

60. By their acts and omissions specified above, as well as other conduct, the defendants have acted in bad faith, have been stubbornly litigious and have caused Mr. Kassa unnecessary trouble and expense.

61. Mr. Kassa is entitled to recover his actual expenses of litigation, including attorney's fees, from the defendants.

WHEREFORE, MR. KASSA RESPECTFULLY REQUESTS the following relief:

(a) That the Court award Mr. Kassa compensatory and nominal damages against the named defendants in an amount to be determined by the enlightened conscience of an impartial jury;

(b) That the Court grant Mr. Kassa his reasonable costs and attorney's fees in bringing this action in an amount to be determined at trial;

(c) That Mr. Kassa be granted a trial by jury on all issues so triable; and

(d) That Mr. Kassa be granted such other and further relief as this Court deems just and proper.

Respectfully submitted this 6th day of June, 2016.

/S/TIFFANY WILLIAMS ROBERTS
**Tiffany Williams Roberts**
Bar No. 791208
235 Peachtree Street, Suite 400
Atlanta, Georgia 30303
(404) 287-2090 – telephone
(678) 965-1790 –facsimile
troberts@tiffanywroberts.com

CERTIFICATION

Counsel for Plaintiff certifies that the foregoing Complaint complies with the font and point size requirements of Local Rule 5.1 (C).

/S/TIFFANY WILLIAMS ROBERTS
**Tiffany Williams Roberts**
Bar No. 791208
191 Peachtree Street, Suite 3300
Atlanta, Georgia 30303
(404) 287-2090 (t); (678) 965-1790 (f)
troberts@tiffanywroberts.com