```
          IN THE UNITED STATES DISTRICT COURT
             NORTHERN DISTRICT OF GEORGIA
                    ATLANTA DIVISION
```

| | | |
|---|---|---|
| KIDANEMARIAM KASSA, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | CIVIL RIGHTS COMPLAINT |
| v. | ) | 42 U.S.C. §1983 |
| | ) | |
| FULTON COUNTY, GEORGIA, | ) | CIVIL RIGHT ACTION NO. |
| PAUL H. HOWARD, officially & | ) | 1:17-CV-02068-AT |
| Individually, | ) | |
| ANTIONETTE STEPHENSON, | ) | |
| individually, PIERRE EASLEY, | ) | |
| individually, and JOHN DOE, | ) | |
| officially & individually, | ) | |
| | ) | |
|     Defendants. | ) | |
| _____ | ) | |

**<u>MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS PIERRE EASLEY AND ANTOINETTE STEPHENSON'S MOTION TO FILE AMENDED SPECIAL APPEARANCE MOTIONS TO DISMISS</u>**

COME NOW Defendants Pierre Easley and Antoinette Stephenson, by and through undersigned counsel, and file this motion for leave to filed amended special appearance motions to dismiss, and in support thereof, show the Court as follows:

**I.   <u>INTRODUCTION</u>**

Plaintiff filed a complaint on June 6, 2017 against Defendants Fulton County, Georgia, Fulton County District Attorney Paul H. Howard, Assistant District Attorney Antoinette Stephenson and Investigator Pierre Easley. (Doc. 1). Plaintiff attempts to assert a 42 U.S.C. § 1983 action based upon the

alleged violations of Plaintiff's Fourth and Fourteenth Amendment rights under the United States Constitution. (Id.) Plaintiff also has a pendent state law claim for negligence. (Id.).

Plaintiff failed to effectuate proper service of process upon Defendants Easley and Stephenson. Plaintiff has also failed, to date, to file evidence of "service" of the summons and complaint upon Defendants. However, both Defendants acknowledge that their mothers were served copies of the summons and complaint, and Defendants filed special appearance motions to dismiss on September 25 and 26, 2017, respectively. (Docs. 12 and 13). Defendants raised insufficiency of service of process, lack of personal jurisdiction and failure to state a claim upon which relief can be granted in their motions, to include Easley's assertion of qualified immunity and Stephenson's assertion of absolute immunity. However, Defendants failed to assert one remaining defense – official immunity – in their motions. Accordingly, Defendants now seek to correct said error by obtaining leave of this Court to amend their motions to dismiss.

## II.  ARGUMENT AND CITATION OF AUTHORITY

Pursuant to Federal Rule of Civil Procedure 15 and the Court's inherent power to control its proceedings, the Court can exercise its authority to allow Defendants' motions to dismiss to be amended. See also 28 U.S.C. § 1651. The decision whether to grant leave to amend is within the sound discretion of the trial court, but "is strictly circumscribed by the proviso that 'leave shall be freely given when justice so requires.'" Gramegna v. Johnson, 846 F.2d 675, 678 (11th Cir. 1988) (citations omitted); see also Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330 (1971) and Nat'l. Serv. Indus., Inc. v. Vafla Corp., 694 F.2d 246, 249 (11th Cir.1982). "While a decision whether to grant leave to amend is clearly within the discretion of the district court, a justifying reason must be apparent for denial of a motion to amend." Moore v. Baker, 989 F.2d 1129, 1131 (11th Cir. 1993), citing Nolin v. Douglas County, 903 F.2d 1546, 1550 (11th Cir. 1990).

"[U]nless a substantial reason exists to deny leave to amend, the discretion of the district court is not broad enough to permit denial." Shipner v. Eastern Air Lines, Inc., 868 F.2d 401, 407 (11th Cir. 1989); see also Moore, 989 F.2d at 1131. The Court may consider "such factors as 'undue delay, bad faith,

or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment [and] futility of the amendment.'" Foman v. Davis, 371 U.S. 178, 182 (1962).

