```
          IN THE UNITED STATES DISTRICT COURT
             NORTHERN DISTRICT OF GEORGIA
                   ATLANTA DIVISION
```

```
KIDANEMARIAM KASSA,            )
                               )
    Plaintiff,                 )
                               )      CIVIL RIGHTS COMPLAINT
v.                             )      42 U.S.C. §1983
                               )
FULTON COUNTY, GEORGIA,        )      CIVIL RIGHT ACTION NO.
PAUL H. HOWARD, officially &   )      1:17-CV-02068-AT
Individually,                  )
ANTIONETTE STEPHENSON,         )
individually, PIERRE EASLEY,   )
individually, and JOHN DOE,    )
officially & individually,     )
                               )
    Defendants.                )
_____)
```

**BRIEF IN SUPPORT OF DEFENDANT ANTOINETTE STEPHENSON'S AMENDED SPECIAL APPEARANCE MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 12(b)(2), 12(b)(5) AND 12(b)(6)[1]**

COMES NOW Defendant Antoinette Stephenson ("Defendant"), by and through undersigned counsel and in her individual capacity, and files this Brief in support of her Amended Special Appearance Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(2), 12(b)(5) and 12(b)(6), and shows this Honorable Court as follows:

---

[1] Defendant files this amended motion to dismiss by special appearance only, without waiving the defenses of insufficiency of process, subject matter jurisdiction and venue or submitting herself to the jurisdiction of this Court.

**INTRODUCTION**

Plaintiff attempts to assert a 42 U.S.C. § 1983 action based upon the alleged violations of Plaintiff's Fourth and Fourteenth Amendment rights under the United States Constitution. Plaintiff also has a pendent state law claim for negligence. Plaintiff seeks compensatory and nominal damages and attorney's fees and costs.

Plaintiff failed to effectuate proper service of process upon Defendant. Therefore, Plaintiff's Complaint should be dismissed. Further, even when viewing this pleading in the light most favorable to Plaintiff, and assuming that all allegations are true, Defendant must prevail because Plaintiff has failed to state a claim upon which relief can be granted against this Defendant.

**FACTUAL AND PROCEDURAL BACKGROUND**

**I. Statement of Facts as Alleged in Plaintiff's Complaint**

On April 22, 2014, Plaintiff was the victim of an attempted armed robbery in Fulton County, Georgia. (Doc. 1 at 4, ¶ 15). His attacker was subsequently indicted but was granted a bond in December, 2014 pending trial. (Id. at 4-5, ¶¶ 15, 16). Nearly a year later, as the Fulton County District Attorney's Office ("DA's Office" or "the State") was preparing to try Plaintiff's

2

attacker, Plaintiff, the State's key witness, suffered a significant cardiac event. (Id. at 5, ¶¶ 17, 18). Plaintiff informed the DA's Office about his medical situation, and as a result, his attacker's trial was continued. (Id. at 5, ¶¶ 18, 19).

Plaintiff contends that despite the decline in his health, he continued to maintain contact with the DA's Office. (Id. at 5, ¶ 20). However, the State took the position that Plaintiff was willfully avoiding subpoena service, and Defendant obtained a material witness warrant from Judge John Goger on March 18, 2015. (Id. at 5, 7, ¶¶ 21, 31). The DA's Office repeatedly attempted to contact Plaintiff by phone even after obtaining the warrant. (Id. at 6, ¶ 23).

On March 23, 2015, Plaintiff appeared at trial and testified against his attacker. (Id. at 6, ¶ 24). However, even after Plaintiff's testimony and his attacker's conviction, the State allegedly failed to request that the warrant be cancelled or recalled. (Id. at 6, ¶ 25). Nearly three months later, on June 6, 2015, Plaintiff was involved in a motor vehicle accident. (Id. at 7, ¶ 29). The Atlanta Police Department Officer who investigated the accident advised Plaintiff that he had an active warrant and placed him under arrest. (Id. at 7, ¶

30). The active warrant pursuant to which Plaintiff was arrested was the same material witness warrant that had been issued months before. (Id. at 7, ¶ 31).

