IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

KIDANEMARIAM KASSA,                )
                                   )
        Plaintiff,                 )
                                   )        CIVIL RIGHTS COMPLAINT
v.                                 )        42 U.S.C. §1983
                                   )
                                   )        CIVIL ACTION NO.
                                   )        1:17-CV-02068-AT
FULTON COUNTY, GEORGIA,            )
PAUL H. HOWARD, officially &       )
Individually,                      )
ANTIONETTE STEPHENSON,             )
individually, PIERRE EASLEY,       )
individually, and JOHN DOE,        )
officially & individually,         )
                                   )
        Defendants.                )
_____   )

**BRIEF IN SUPPORT OF DEFENDANTS FULTON COUNTY, GEORGIA AND FULTON COUNTY DISTRICT ATTORNEY PAUL HOWARD, JR'S MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 12(b)(2), 12(b)(5) AND 12(b)(6)[1]**

COME NOW Defendants Fulton County, Georgia ("Fulton County") and Fulton County District Attorney Paul Howard, Jr. ("DA Howard") (collectively, "Defendants"), by and through undersigned counsel and in DA Howard's official and individual capacity, and files this Brief in support of their Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(2), 12(b)(5) and 12(b)(6), and show this Honorable Court as follows:

---

[1] Defendant Fulton County, Georgia files this motion to dismiss by special appearance only, without waiving the defenses of insufficiency of process, subject matter jurisdiction and venue or submitting itself to the jurisdiction of this Court.

## INTRODUCTION

Plaintiff attempts to assert a 42 U.S.C. § 1983 action based upon the alleged violations of Plaintiff's Fourth and Fourteenth Amendment rights under the United States Constitution. Plaintiff also has a pendent state law claim for negligence. Plaintiff seeks compensatory and nominal damages and attorney's fees and costs.

Plaintiff failed to effectuate proper service of process upon Defendant Fulton County. Therefore, Plaintiff's Complaint should be dismissed. Further, even when viewing this pleading in the light most favorable to Plaintiff, and assuming that all allegations are true, Defendants must prevail because Plaintiff has failed to state a claim upon which relief can be granted.

## FACTUAL AND PROCEDURAL BACKGROUND

### I.   Statement of Facts as Alleged in Plaintiff's Complaint

On April 22, 2014, Plaintiff was the victim of an attempted armed robbery in Fulton County, Georgia. (Doc. 1 at 4, ¶ 15). His attacker was subsequently indicted but was granted a bond in December, 2014 pending trial. (Id. at 4-5, ¶¶ 15, 16). Nearly a year later, as the Fulton County District Attorney's Office ("DA's Office" or "the State") was preparing to try Plaintiff's attacker, Plaintiff, the State's key witness, suffered a

significant cardiac event. (Id. at 5, ¶¶ 17, 18). Plaintiff informed the DA's Office about his medical situation, and as a result, his attacker's trial was continued. (Id. at 5, ¶¶ 18, 19).

Plaintiff contends that despite the decline in his health, he continued to maintain contact with the DA's Office. (Id. at 5, ¶ 20). However, the State took the position that Plaintiff was willfully avoiding subpoena service and obtained a material witness warrant from Judge John Goger on March 18, 2015. (Id. at 5, 7, ¶¶ 21, 31). The DA's Office repeatedly attempted to contact Plaintiff by phone even after obtaining the warrant. (Id. at 6, ¶ 23).

On March 23, 2015, Plaintiff appeared at trial and testified against his attacker. (Id. at 6, ¶ 24). However, even after Plaintiff's testimony and his attacker's conviction, the State allegedly failed to request that the warrant be cancelled or recalled. (Id. at 6, ¶ 25). Nearly three months later, on June 6, 2015, Plaintiff was involved in a motor vehicle accident. (Id. at 7, ¶ 29). The Atlanta Police Department Officer who investigated the accident advised Plaintiff that he had an active warrant and placed him under arrest. (Id. at 7, ¶ 30). The active warrant pursuant to which Plaintiff was

3

arrested was the same material witness warrant that had been issued months before.  (Id. at 7, ¶ 31).

