# UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA ATLANTA DIVISION

| | |
|---|---|
| KIDANEMARIAM KASSA, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | ) CIVIL ACTION FILE NO.<br>)<br>) 1:17-CV-02068-AT |
| FULTON COUNTY, GEORGIA,<br>PAUL H. HOWARD, officially &<br>individually,<br>ANTIONETTE STEPHENSON,<br>individually,<br>PIERRE EASLEY, individually, and<br>JOHN DOE, officially & individually, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) JURY TRIAL REQUESTED<br>)<br>) |
| Defendants. | )<br>) |

## COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF

COMES NOW PLAINTIFF KIDANEMARIAM KASSA ("Mr. Kassa"), within the time requirements provided by law, and files this FIRST AMENDED COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF against Defendants pursuant to 42 U.S.C. §1983, and under Georgia law, against the individual defendants. This action arises from the unlawful arrest of Mr. Kassa, which violated the Fourth and Fourteenth Amendments to the United States Constitution, the Constitution of the State of Georgia and pursuant to the negligent breach of a ministerial duty by Fulton County and its agents.

1

## NATURE OF THE CASE

1. Kidanemariam Kassa, the victim of a 2014 robbery in Fulton County, was wrongfully arrested as a proximate result of the Fulton County District Attorney and/or Sheriff failing to formally request that the appropriate judicial officer recall or cancel a material witness warrant for his arrest after he voluntarily testified at trial. In addition, the material witness warrant was secured by presenting false sworn testimony to a judge that Mr. Kassa was avoiding subpoena service. Mr. Kassa seeks monetary damages, attorney's fees and costs and a trial by jury.

## PARTIES

2. Plaintiff Kidamenariam Kassa ("Mr. Kassa") resides in the State of Georgia and is entitled to assert claims of this kind and nature.

3. Fulton County, Georgia ("Fulton County") is a local subdivision of the State of Georgia and a body corporate organized and existing under the Constitution of the State of Georgia. GA. CONST. ART. 9, § 1 ,1; 0.C.G.A. § 36-1-3.

4. The governmental structure of Fulton County includes a Chief Commissioner charged with running the day-to-day operations of the County

and a Board of Commissioners ("Fulton BOC") that functions as the governing body for Fulton County.

5. Fulton County may be served with process through Robert "Bob" Ellis, Vice-Chair of the BOC of Fulton County at 141 Pryor Street, Atlanta, Georgia.  O.C.G.A. § 36-1-5.  Mr. Ellis is the sitting chairperson as the elected chair, John Eaves, resigned from his seat to run for another political office.

6. Mr. Kassa sues the County under 42 U.S.C. § 1983, alleging that the County has violated the Due Process clause of the 14th Amendment and the 4th Amendment to the United States Constitution by maintaining customs and policies that caused the deprivations of liberty suffered by Mr. Kassa.

7. Defendant Paul Howard ("Howard") is the District Attorney and Chief prosecuting officer employed by the County and served in this capacity when the events described in this complaint occurred.  Howard is subject to the jurisdiction of this Court.

8. Defendant Antionette Stephenson ("Stephenson") was the Assistant District Attorney responsible for the day-to-day responsibilities associated with the criminal action that gave rise to the wrongful arrest of Mr. Kassa.  She is

subject to the jurisdiction of this Court and under the direct supervision of Defendant Howard.

9. Defendant Investigator Pierre Easley ("Easley") is or was an investigator employed by the County and under the direct supervision and/or instruction of Defendants Howard and Stephenson when the events described in this complaint occurred. Defendant Easley is subject to the jurisdiction of this Court.

10. Defendant John Doe ("Doe") is or was a deputy sheriff employed by the County when the events described in this complaint occurred. Defendant Doe is subject to the jurisdiction of this Court.

## VENUE

11. All acts or omissions alleged by Mr. Kassa in this complaint occurred in Fulton County, Georgia, and therefore venue is proper.

## JURISDICTION

12. This Court has subject matter jurisdiction over these claims.

13. Mr. Kassa has satisfied the ante litem notice contemplated by O.C.G.A. § 36-33-5(b).

14. Attorney's fees are authorized by O.C.G.A. § 13-6-11.

# FACTS

Underlying Criminal Prosecution

15. On April 22, 2014, Mr. Kassa was the victim of an attempted armed robbery in Fulton County, Georgia as he drove his taxi cab in Downtown Atlanta. His attacker Jarvis Taylor ("Mr. Taylor") was prosecuted pursuant to Fulton County Superior Court Indictment Number 14SC126099.

