# UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| KIDANEMARIAM KASSA, | |
| Plaintiff, | |
| vs. | CIVIL ACTION FILE NO. |
| | 1:17-CV-02068-AT |
| FULTON COUNTY, GEORGIA, PAUL H. HOWARD, officially & individually, ANTIONETTE STEPHENSON, individually, PIERRE EASLEY, individually, and JOHN DOE, officially & individually, | JURY TRIAL REQUESTED |
| Defendants. | |

**BRIEF IN SUPPORT OF PLAINTIFF'S RESPONSE TO DEFENDANT ANTOINETTE STEPHENSON'S SPECIAL APPEARANCE MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 12(b) (2), 12 (b) (5) AND (12 (b) (6)**

COMES NOW PLAINTIFF KIDADEMARIAM KASSA ("Plaintiff") and by and through his undersigned counsel of record and files this BRIEF IN SUPPORT OF PLAINTIFF'S RESPONSE TO DEFENDANT ANTOINTETTE STEPHENSON'S SPECIAL APPEARANCE MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 12(b) (2), 12 (b) (5) AND (b) (6), and shows this Honorable Court as follows:

1

I.    **FACTUAL & PROCEDURAL BACKGROUND**

**A. Factual Background.**

Plaintiff Kidanemariam Kassa was the victim of a robbery in Atlanta, Fulton County Georgia on March 17. 2014. (Doc. 1 at 4, ¶ 15). Nearly a year later and without having provided Mr. Kassa with assistance and services, the Office of the Fulton County District Attorney began to contact Mr. Kassa to ensure his presence at trial. (Id. at 5, ¶ 17). Despite ongoing health issues, Mr. Kassa made his best efforts to cooperate with the effort to prosecute his attacker. (Doc. 1 at 5, ¶ 22). On March 18, 2015 Defendant Antoinette Stephenson applied for and obtained a material witness warrant for Mr. Kassa, using the false allegations of Defendant Pierre Easley. (Id. at 5, ¶ 21). Mr. Kassa ultimately appeared at trial with an attorney and assisted the District Attorney in obtaining a conviction for his attacker. (Id. at 6, ¶ 24). Despite this, neither Defendant Stephenson nor Defendant Easley took any action whatsoever to have an appropriate person cancel the warrant for Mr. Kassa's arrest. (Id. at 6, ¶ 27).

Mr. Kassa was arrested after being hit by another driver on June 6, 2017. Upon speaking with the Atlanta Police Department and being ultimately transferred to the hospital, Mr. Kassa was placed under arrest on the material witness warrant obtained by Defendants Stephenson & Easley. (Id. at 7, ¶ 27-32).

Mr. Kassa spent several days in the custody of the Fulton County Sheriff. He was transferred to the Grady Hospital Detention center after suffering a cardiac event at the jail. Mr. Kassa's family retained an attorney and was released from custody pursuant to Judge Wendy Shoob's order issued July 12, 2015. (Id. at 8, ¶ 37).

The practice of obtaining material witness warrants for victims when subpoena service has not been properly perfected is a policy of the Fulton County District Attorney's Office. (Id. at 10, ¶ 52).

### B. Procedural Background.

Plaintiff filed his complaint on June 6, 2017. (Doc. 1). On Motion from the Plaintiff, this Court granted Defendant an extension for time to serve Defendants until October 7. 2017. (Doc. 11).

According to the Return of Service, Defendant Stephenson was served at her residence on September 5, 2017 by leaving a copy of the Complaint & Summons with Antonio Stephenson, who represented to process server Roosevelt Watt that he lived at the residence. (Doc. 20). Mr. Watt represents that Defendant Stephenson, who was identified by using photographs, watched him leave the Complaint with Antonio Stephenson. Plaintiff has filed an executed return of service for the Complaint served on Defendant Stephenson.

Defendant Stephenson filed her Special Appearance Motion to Dismiss and disputes that the Complaint was left in the presence of Antoinette Stephenson with someone who lives in her home, and instead represents that it was left with her mother who was visiting from another state.  Defendant has filed no evidence to substantiate her claim that service was not effective.