Here, leave should freely be given because there is not a substantial reason to deny Defendants' request. Although Defendants acknowledge that it is well-established in the Eleventh Circuit that a motion to dismiss is not considered a responsive pleading for purposes of Federal Rule of Civil Procedure 15(a), Fortner v. Thomas, 983 F.2d 1024, 1032 (11th Cir. 1993) (citations omitted), the amendment would not cause undue prejudice to Plaintiff and allowing Defendants the ability to argue official immunity would aid in judicial economy as it, in conjunction with the other defenses raised in the motions to dismiss, may lead to the dismissal of Plaintiff's complaint. Official immunity is "an immunity from suit rather than a mere defense to liability," Pearson v. Callahan, 555 U.S. 223, 237 (2009), and as such, Defendants are seeking to assert it as soon as practicable.

Defendants' motions to dismiss were both filed less than 72 hours ago. As such, Plaintiff has probably just begun crafting

his reply, if any, to Defendants' motions. Defendants did not act in bad faith, as the failure to allege official immunity was merely an oversight on undersigned counsel's part, and Defendants are seeking to expeditiously rectify the failure. See Vanslambrouck v. Fairfield Indus. Inc., No. 2:11-CV-76-FTM-29SPC, 2011 WL 2435947 at *2 (M.D. Fla., June 15, 2011) (leave to amend granted when request to amend filed ten days after the original motion was filed and prior to the time to respond had expired and when court found no bad faith, intend to manipulate the court proceedings, and no prejudice to plaintiffs). Accordingly, Defendants ask that this Court grant Defendants leave to file their amended special appearance motions to dismiss.

Respectfully submitted, this 28th day of September, 2017.

**OFFICE OF THE COUNTY ATTORNEY**

Patrise Perkins-Hooker
COUNTY ATTORNEY
Georgia Bar No. 572358

Kaye W. Burwell
Deputy County Attorney
Georgia Bar No. 775060

**/s/ Ashley J. Palmer**
Ashley J. Palmer
Senior Assistant County Attorney
Georgia State Bar No. 603514

**OFFICE OF THE FULTON COUNTY ATTORNEY**
141 Pryor Street, S.W.
Suite 4038
Atlanta, Georgia 30303
(404) 612-0246 (office)
(404) 730-6324 (facsimile)

```
          IN THE UNITED STATES DISTRICT COURT
             NORTHERN DISTRICT OF GEORGIA
                    ATLANTA DIVISION
```

| | | |
|---|---|---|
| KIDANEMARIAM KASSA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL RIGHTS COMPLAINT |
| v. | ) | 42 U.S.C. §1983 |
| | ) | |
| FULTON COUNTY, GEORGIA, | ) | CIVIL RIGHT ACTION NO. |
| PAUL H. HOWARD, officially & | ) | 1:17-CV-02068-AT |
| Individually, | ) | |
| ANTIONETTE STEPHENSON, | ) | |
| individually, PIERRE EASLEY, | ) | |
| individually, and JOHN DOE, | ) | |
| officially & individually, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**CERTIFICATE OF SERVICE**

THIS CERTIFIES that on September 28, 2017, I presented this document in Courier New, 12 point type, and that I have electronically filed the foregoing **MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS PIERRE EASLEY AND ANTOINETTE STEPHENSON'S MOTION TO FILE AMENDED SPECIAL APPEARNCE MOTIONS TO DISMISS** with the Clerk of Court using the CM/ECF system, and will provide mail notification to the following attorney of record:

```
         Tiffany Williams Roberts
       Tiffany W. Roberts, Attorney at Law
                 Suite 400
            235 Peachtree Street
           Atlanta, Georgia 30303
```

This 28th day of September, 2017.

*/s/ Ashley J. Palmer*
Ashley J. Palmer
Senior Assistant County Attorney
Georgia State Bar No.: 603514

**OFFICE OF THE FULTON COUNTY ATTORNEY**
141 Pryor Street, S.W.
Suite 4038
Atlanta, Georgia 30303
(404) 612-0246 (office)
(404) 730-6324 (facsimile)