Plaintiff was transported to Grady Memorial Hospital ("Grady") for treatment of injuries sustained in the accident. (Id. at 7, ¶ 32). Following his release from Grady, Plaintiff was transported to the Fulton County Jail. (Id. at 7, ¶ 33). However, after experiencing further health related issues, Plaintiff was transported back to Grady for additional treatment. (Id. at 7, ¶ 36). On June 12, 2015, Judge Wendy Shoob signed on order mandating Plaintiff's release. (Id. at 7, ¶ 37). The order allegedly noted that the DA's Office "failed to cancel the warrant in writing after the witness appeared at trial and testified." (Id.). District Attorney Paul Howard allegedly claimed that the DA's Office orally requested that the Fulton County Sheriff's Office cancel the warrant. (Id. at 8, ¶ 38). Plaintiff allegedly continues to experience health issues, which he blames on an alleged inability to obtain adequate medical care while incarcerated on the material witness warrant. (Id. at 9, ¶ 42).

**II. Evidence of Plaintiff's "Service" Upon Defendant**

To date, Plaintiff has yet to file evidence of "service" of

the summons and complaint upon Ms. Stephenson. However, although Defendant has not been served, she acknowledges that her mother, who was visiting Defendant's residence, was served with a copy of the summons and complaint at Defendant's home on or about September 5, 2017. (Doc. 5). Defendant, however, was never personally served nor was anyone who resides in Defendant's home. Thus, Plaintiff did not perfect personal service on the Defendant.

## ARGUMENT AND CITATION TO AUTHORITY

### I. Plaintiff's Complaint Should Be Dismissed Due to His Failure to Effectuate Proper Service of Process.

Fed.R.Civ.P. 4(c)(1) requires that a defendant be served with a summons and a copy of Plaintiff's complaint. Fed.R.Civ.P. 4(c)(2) and (3) permits a person who is at least 18 years old and not a party to the lawsuit to personally serve the summons and complaint on the defendant or, at the Plaintiff's request, the court may order that a United States marshal or deputy marshal or a person specifically appointed by the court effectuate service. Fed.R.Civ.P. 4(e)(2) allows a Defendant to be served in one of the following ways: (A) by delivering a copy of the summons and complaint to the individual personally; (B) by leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who

resides there; or (C) by delivering a copy of each to an agent authorized by appointment or law to receive service of process. A complaint may be subject to dismissal for insufficient service of process. Fed.R.Civ.P. 12(b)(5).

Plaintiff apparently attempted to serve Defendant by leaving a copy of the summons and complaint with Defendant's mother, who was visiting from California for a short period of time. However, this does not constitute sufficient service of process because Defendant's mother does not reside with her. Since Plaintiff did not effectuate proper personal service, his complaint should be dismissed. Fed.R.Civ.P. 12(b)(5); Profit v. Americold Logistics, LLC, No. 1:07-CV-1920-TWT, 2008 WL 1902190, at *5 (April 25, 2008).

## II. Plaintiff's Complaint Should Be Dismissed Because the Court Lacks Personal Jurisdiction Over Defendant.

Generally, where service of process is insufficient, a district court lacks personal jurisdiction over a defendant, and therefore, has no power to render judgment over that defendant. Kelly v. Florida, 233 Fed. Appx. 883, 884 (Jan. 31, 2007) (citing In re Worldwide Web Sys. Inc., 328 F.3d 1291, 1299 (11th Cir. 2003)). As shown above, Plaintiff did not properly effectuate service of process on Defendant. Thus, because service of process was insufficient, this Court lacks personal

jurisdiction over Defendant pursuant to Fed.R.Civ.P. 12(b)(2).

### III. Plaintiff's Complaint Should Be Dismissed Due to His Failure to State a Claim Upon Which Relief Can Be Granted.

#### a. The standard for a motion to dismiss for failure to state a claim.

For purposes of a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint's factual allegations are assumed true and construed in the light most favorable to the plaintiff. See Hardy v. Regions Mortg., Inc., 449 F.3d 1357, 1359 (11th Cir. 2006); M.T.V. v. DeKalb County School Dist., 446 F.3d 1153, 1156 (11th Cir. 2006). "However, conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." Oxford Asset Mgmt., Ltd. v. Jaharis, 297 F.3d 1182, 1188 (11th Cir. 2002) (citations omitted). Instead, a complaint must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Accordingly, a district court may "insist upon some specificity in [the] pleading before allowing a potentially massive factual controversy to proceed." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 558 (2007) (quotation marks omitted).

The court's inquiry at this stage of the proceedings

7

focuses on whether the challenged pleadings "give the defendant fair notice of what the...claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citations and internal quotation marks omitted). "Regardless of the alleged facts, however, a court may dismiss a complaint on a dispositive issue of law." Bernard v. Calejo, 17 F. Supp. 2d 1311, 1314 (S.D. Fla. 1998) (citing Marshall County Bd. of Educ. v. Marshall County Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993) ("Dismissal is appropriate...when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action.")); see also Glover v. Liggett Group, Inc., 459 F.3d 1304, 1308 (11th Cir. 2006); Ague v. Home Depot U.S.A., Inc., 629 F. Supp. 2d 1336, 1350 (N.D. Ga. 2009).