Plaintiff was transported to Grady Memorial Hospital ("Grady") for treatment of injuries sustained in the accident. (Id. at 7, ¶ 32).  Following his release from Grady, Plaintiff was transported to the Fulton County Jail.  (Id. at 7, ¶ 33). However, after experiencing further health related issues, Plaintiff was transported back to Grady for additional treatment.  (Id. at 7, ¶ 36).  On June 12, 2015, Judge Wendy Shoob signed on order mandating Plaintiff's release.  (Id. at 7, ¶ 37).  The order allegedly noted that the DA's Office "failed to cancel the warrant in writing after the witness appeared at trial and testified."  (Id.).  DA Howard allegedly claimed that the DA's Office orally requested that the Fulton County Sheriff's Office cancel the warrant.  (Id. at 8, ¶ 38). Plaintiff allegedly continues to experience health issues, which he blames on an alleged inability to obtain adequate medical care while incarcerated on the material witness warrant.  (Id. at 9, ¶ 42).

## II.  Evidence of Plaintiff's "Service" Upon Defendant

To date, Plaintiff has yet to file evidence of "service" of the summons and complaint upon Defendants.  However, both Fulton

4

County and DA Howard acknowledge that Plaintiff served a copy of the summons and complaint upon the Office of the Fulton County Attorney and the DA's Office, respectively, on September 7, 2017. (Doc. 6 and 9). Defendant Fulton County, however, was not properly served. Thus, Plaintiff did not perfect personal service on Defendant Fulton County.[2]

## ARGUMENT AND CITATION TO AUTHORITY

### I. Plaintiff's Complaint Should Be Dismissed Due to His Failure to Effectuate Proper Service of Process.

Fed.R.Civ.P. 4(c)(1) requires that a defendant be served with a summons and a copy of Plaintiff's complaint. Fed.R.Civ.P. 4(c)(2) and (3) permits a person who is at least 18 years old and not a party to the lawsuit to personally serve the summons and complaint on the defendant or, at the Plaintiff's request, the court may order that a United States marshal or deputy marshal or a person specifically appointed by the court effectuate service. Fed.R.Civ.P. 4(e)(2) allows a Defendant to be served in one of the following ways: (A) by delivering a copy of the summons and complaint to the individual personally; (B) by leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who

---

[2] Though no evidence of "service" has been filed, DA Howard acknowledges that his duly appointed agent was properly served on his behalf.

resides there; or (C) by delivering a copy of each to an agent authorized by appointment or law to receive service of process.

Further, Fed.R.Civ.P. 4(e)(1) provides that "an individual--other than a minor, an incompetent person, or a person whose waiver has been filed--may be served in a judicial district of the United States by: (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]" In Georgia, a complaining party who files suit against a county is required to serve the chairman of the Board of Commissioners or an agent authorized by appointment to receive service of process. O.C.G.A. § 9-11-4(e)(5); see also (Doc. 1 at 3, ¶ 5). A complaint may be subject to dismissal for insufficient service of process. Fed.R.Civ.P. 12(b)(5).

Plaintiff attempted to serve Defendant Fulton County on September 7, 2017 by serving a copy of the summons and complaint upon Patrise Perkins-Hooker, the Fulton County Attorney. Ms. Perkins-Hooker is not authorized to accept service on behalf of either Fulton County or the Chairman of the Board of Commissioners. Therefore, since Plaintiff did not effectuate proper service on Fulton County, his complaint should be dismissed as to the county. Fed.R.Civ.P. 12(b)(5); Profit v.

6

Americold Logistics, LLC, No. 1:07-CV-1920-TWT, 2008 WL 1902190, at *5 (April 25, 2008).

## II. Plaintiff's Complaint Should Be Dismissed Because the Court Lacks Personal Jurisdiction Over Defendant Fulton County.

Generally, where service of process is insufficient, a district court lacks personal jurisdiction over a defendant, and therefore, has no power to render judgment over that defendant. Kelly v. Florida, 233 Fed. Appx. 883, 884 (Jan. 31, 2007) (citing In re Worldwide Web Sys. Inc., 328 F.3d 1291, 1299 (11th Cir. 2003)). As shown above, Plaintiff did not properly effectuate service of process on Defendant Fulton County. Thus, because service of process was insufficient, this Court lacks personal jurisdiction over Defendant pursuant to Fed.R.Civ.P. 12(b)(2).