16. On December 5, 2014, Mr. Taylor was granted a bond which caused Mr. Kassa to understandably experience a significant amount of anxiety and fear.

17. The Office of the Fulton County District Attorney provided little to no services to Mr. Kassa in the wake of his victimization.

18. Nearly a year later, the Fulton County District Attorney prepared to try Mr. Taylor for the attack on Mr. Kassa.

19. Around the same period of time that the District Attorney was preparing for trial, Mr. Kassa suffered a significant cardiac event and properly informed the District Attorney's office of his physical impairment.

20. The trial of Mr. Kassa's alleged assailant was continued to a later date.

21. Mr. Kassa's health continued to decline; nevertheless, he attempted to keep the Office of the District Attorney aware condition through telephone conversations.

22. The Office of the District Attorney's practice was to contact Mr. Kassa only when trial was imminent and not to extend assistance through any victim's assistance programs.

23. Unbeknownst to Mr. Kassa, Defendant Stephenson, presented false testimony of Defendant Easley to obtain a material witness warrant for Mr. Kassa by falsely alleging to Judge John J. Goger that Mr. Kassa was willfully avoiding subpoena service.

24. At no point did Mr. Kassa willfully avoid subpoena service.

25. At no point did the Office of the District Attorney or its agents attach Mr. Kassa.

26. Mr. Kassa, after being confused by a great deal of hostile threats lodged by Defendant Easley, obtained the representation of an attorney to accompany him to trial to ensure that he fully complied with the law.

27. Mr. Kassa voluntarily appeared at trial on March 23, 2015 and assisted the prosecution in obtaining the conviction of his attacker.

28. At no point during or after Mr. Kassa's testimony did Defendant Stephenson request that the appropriate judicial officer cancel or recall the warrant for Mr. Kassa's arrest.

29. At no point during or after Mr. Kassa's testimony did Defendant Easley request that the appropriate judicial officer cancel or recall the warrant for Mr. Kassa's arrest.

30. Defendants Easley additionally failed to request that the Fulton County Sheriff recall or cancel the active warrant for Mr. Kassa's arrest.

31. Easley, the warrant application affiant, had a duty to request that the warrant be recalled or cancelled.

32. Defendant Stephenson additionally failed to request that the Fulton County Sheriff recall or cancel the active warrant for Mr. Kassa's arrest.

33. Defendant Stephenson, the warrant applicant, had a duty to request that the material witness warrant for Mr. Kassa be cancelled or recalled.

34. Neither Defendant Easley nor Defendant Stephenson took any meaningful steps whatsoever to ensure that the appropriate authorities cancel or recall the active warrant for Mr. Kassa's arrest.

35. The act of requesting that a warrant be cancelled or recalled is a ministerial duty.

36. As a result of this ministerial failure, Mr. Kassa—who was unaware that any warrant had been obtained for his arrest at all—left the Fulton County Courthouse under the continuing threat of arrest.

Automobile Accident & Arrest

37. On the evening of June 6, 2015 while driving, Mr. Kassa was struck by another driver in Atlanta, Fulton County, Georgia.  Mr. Kassa was not cited and was not the at-fault driver.

38. After citing the at-fault driver, the citing Atlanta Police Department Officer advised Mr. Kassa that he had to be placed under arrest due to an active warrant.

39. The active warrant pursuant to which Mr. Kassa was arrested was the material witness warrant issued by Judge John Goger on March 18, 2015.

40. Mr. Kassa sustained significant physical injuries as a result of the accident and was transported to Grady Memorial Hospital Detention Division.

Incarceration and Lack of Medical Attention

41. After receiving treatment at Grady Memorial Hospital Detention Division, Mr. Kassa was transferred to the Fulton County Jail.

42. While in jail, he experienced additional health crises that could not be adequately treated by jail staff.

43. After imploring Fulton County jail staff for assistance for hours, Mr. Kassa was transported back to Grady Memorial Hospital Detention.

44. While being treated, Mr. Kassa learned that he had suffered a blood clot and other complications due to lack of being treated by jail staff and that prolonged neglect could have resulted in his death.

45. On June 12, six days after his arrest, Judge Wendy Shoob signed an order mandating Mr. Kassa's release. Judge Shoob's order also noted that the District Attorney, "failed to cancel the warrant in writing after the witness appeared at trial and testified." Mr. Kassa's supposed unwillingness to testify at trial was the singular basis for Defendant Stephenson applying for, and Defendant Easley testifying in favor of, the warrant.