## II.   Argument & Citation of Authority

### A. Plaintiff Effectuated Proper Service of Process on Defendant Stephenson

Fed.R.Civ.P. 4 (c)(1) requires that a plaintiff serve a defendant with a copy of the Complaint and Summons in a civil action.  A plaintiff may serve a defendant by having a person of at least 18 years of age who is not party to the lawsuit, leave a copy of the Complaint and Summons at the defendant's place of usual abode with someone of suitable age and discretion who resides there. Fed.R.Civ.P. 4.  A Return of Service may be filed as evidence of service of process.  A certified return is regarded as "evidence of a high order," and can only be set aside upon evidence which is not only clear and convincing, but the strongest of which the nature of the

case will admit. Denham v. Jones, 96 Ga. 130, 132, 23 S.E. 78 (Apr. 15, 1895). An entry of service imports verity. Rupee v. Mobile Home Brokers, 124 Ga.App. 86, 88, 183 S.E.2d 34 (Jun. 21, 1971).  In the absence of contradictory evidence, a trial may accept a certificate of service as proof of personal service.  See Adams v. C. & S. Nat. Bank, 132 Ga.App. 622, 623(2), 208 S.E.2d 628 (Sept. 20, 1974).

Defendant Stephenson claims that the Complaint was left with her mother, who does not reside at her residence but presents no evidence to substantiate this allegation.  The sworn Return of Service for Defendant Stephenson reflects that the Complaint and Summons were instead given to Antonio Stephenson, a person of suitable age, who represented to the process server that he lived at the residence. Process server Roosevelt Watt offers further that Defendant Stephenson, though hesitant to open the door, witnessed the Complaint and Summons being given to Antonio Stephenson for her.  Absent evidence to the contrary, Plaintiff's Return of Service is sufficient to establish effective service of process on Defendant Stephenson.

### B. The Court Does Not Lack Personal Jurisdiction

Defendant Stephenson contends that because of insufficient service of process, the Court lacks personal jurisdiction.  Kelly v. Florida, 233 Fed. Appx. 883, 884

(Jan. 31, 2007). Service of process was sufficient, as shown above; therefore, this Court does have personal jurisdiction over Defendant Stephenson pursuant to Fed.R.Civ.P. 12 (b) (2).

## III. Defendant's Argument Regarding Plaintiff's Alleged Failure to State a Claim is Moot due to Plaintiff Filing Amended Complaint

Plaintiff filed his Amended Complaint on October 16, 2017. Because Defendant Stephenson's motion asks that this action be dismissed based on allegations and argument made in the original Complaint, her argument for dismissal is rendered moot.

## IV. Conclusion

For the foregoing reasons, Plaintiff's Complaint should not be dismissed and Defendant Stephenson's Special Appearance Motion to Dismissed should be DENIED.

Respectfully submitted this 27th day of October, 2017.

/S/TIFFANY WILLIAMS ROBERTS
**Tiffany Williams Roberts**
Bar No. 791208
235 Peachtree Street, Suite 400
Atlanta, Georgia 30303
(404) 287-2090 – telephone
(678) 965-1790 –facsimile

troberts@tiffanywroberts.com

CERTIFICATION

Counsel for Plaintiff certifies that the foregoing Complaint complies with the font and point size requirements of Local Rule 5.1 (C).

/S/TIFFANY WILLIAMS ROBERTS
**Tiffany Williams Roberts**
Bar No. 791208
191 Peachtree Street, Suite 3300
Atlanta, Georgia 30303
(404) 287-2090 (t); (678) 965-1790 (f)
troberts@tiffanywroberts.com

# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **KIDANEMARIAM KASSA,** )<br>)<br>   Plaintiff, )<br>) <br>vs. )<br>) <br>**FULTON COUNTY, GEORGIA,** )<br>**PAUL H. HOWARD, officially &** )<br>**individually,** )<br>**ANTIONETTE STEPHENSON,** )<br>**individually,** )<br>**PIERRE EASLEY, individually, and** )<br>**JOHN DOE, officially & individually,** )<br>) <br>   Defendants. )<br>) | **CIVIL ACTION FILE NO.**<br><br>**1:17-CV-02068-AT**<br><br><br><br>**JURY TRIAL REQUESTED** |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 27, 2017, I have electronically filed the foregoing PLAINTIFF'S RESPONSE TO DEFENDANT STEPHENSON'S SPECIAL APPEARANCE MOTION TO DISMISS & BRIEF IN SUPPORT with the Clerk of Court using the CM/ECF system which will provide electronic notification to the following attorney of record:

**Ashley J. Palmer**
**OFFICE OF THE FULTON COUNTY ATTORNEY**
**141 Pryor Street, S.W., Suite 4038**
**Atlanta, Georgia 30303**
**(404) 612-0246 (office); (404) 730-6324 (facsimile)**

This the 27th day of October, 2017.

                **/S/TIFFANY WILLIAMS ROBERTS**
                **Tiffany Williams Roberts**
                Bar No. 791208
                235 Peachtree Street, Suite 400
                Atlanta, Georgia 30303
                (404) 287-2090 – telephone
                (678) 965-1790 –facsimile
                troberts@tiffanywroberts.com