      **b. Defendant should be dismissed in her individual capacity because not only has Plaintiff failed to state a claim against Defendant, but she enjoys absolute immunity for the claim brought against her.**

Traditional common-law immunities for prosecutors apply to civil cases brought under section 1983. Rehberg v. Paulk, 611 F.3d 828, 837-38 (11th Cir. 2010), citing Imbler v. Pachtman, 424 U.S. 409, 427-28 (1976). In section 1983 actions, prosecutors have absolute immunity for all activities that are "intimately associated with the judicial phase of the criminal

process." Id., quoting Van de Kamp v. Goldstein, 555 U.S. 335 (2009).

"Absolute immunity does not depend entirely on a defendant's job title, but involves a functional approach granting immunity based on conduct." Id. (citation omitted). "This functional approach looks to 'the nature of the function performed, not the identity of the actor who performed it.'" Id., quoting Buckley v. Fitzsimmons, 509 U.S. 259, 269 (1993). Accordingly, absolute immunity applies to the prosecutor's actions "in initiating a prosecution and in presenting the State's case," Imbler, 424 U.S. at 431; appearances in judicial proceedings, including prosecutorial conduct before grand juries, statements made during trial, examination of witnesses and presentation of evidence in support of a search warrant during a probable cause hearing, Burns v. Reed, 500 U.S. 478, 490-92 (1991) and Kalina v. Fletcher, 522 U.S. 118, 126 (1997); allegations stemming from the prosecutor's function as advocate, Jones v. Cannon, 174 F.3d 1271, 1281 (11th Cir. 1999); and "acts undertaken...in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of [the prosecutor's] role as an advocate for the State." Id.

However, when a prosecutor functions in a capacity unrelated to her role as an advocate for the state, she is not protected by absolute immunity but enjoys only qualified immunity. Kalina, 522 U.S. at 121 (concluding prosecutor was acting as a witness in personally attesting to truth of averments in a "Certification for Determination of Probable Cause" for an arrest warrant and was not absolutely immune for that witness act, but that prosecutor was absolutely immune for preparing and filing an "information charging respondent with burglary and a motion for an arrest warrant"). Thus, a prosecutor functioning essentially as an investigator and performing "the investigative functions normally performed by a detective or police officer" would not enjoy absolute immunity, only qualified immunity. Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993); accord Jones, 174 F.3d at 1281-82 ("Although absolutely immune for actions taken as an advocate, the prosecutor has only qualified immunity when performing a function that is not associated with his role as an advocate for the state.").

Here, Defendant was clearly acting as an advocate for the State when she allegedly obtained the material witness warrant for Plaintiff. The act of obtaining a material witness warrant

was undertaken as Defendant was preparing for trial and seeking to convict Plaintiff's attacker. Further, Defendant sought the warrant from the Court not based on her own testimony but that of Investigator Pierre Easley (Doc. 1 at 5, ¶ 21) and provided Judge Goger with cause – Plaintiff's continued use of his alleged health issues as an excuse for not being able to assist in the prosecution of his attacker - for a warrant to be issued. Thus, at all times, she was acting in her prosecutorial role. And though Defendant sought and successfully obtained the warrant, only the Judge who issued the warrant could recall or cancel it. Accordingly, Plaintiff has no claim against Defendant. Plaintiff claims that District Attorney Paul Howard stated - presumably to Judge Shoob – that the DA's Office orally requested that the Sheriff's Office cancel the warrant (Doc. 1 at 8, ¶ 38). There is no clearly established law that required the DA's Office to do anything other than request that the warrant be cancelled. The DA's Office did so. Therefore, assuming Plaintiff even has a case against the Defendant, Defendant is entitled to absolute immunity.

11

### c. Defendant is entitled to official immunity from Plaintiff's state law claim in her individual capacity.

Defendant is entitled to the protection afforded by official immunity from the state law claim alleged against her in her individual capacity. "State officers and municipal employees are entitled to official immunity from claims by citizens except when they perform ministerial duties negligently or when they act with actual malice in the performance of their official duties." Jones v. Pandey, 390 F. Supp. 2d 1371, 1377 (M.D. Ga. 2005), citing Gilbert v. Richardson, 264 Ga. 744 (1994)). "Negligence is predicated on what should be anticipated, rather than on what happened, because one is not bound to anticipate or foresee and provide against what is unlikely, remote, slightly probable, or slightly possible." Boyd v. Nichols, 616 F. Supp. 2d, 1331, 1347 (M.D. Ga. 2009), citing Hodges v. Putzel Elec. Contractors, Inc., 260 Ga.App. 590, 194 (2003)). "Actual malice means a deliberate intention to do wrong." Jones v. Pandey, 390 F. Supp. 2d at 1377, citing White v. Traino, 244 Ga.App. 208, 2011 (2000)).