## III. Plaintiff's Complaint Should Be Dismissed Due to His Failure to State a Claim Upon Which Relief Can Be Granted.

### a. The standard for a motion to dismiss for failure to state a claim.

For purposes of a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint's factual allegations are assumed true and construed in the light most favorable to the plaintiff. See Hardy v. Regions Mortg., Inc., 449 F.3d 1357, 1359 (11th Cir. 2006); M.T.V. v. DeKalb

County School Dist., 446 F.3d 1153, 1156 (11th Cir. 2006).
"However, conclusory allegations, unwarranted deductions of
facts or legal conclusions masquerading as facts will not
prevent dismissal." Oxford Asset Mgmt., Ltd. v. Jaharis, 297
F.3d 1182, 1188 (11th Cir. 2002) (citations omitted). Instead, a
complaint must plead "factual content that allows the court to
draw the reasonable inference that the defendant is liable for the
misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).
Accordingly, a district court may "insist upon some specificity in
[the] pleading before allowing a potentially massive factual
controversy to proceed." Bell Atl. Corp. v. Twombly, 550 U.S.
544, 558 (2007) (quotation marks omitted).

    The court's inquiry at this stage of the proceedings
focuses on whether the challenged pleadings "give the defendant
fair notice of what the...claim is and the grounds upon which it
rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citations
and internal quotation marks omitted). "Regardless of the
alleged facts, however, a court may dismiss a complaint on a
dispositive issue of law." Bernard v. Calejo, 17 F. Supp. 2d
1311, 1314 (S.D. Fla. 1998) (citing Marshall County Bd. of Educ.
v. Marshall County Gas Dist., 992 F.2d 1171, 1174 (11th Cir.
1993) ("Dismissal is appropriate...when, on the basis of a

dispositive issue of law, no construction of the factual allegations will support the cause of action."));  see also  Glover v. Liggett Group, Inc., 459 F.3d 1304, 1308 (11th Cir. 2006); Ague v. Home Depot U.S.A., Inc., 629 F. Supp. 2d 1336, 1350 (N.D. Ga. 2009).

> **b. Defendant Fulton County should be dismissed because it is not the policymaker with respect to any decisions or actions taken by the DA's Office.**

In the landmark case of Monell v. Department of Soc. Servs., 436 U.S. 658 (1978), the United States Supreme Court found that counties are subject to suits for damages under section 1983.  However, the Court made clear that a county cannot be held liable for a section 1983 violation unless the county has a policy or custom which caused the constitutional violation.  Monell, 436 U.S. at 694 ("[I]t is when execution of a government's policy or custom, whether made by its lawmakers or by those who edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983").  Accordingly, for section 1983 liability to attach in this case, there must be a causal connection between Fulton County's responsibilities and the injury suffered by Plaintiff.  Id. at 690.  The causation requirement is met if the county policy is the moving force of

the constitutional violation.  <u>Id.</u> at 694.  In assessing whether a county can be liable under section 1983, "[a] court's task is to 'identify those officials or governmental bodies who speak with policymaking authority for the local governmental actor concerning the action alleged to have caused the particular constitutional or statutory violation at issue.'"  <u>McMillian v. Monroe County</u>, 520 U.S. 781, 784-85 (1997), quoting <u>Jett v. Dallas Ind. Sch. Dist.</u>, 491 U.S. 701, 737 (1989).  Courts have to look to state law to determine who is a policymaker with respect to a particular action or decision.  <u>See Jett</u>, 491 U.S. at 737.