46. Defendant Howard claims that Defendant Easley orally requested that the Sheriff cancel Mr. Kassa's arrest warrant.

47. There is no allegation that any Defendant requested that the proper judicial officer cancel or recall the warrant for Mr. Kassa's arrest.

48. If such a request was made by Defendant Easley or Defendant Stephenson, then the failure to cancel the warrant was a result of negligence on the part of Defendant Doe, also an employee of Fulton County.

49. The failure to cancel the warrant constitutes the failure to fulfill a ministerial duty.

50. The failure to perform this critical ministerial duty resulted in the loss of Mr. Kassa's liberty which consequently threatened Mr. Kassa's life.

51. Mr. Kassa has continued to experience health issues stemming from his inability to obtain adequate medical care while wrongfully incarcerated.

## COUNT 1

### Denial of Due Process, Malicious Prosecution & Illegal Seizure

52. Mr. Kassa realleges each fact set out in paragraphs 1 through 51.

53. Mr. Kassa never refused to appear at trial to testify against Mr. Taylor.

54. Mr. Kassa never refused contact from any agent or employee of the Fulton County District Attorney's Office.

55. Mr. Kassa received little to no assistance from the Fulton County District Attorney leading up to trial in the way of education, trial preparation and protection.

56. Defendants Easley and Stephenson, on March 18, 2015, appeared before Hon. Judge John Goger and willfully presented false information regarding Mr. Kassa's willingness to testify at trial.

57. The false information knowingly presented by Defendants Easley and Stephenson permitted them to avoid requirements of properly serving Mr. Kassa with a subpoena to appear at trial.

58. The false sworn testimony resulted in Judge Goger granting a material witness for Mr. Kassa's arrest.

59. Defendants Stephenson and Easley failed to request that the appropriate judicial officer cancel the material witness warrant once Mr. Kassa had testified at trial.

60. The actions of Defendants Easley and Stephenson proximately caused the arrest of Mr. Kassa, rendering them individually liable for damages related to malicious prosecution, illegal seizure and false arrest.

61. The actions of Defendants Easley and Stephenson are part of a larger policy or practice within the Fulton County District Attorney's Office of securing material witness warrants without properly serving witnesses with subpoenas and/or communicating with witnesses prior to trial.

62. Other instances in which the Fulton County District Attorney's Office has sought or positioned itself to seek material witness warrants in lieu of effectuating proper subpoena service and/or communicating with witnesses includes but is not limited to:

a. Fulton County Superior Court Indictment Number 16SC140704, re-indicted as 17SC150105, State vs. Dominique Carter. In this case, material witness warrant issued for witness Corinthia Harris.

b. Fulton County Superior Court Indictment Number 16SC144201, State vs. Jerrell Mathis. In this case, the State applied for and obtained a material witness warrant for witness Dymond Stewart.

c. Fulton County Superior Court Indictment 16SC146546, State v. Zachery Hopkins. In this case, the State applied for a material witness warrant for witness Linda Clemons for the purpose of securing the appearance of a minor witness who had not avoided service.

d. A proceeding before Judge Wendy Shoob of unknown indictment number in which the District Attorney's Office sought and obtained a material witness warrant for a woman who had given birth near the time that the case of interest was called to trial. Because of her incarceration, the witness was unable to nurse her newborn and suffered medical complications.

63. This policy or practice of seeking material witness warrants for witnesses whom had not been properly subpoenaed, were cooperating with the State or whom the State had failed to communicate with, violated Mr. Kassa's rights

pursuant to the Due Process clause of the 14th Amendment and the 4th Amendment to the United States Constitution by maintaining customs and policies that caused the deprivations of liberty suffered by Mr. Kassa, thereby giving rise to this claim under 42 U.S.C. §1983 against Defendants Howard, Easley & Stephenson.

64. As District Attorney, Defendant Howard is the policy-maker who instructs and requires his staff to comply with this policy or practice.

65. At all times relevant, Defendants Stephenson and Easley were acting in accordance with the policies as set forth by Defendant Howard.

## COUNT 2

### Negligence: Breach of Ministerial Duties

66. Mr. Kassa realleges each fact set forth in paragraphs 1 through 65 of this complaint and incorporates them here by reference.