Plaintiff has failed to sufficiently assert any set of facts that establish that Defendant should have foreseen or was aware of the possibility that Plaintiff's material witness

warrant would not be cancelled or recalled. As stated above, Plaintiff can point to no law that requires the DA's Office to recall or cancel a warrant. Thus, Defendant could not have been negligent in failing to perform this alleged duty since the law does not place upon Defendant a legal duty to ensure the recall or cancellation of a warrant. Plaintiff has therefore failed to allege that Defendant performed any ministerial duty negligently.

Further, absent evidence of malice, willfulness, or corruption, a public officer is afforded immunity from liability to those who may be injured by the exercise of her discretion in the performance of her official duties. Id. Though Plaintiff accuses Defendant of making false allegations to secure the material witness warrant, Plaintiff acknowledges that the State continued the case when he experienced his cardiac event. (Id. at 5, ¶¶ 17 - 19). Further, even if Plaintiff allegedly continued to remain in contact with the State in spite of his declining health, his simply remaining in contact does not negate the fact that Defendant believed that Plaintiff was trying to avoid testifying at trial. Thus, there is no evidence that Defendant provided false statements to the Judge, and therefore, no evidence of malice. Accordingly, the state law

13

negligence claim alleged against Defendant in her individual capacity must be dismissed as it is barred by official immunity.

## CONCLUSION

For the foregoing reasons, Plaintiff's complaint should be dismissed in its entirety and Defendant's Amended Special Appearance Motion to Dismiss should be GRANTED.

Respectfully submitted, this 28th day of September, 2017.

                                    **OFFICE OF THE COUNTY ATTORNEY**

                                    Patrise Perkins-Hooker
                                    COUNTY ATTORNEY
                                    Georgia Bar No. 572358

                                    Kaye W. Burwell
                                    Deputy County Attorney
                                    Georgia Bar No. 775060

                                    ***/s/ Ashley J. Palmer***
                                    Ashley J. Palmer
                                    Senior Assistant County Attorney
                                    Georgia State Bar No. 603514

**OFFICE OF THE FULTON COUNTY ATTORNEY**
141 Pryor Street, S.W.
Suite 4038
Atlanta, Georgia 30303
(404) 612-0246 (office)
(404) 730-6324 (facsimile)

```
          IN THE UNITED STATES DISTRICT COURT
             NORTHERN DISTRICT OF GEORGIA
                    ATLANTA DIVISION

KIDANEMARIAM KASSA,            )
                               )
     Plaintiff,                )
                               )       CIVIL RIGHTS COMPLAINT
v.                             )       42 U.S.C. §1983
                               )
FULTON COUNTY, GEORGIA,        )       CIVIL RIGHT ACTION NO.
PAUL H. HOWARD, officially &   )       1:17-CV-02068-AT
Individually,                  )
ANTIONETTE STEPHENSON,         )
individually, PIERRE EASLEY,   )
individually, and JOHN DOE,    )
officially & individually,     )
                               )
     Defendants.               )
_____)
```

**CERTIFICATE OF SERVICE**

THIS CERTIFIES that on September 28, 2017, I presented this document in Courier New, 12 point type, and that I have electronically filed the foregoing **BRIEF IN SUPPORT OF DEFENDANT ANTOINETTE STEPHENSON'S AMENDED SPECIAL APPEARANCE MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 12(b)(2), 12(b)(5) AND 12(b)(6)** with the Clerk of Court using the CM/ECF system, and will provide mail notification to the following attorney of record:

```
           Tiffany Williams Roberts
       Tiffany W. Roberts, Attorney at Law
                  Suite 400
             235 Peachtree Street
             Atlanta, Georgia 30303
```

15

This 28th day of September, 2017.

                                    ***/s/ Ashley J. Palmer***
                                    Ashley J. Palmer
                                    Senior Assistant County Attorney
                                    Georgia State Bar No.: 603514

**OFFICE OF THE FULTON COUNTY ATTORNEY**
141 Pryor Street, S.W.
Suite 4038
Atlanta, Georgia 30303
(404) 612-0246 (office)
(404) 730-6324 (facsimile)

16