In Georgia, the DA's Office is a legal entity separate from the County.  <u>See</u> Ga. Const. of 1983, Art. VI, Sec. 8, Par. I(a)("There shall be a district attorney for each judicial circuit, who shall be elected circuit-wide for a term of four years."); Ga. Const. art. IX, § 9, ¶I ("Each county shall be a body corporate and politic with such governing authority and with such powers and limitations as are provided in this Constitution and as provided by law.").  The DA's Office serves a state, not a county, function for the judicial circuit the District Attorney is elected to serve.  <u>See</u> <u>Owens v. Fulton County</u>, 977 F.2d 947, 951 (11th Cir. 1989); <u>McClendon v. May</u>, 37

F. Supp. 2d 1371, 1376 (S.D. Ga. 1999).   The Eleventh Circuit has previously held that a Georgia district attorney does not set policy for a particular county, and Plaintiff has failed to connect Fulton County to any of the actions that the DA's Office allegedly failed to take.   See McClendon v. May, 37 F.Supp.2d 1371, 1378 (1999); see also Owens v. Fulton County, 877 F.2d 947, 950-51 (11th Cir. 1989).   Consequently, the District Attorney's nor his office's alleged inaction can be the basis for section 1983 liability against the County, and Fulton County should therefore be dismissed.

### c. Fulton County is entitled to sovereign immunity as to Plaintiff's state law claim.

"The sovereign immunity provided in the Georgia Constitution to the state or any of its departments or agencies also applies to Georgia's counties." Presnell v. Paulding County, Ga., 454 Fed. Appx. 769, 769 (11th Cir. 2011) (citing Gilbert v. Richardson, 264 Ga. 744, 747 (1994)); see also McCobb v. Clayton County, 309 Ga. App. 217, 217 (2011) ("As provided in Georgia's [C]onstitution, sovereign immunity extends to the counties…."). "This sovereign immunity 'can only be waived by an Act of the General Assembly which specifically provides that sovereign immunity is thereby waived and the extent of such waiver.'"   Id. (citing Ga. Const. of 1983, Art. I, Sec. 2, Par.

11

IX(e)); see also O.C.G.A. § 36-1-4 ("A county is not liable to suit for any cause of action unless made so by statute.") "Under Georgia law, sovereign immunity is an immunity from suit, rather than a mere defense to liability, and, therefore, whether a governmental defendant has waived its sovereign immunity is a threshold issue." McCobb, 309 Ga. App. at 217-18. Here, Plaintiff has articulated no such waiver of Fulton County's sovereign immunity. Thus, Fulton County is entitled to sovereign immunity as to Plaintiff's state law claim.

> **d. DA Howard, in his official capacity as an officer of the State, is shielded by Eleventh Amendment Immunity.**

Plaintiff's section 1983 claim against DA Howard in his official capacity is barred as a matter of law because at all pertinent times, he was acting as an arm of the State. "Eleventh Amendment immunity bars suits brought in federal court when the State itself is sued and when an arm of the State is sued." Pellitteri v. Prine, 776 F.3d 777, 779 (11th Cir. 2015), citing Manders v. Lee, 338 F.3d 1304, 1308 (11th Cir. 2003). "To receive Eleventh Amendment immunity, a defendant need not be labeled as a 'state officer' or 'state official,' but instead need only be acting as an 'arm of the State,' which includes agents and instrumentalities of the State." Id. (citation

omitted).   In Georgia, district attorneys are arms of the State.
See McClendon v. May, 37 F.Supp.2d 1371, 1375-76 (1999)(citing
Owens v. Fulton County, 877, F.2d 947, 950 (11th Cir. 1989)).

Under section 1983, neither a State nor its officials
acting in their official capacities are considered "persons" in
suits for damages.  Will v. Michigan Dept. of State Police, 491
U.S. 58, 71 (1989).   Thus, they cannot be held liable under
section 1983.   Likewise, DA Howard, functioning as an arm of the
State, cannot be held liable for money damages for a section
1983 claim against him in his official capacity because he is
not a "person" within the meaning of section 1983. See generally
Grech v. Clayton, Co., 335 F.3d 1326 (11th Cir. 2003).   As a
result, DA Howard, in his official capacity, is afforded
Eleventh Amendment immunity from Plaintiff's section 1983 claim.