67. Defendants Easley & Stephenson had a ministerial duty to request that the appropriate judicial officer cancel or recall the active warrant for Mr. Kassa's arrest.

68. Once Mr. Kassa fulfilled his duty to testify and the criminal action at issue was fully adjudicated, no employee or agent of the State possessed

discretion to leave the warrant in active status after his testimony had been secured.

69. Defendants' failure to formally request that the appropriate judicial officer recall or cancel the warrant for Mr. Kassa's arrest constituted gross negligence and a breach of a ministerial duty.

70. Defendants breached this duty resulted in a deprivation of liberty interests protected by the Georgia Constitution's due process guarantees. See Ga. Const. Art. I, § I, III & XIII.

71. The negligent failure by Defendants Stephenson & Easley to perform their ministerial duties was the proximate cause of the unlawful arrest and prolonged detention of Mr. Kassa.

72. As a result of the defendants' negligent acts and omissions, Mr. Kassa has suffered emotional, physical, mental and financial injury, entitling him to recover compensatory against the defendants in an amount to be determined by the enlightened conscience of the jury.

## COUNT 3

Attorney's Fees

73. Mr. Kassa realleges each fact set forth in paragraphs 1 through 72 of this complaint and incorporates them here by reference.

74. By their acts and omissions specified above, as well as other conduct, the defendants have acted in bad faith, have been stubbornly litigious and have caused Mr. Kassa unnecessary trouble and expense.

75. Mr. Kassa is entitled to recover his actual expenses of litigation, including attorney's fees, from the defendants.

WHEREFORE, MR. KASSA RESPECTFULLY REQUESTS the following relief:

(a) That the Court award Mr. Kassa compensatory and nominal damages against the named defendants in an amount to be determined by the enlightened conscience of an impartial jury;

(b) That the Court grant Mr. Kassa his reasonable costs and attorney's fees in bringing this action in an amount to be determined at trial;

(c) That Mr. Kassa be granted a trial by jury on all issues so triable; and

(d) That Mr. Kassa be granted such other and further relief as this Court deems just and proper.

Respectfully submitted this 16th day of October, 2017.

/S/TIFFANY WILLIAMS ROBERTS
**Tiffany Williams Roberts**
Bar No. 791208
235 Peachtree Street, Suite 400
Atlanta, Georgia 30303
(404) 287-2090 – telephone
(678) 965-1790 –facsimile
troberts@tiffanywroberts.com

## CERTIFICATION

Counsel for Plaintiff certifies that the foregoing Complaint complies with the font and point size requirements of Local Rule 5.1 (C).

**/S/TIFFANY WILLIAMS ROBERTS**
**Tiffany Williams Roberts**
Bar No. 791208
191 Peachtree Street, Suite 3300
Atlanta, Georgia 30303
(404) 287-2090 (t); (678) 965-1790 (f)
troberts@tiffanywroberts.com

**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **KIDANEMARIAM KASSA,** )<br>)<br>    Plaintiff,                                          )<br>)<br>vs.                                                        )<br>)<br>**FULTON COUNTY, GEORGIA,**      )<br>**PAUL H. HOWARD, officially &**  )<br>**individually,**                                  )<br>**ANTIONETTE STEPHENSON,**     )<br>**individually,**                                  )<br>**PIERRE EASLEY, individually, and** )<br>**JOHN DOE, officially & individually,** )<br>)<br>    **Defendants.**                                  )<br>)   | **CIVIL ACTION FILE NO.**<br><br>**1:17-CV-02068-AT**<br><br><br><br>**JURY TRIAL REQUESTED** |

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 16, 2017, I have electronically filed the foregoing PLAINTIFF'S FIRST AMENDED COMPLAINT with the Clerk of Court using the CM/ECF system which will provide electronic notification to the following attorney of record:

**Ashley J. Palmer
OFFICE OF THE FULTON COUNTY ATTORNEY
141 Pryor Street, S.W., Suite 4038
Atlanta, Georgia 30303
(404) 612-0246 (office); (404) 730-6324 (facsimile)**

17

This the 16th day of October, 2017.

                                          **/S/TIFFANY WILLIAMS ROBERTS**
                                          **Tiffany Williams Roberts**
                                          Bar No. 791208
                                        235 Peachtree Street, Suite 400
                                        Atlanta, Georgia 30303
                                        (404) 287-2090 – telephone
                                        (678) 965-1790 –facsimile
                                        troberts@tiffanywroberts.com