> e. **DA Howard, in his official capacity, enjoys sovereign immunity as to Plaintiff's state law claim.**

The doctrine of sovereign immunity bars the state law claim
brought against DA Howard in his official capacity.   "Under the
Georgia Constitution, as amended in 1991, 'sovereign immunity
extends to the state and all of its departments and agencies.'"
Ratliff v. McDonald, 326 Ga.App. 306, 309 (2014) (citations
omitted).   Sovereign immunity protects state officers who are

sued in their official capacities, unless sovereign immunity has been waived.  Ga. Dept. of Natural Resources v. Center for a Sustainable Coast, Inc., 294 Ga. 593, 599 (1994).

Plaintiff has failed to allege that DA Howard's sovereign immunity has been waived.  Thus, the state law claim alleged against him in his official capacity must be dismissed as it is barred by sovereign immunity.

> **f. DA Howard should be dismissed in his individual capacity because not only has Plaintiff failed to state a claim against him, but he enjoys absolute immunity for the section 1983 claim brought against him.**

Traditional common-law immunities for prosecutors apply to civil cases brought under section 1983.  Rehberg v. Paulk, 611 F.3d 828, 837-38 (11th Cir. 2010), citing Imbler v. Pachtman, 424 U.S. 409, 427-28 (1976).   In section 1983 actions, prosecutors have absolute immunity for all activities that are "intimately associated with the judicial phase of the criminal process." Id., quoting Van de Kamp v. Goldstein, 555 U.S. 335 (2009).

"Absolute immunity does not depend entirely on a defendant's job title, but involves a functional approach granting immunity based on conduct." Id. (citation omitted). "This functional approach looks to 'the nature of the function

performed, not the identity of the actor who performed it.'" _Id._, quoting _Buckley v. Fitzsimmons_, 509 U.S. 259, 269 (1993). Accordingly, absolute immunity applies to the prosecutor's actions "in initiating a prosecution and in presenting the State's case," _Imbler_, 424 U.S. at 431; appearances in judicial proceedings, including prosecutorial conduct before grand juries, statements made during trial, examination of witnesses and presentation of evidence in support of a search warrant during a probable cause hearing, _Burns v. Reed_, 500 U.S. 478, 490-92 (1991) and _Kalina v. Fletcher_, 522 U.S. 118, 126 (1997); allegations stemming from the prosecutor's function as advocate, _Jones v. Cannon_, 174 F.3d 1271, 1281 (11th Cir. 1999); and "acts undertaken...in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of [the prosecutor's] role as an advocate for the State." _Id._

However, when a prosecutor functions in a capacity unrelated to his role as an advocate for the state, he is not protected by absolute immunity but enjoys only qualified immunity. _Kalina_, 522 U.S. at 121 (concluding prosecutor was acting as a witness in personally attesting to truth of averments in a "Certification for Determination of Probable Cause" for an arrest warrant and was not absolutely immune for

15

that witness act, but that prosecutor was absolutely immune for preparing and filing an "information charging respondent with burglary and a motion for an arrest warrant"). Thus, a prosecutor functioning essentially as an investigator and performing "the investigative functions normally performed by a detective or police officer" would not enjoy absolute immunity, only qualified immunity. Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993); accord Jones, 174 F.3d at 1281-82 ("Although absolutely immune for actions taken as an advocate, the prosecutor has only qualified immunity when performing a function that is not associated with his role as an advocate for the state.").

Here, Plaintiff has failed to allege anything that DA Howard did other than allegedly state - presumably to Judge Shoob – that the DA's Office orally requested that the Sheriff's Office cancel the warrant (Doc. 1 at 8, ¶ 38). And a section 1983 action cannot rest upon the theory of respondent superior. See Rodriguez v. City of Clermont, 681 F.Supp.2d 1313, 1329 (M.D. Fla. 2009) ("There is no respondeat superior liability under § 1983."), citing Griffin v. city of Opa-Locka, 261 F.3d 1295, 1307 (11th Cir. 2001)). Thus, Plaintiff has no section

1983 claim against Defendant.  Further, even if this Court found that Plaintiff did, DA Howard is entitled to absolute immunity.

> g. **DA Howard is entitled to official immunity from Plaintiff's state law claim in his individual capacity.**

DA Howard is entitled to the protection afforded by official immunity from the state law claim alleged against him in his individual capacity.  "State officers and municipal employees are entitled to official immunity from claims by citizens except when they perform ministerial duties negligently or when they act with actual malice in the performance of their official duties." Jones v. Pandey, 390 F. Supp. 2d 1371, 1377 (M.D. Ga. 2005), citing Gilbert v. Richardson, 264 Ga. 744 (1994)).  "Negligence is predicated on what should be anticipated, rather than on what happened, because one is not bound to anticipate or foresee and provide against what is unlikely, remote, slightly probable, or slightly possible." Boyd v. Nichols, 616 F. Supp. 2d, 1331, 1347 (M.D. Ga. 2009), citing Hodges v. Putzel Elec. Contractors, Inc., 260 Ga.App. 590, 194 (2003)).  "Actual malice means a deliberate intention to do wrong." Jones v. Pandey, 390 F. Supp. 2d at 1377, citing White v. Traino, 244 Ga.App. 208, 2011 (2000)).

17

Plaintiff has failed to sufficiently assert any set of facts that establish that DA Howard should have foreseen or was aware of the possibility that Plaintiff's material witness warrant would not be cancelled or recalled. Thus, Plaintiff has failed to allege that DA Howard performed any ministerial duty negligently. Absent evidence of malice, willfulness, or corruption, a public officer is afforded immunity from liability to those who may be injured by the exercise of his discretion in the performance of his official duties. Id. Plaintiff has not made any assertion that DA Howard acted with malice. Accordingly, the state law negligence claim alleged against him in his individual capacity must be dismissed as it is barred by official immunity.

<u>**CONCLUSION**</u>

For the foregoing reasons, Plaintiff's complaint should be dismissed in its entirety and Defendants' Motion to Dismiss should be GRANTED.

Respectfully submitted, this 28th day of September, 2017.

**OFFICE OF THE COUNTY ATTORNEY**

Patrise Perkins-Hooker
COUNTY ATTORNEY
Georgia Bar No. 572358

Kaye W. Burwell
Deputy County Attorney

18

Georgia Bar No. 775060

**/s/ Ashley J. Palmer**
Ashley J. Palmer
Senior Assistant County Attorney
Georgia State Bar No. 603514

**OFFICE OF THE FULTON COUNTY ATTORNEY**
141 Pryor Street, S.W.
Suite 4038
Atlanta, Georgia 30303
(404) 612-0246 (office)
(404) 730-6324 (facsimile)

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

KIDANEMARIAM KASSA,      )
                             )
     Plaintiff,        )
                             )      CIVIL RIGHTS COMPLAINT
v.                        )      42 U.S.C. §1983
                             )
                           )      CIVIL ACTION NO.
                           )      1:17-CV-02068-AT
FULTON COUNTY, GEORGIA,   )
PAUL H. HOWARD, officially & )
Individually,           )
ANTIONETTE STEPHENSON,     )
individually, PIERRE EASLEY, )
individually, and JOHN DOE,  )
officially & individually,  )
                           )
     Defendants.        )
_____)

### CERTIFICATE OF SERVICE

THIS CERTIFIES that on September 28, 2017, I presented this document in Courier New, 12 point type, and that I have electronically filed the foregoing **BRIEF IN SUPPORT OF DEFENDANT FULTON COUNTY, GEORGIA AND DISTRICT ATTORNEY PAUL HOWARD, JR'S MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 12(b)(2), 12(b)(5) AND 12(b)(6)** with the Clerk of Court using the CM/ECF system, and will provide mail notification to the following attorney of record:

Tiffany Williams Roberts
Tiffany W. Roberts, Attorney at Law
Suite 400
235 Peachtree Street
Atlanta, Georgia 30303

This 28TH day of September, 2017.

*/s/ Ashley J. Palmer*
Ashley J. Palmer
Senior Assistant County Attorney
Georgia State Bar No.: 603514

**OFFICE OF THE FULTON COUNTY ATTORNEY**
141 Pryor Street, S.W.
Suite 4038
Atlanta, Georgia 30303
(404) 612-0246 (office)
(404) 730-6324 (facsimile)