**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

KIDANEMARIAM KASSA,            )
                               )
        Plaintiff,             )
                               )         CIVIL RIGHTS COMPLAINT
v.                             )         42 U.S.C. §1983
                               )
                               )         CIVIL ACTION NO.
                               )         1:17-CV-02068-AT
FULTON COUNTY, GEORGIA,        )
PAUL H. HOWARD, officially &   )
Individually,                  )
ANTIONETTE STEPHENSON,         )
individually, PIERRE EASLEY,   )
individually, and JOHN DOE,    )
officially & individually,     )
                               )
        Defendants.            )
_____)

**BRIEF IN SUPPORT OF DEFENDANTS FULTON COUNTY, GEORGIA, DISTRICT ATTORNEY PAUL HOWARD, ASSISTANT DISTRICT ATTORNEY ANTOINETTE STEPHENSON, INVESTIGATOR PIERRE EASLEY AND JOHN DOE'S MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 12(b)(1) and 12(b)(6)**

COME NOW Defendants Fulton County, Georgia, District Attorney Paul Howard, Assistant District Attorney Antoinette Stephenson, Investigator Pierre Easley and John Doe[1] ("Defendants"), by and through undersigned counsel, and file this Brief in support of their Motion to Dismiss Plaintiff Kidanemariam Kassa's First Amended Complaint for Damages and

_____

[1] Defendant John Doe files this motion to dismiss by special appearance only, without waiving the defenses of insufficient process, insufficiency of service of process, personal jurisdiction, subject matter jurisdiction and venue or submitting him or herself to the jurisdiction of this Court.

Declaratory Relief Pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6), and show this Honorable Court as follows:

## INTRODUCTION

Plaintiff attempts to assert a 42 U.S.C. § 1983 action based upon Fourth and Fourteenth Amendment claims for malicious prosecution, illegal seizure and false arrest. Plaintiff also has a pendant state law claim for negligent breach of ministerial duties. Plaintiff seeks compensatory and nominal damages and attorney's fees and costs.

When viewing this pleading in the light most favorable to Plaintiff, and assuming that all allegations are true, Defendants must prevail because Plaintiff has failed to state a claim upon which relief can be granted against them.

## FACTUAL AND PROCEDURAL BACKGROUND

### I.   Statement of Facts as Alleged in Plaintiff's Complaint

On April 22, 2014, Plaintiff was the victim of an attempted armed robbery in Fulton County, Georgia. (Doc. 18 at 5, ¶ 15). His attacker was subsequently indicted but was granted a bond in December, 2014 pending trial. (Id. at 5, ¶¶ 15, 16). Nearly a year later, as the Fulton County District Attorney's Office ("DA's Office" or "the State") was preparing to try Plaintiff's attacker, Plaintiff, the State's key witness, suffered a

2

significant cardiac event. (Id. at 5, ¶¶ 18, 19). Plaintiff informed the DA's Office about his medical situation, and as a result, his attacker's trial was continued. (Id. at 5, ¶¶ 19, 20).

Plaintiff contends that despite the decline in his health, he continued to maintain contact with the DA's Office. (Id. at 6, ¶ 21). However, the State took the position that Plaintiff was willfully avoiding subpoena service, and with Defendant Easley's testimony, obtained a material witness warrant from Judge John Goger. (Id. at 6, ¶¶ 23). Defendant Easley continued to contact Plaintiff even after obtaining the warrant. (Id. at 6, ¶ 26).

On March 23, 2015, Plaintiff appeared at trial and testified against his attacker. (Id. at 6, ¶ 27). However, even after Plaintiff's testimony and his attacker's conviction, the State allegedly failed to request that the warrant be cancelled or recalled. (Id. at 7, ¶¶ 28-30, 32, 34). Two weeks later, on June 6, 2015, Plaintiff was involved in a motor vehicle accident. (Id. at 8, ¶ 37). The Atlanta Police Department Officer who investigated the accident advised Plaintiff that he had an active warrant and placed him under arrest. (Id. at 8, ¶ 38). The active warrant pursuant to which Plaintiff was

arrested was the same material witness warrant that had been issued by Judge Goger on March 18, 2015. (Id. at 8, ¶ 39).

Plaintiff was transported to Grady Memorial Hospital ("Grady") for treatment of injuries sustained in the accident. (Id. at 8, ¶ 40). Following his release from Grady, Plaintiff was transported to the Fulton County Jail. (Id. at 8, ¶ 41). However, after experiencing further health related issues, Plaintiff was transported back to Grady for additional treatment. (Id. at 8-9, ¶¶ 42-43). On June 12, 2015, Judge Wendy Shoob signed on order mandating Plaintiff's release. (Id. at 9, ¶ 45). The order allegedly noted that the DA's Office "failed to cancel the warrant in writing after the witness appeared at trial and testified." (Id.). Defendant Howard asserted that the DA's Office orally requested that the Fulton County Sheriff's Office cancel the warrant. (Id. at 9, ¶ 46). Plaintiff allegedly continues to experience health issues, which he blames on an alleged inability to obtain adequate medical care while incarcerated on the material witness warrant. (Id. at 10, ¶ 51).

## ARGUMENT AND CITATION TO AUTHORITY

**I.   Plaintiff's Complaint Should Be Dismissed Due to Lack of Subject Matter Jurisdiction and His Failure to State a Claim Upon Which Relief Can Be Granted.**

    **a. The standard for a motion to dismiss for lack of subject matter jurisdiction.**

A complaint must be dismissed per Federal Rule of Civil Procedure 12(b)(1) if it fails to allege facts that establish subject matter jurisdiction.  See <u>McElmurrary v. Consolidated Govt. of Augusta-Richmond Co.</u>, 501 F.3d 1244 (11th Cir. 2007). When considering a facial attack on subject matter jurisdiction under Rule 12(b)(1), the court determines whether Plaintiff has sufficiently alleged a basis of subject matter jurisdiction and the allegations of the complaint are taken as true for purposes of the motion. <u>Id.</u> at 1251.

    **b. The standard for a motion to dismiss for failure to state a claim.**

For purposes of a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint's factual allegations are assumed true and construed in the light most favorable to the plaintiff. See <u>Hardy v. Regions Mortg., Inc.,</u> 449 F.3d 1357, 1359 (11th Cir. 2006); <u>M.T.V. v. DeKalb County School Dist.,</u> 446 F.3d 1153, 1156 (11th Cir. 2006). "However, conclusory allegations, unwarranted deductions of

facts or legal conclusions masquerading as facts will not prevent dismissal." Oxford Asset Mgmt., Ltd. v. Jaharis, 297 F.3d 1182, 1188 (11th Cir. 2002) (citations omitted). Instead, a complaint must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Accordingly, a district court may "insist upon some specificity in [the] pleading before allowing a potentially massive factual controversy to proceed." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 558 (2007) (quotation marks omitted).

The court's inquiry at this stage of the proceedings focuses on whether the challenged pleadings "give the defendant fair notice of what the...claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citations and internal quotation marks omitted). "Regardless of the alleged facts, however, a court may dismiss a complaint on a dispositive issue of law." Bernard v. Calejo, 17 F. Supp. 2d 1311, 1314 (S.D. Fla. 1998) (citing Marshall County Bd. of Educ. v. Marshall County Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993) ("Dismissal is appropriate...when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action.")); see also Glover

6

v. Liggett Group, Inc., 459 F.3d 1304, 1308 (11th Cir. 2006);

Ague v. Home Depot U.S.A., Inc., 629 F. Supp. 2d 1336, 1350

(N.D. Ga. 2009).

> ### c. Defendant Fulton County should be dismissed because it is not the policymaker with respect to any decisions or actions taken by the DA's Office.

Even construed in the light most favorable to Plaintiff,

his complaint must be dismissed as to Fulton County because it

fails to state a claim against Fulton County.  There is no legal

theory under which Fulton County can be found liable to

Plaintiff, and there are no factual allegations within the

complaint showing that Fulton County was the cause of any injury

to Plaintiff.

In the landmark case of Monell v. Department of Soc.

Servs., 436 U.S. 658 (1978), the United States Supreme Court

found that counties are subject to suits for damages under

section 1983.  However, the Court made clear that a county

cannot be held liable for a section 1983 violation unless the

county has a policy or custom which caused the constitutional

violation.  Monell, 436 U.S. at 694 ("[I]t is when execution of

a government's policy or custom, whether made by its lawmakers

or by those who edicts or acts may fairly be said to represent

official policy, inflicts the injury that the government as an

entity is responsible under § 1983"). Accordingly, for section 1983 liability to attach in this case, there must be a causal connection between Fulton County's responsibilities and the injury suffered by Plaintiff. Id. at 690. The causation requirement is met if the county policy is the moving force of the constitutional violation. Id. at 694. In assessing whether a county can be liable under section 1983, "[a] court's task is to 'identify those officials or governmental bodies who speak with policymaking authority for the local governmental actor concerning the action alleged to have caused the particular constitutional or statutory violation at issue.'" McMillian v. Monroe County, 520 U.S. 781, 784-85 (1997) (quoting Jett v. Dallas Ind. Sch. Dist., 491 U.S. 701, 737 (1989)). Courts have to look to state law to determine who is a policymaker with respect to a particular action or decision. See Jett, 491 U.S. at 737.

In Georgia, the DA's Office is a legal entity separate from the County. See Ga. Const. of 1983, Art. VI, Sec. 8, Par. I(a)("There shall be a district attorney for each judicial circuit, who shall be elected circuit-wide for a term of four years."); Ga. Const. art. IX, § 9, ¶I ("Each county shall be a body corporate and politic with such governing authority and

with such powers and limitations as are provided in this Constitution and as provided by law."). The DA's Office serves a state, not a county, function for the judicial circuit the District Attorney is elected to serve. See Owens v. Fulton County, 977 F.2d 947, 951 (11th Cir. 1989); McClendon v. May, 37 F. Supp. 2d 1371, 1376 (S.D. Ga. 1999). The Eleventh Circuit has previously held that a Georgia district attorney does not set policy for a particular county, and Plaintiff has failed to connect Fulton County to any of the actions that the DA's Office either allegedly failed to take or in which it engaged. See McClendon v. May, 37 F. Supp. 2d 1371, 1378 (1999) and Owens v. Fulton County, 877 F.2d 947, 950-51 (11th Cir. 1989). Consequently, the District Attorney's nor his office's alleged inaction can be the basis for section 1983 liability against the County. Furthermore, the complaint is devoid of any factual allegations showing that Fulton County had any customs or policies that allegedly caused Plaintiff's injuries. Fulton County should therefore be dismissed.

### d. Fulton County is entitled to sovereign immunity as to Plaintiff's state law negligence claim.

"The sovereign immunity provided in the Georgia Constitution to the state or any of its departments or agencies also applies to Georgia's counties." Presnell v. Paulding

County, Ga., 454 Fed. Appx. 769, 769 (11th Cir. 2011) (citing Gilbert v. Richardson, 264 Ga. 744, 747 (1994)); see also McCobb v. Clayton County, 309 Ga. App. 217, 217 (2011) ("As provided in Georgia's [C]onstitution, sovereign immunity extends to the counties…."). "This sovereign immunity 'can only be waived by an Act of the General Assembly which specifically provides that sovereign immunity is thereby waived and the extent of such waiver.'" Id. (citing Ga. Const. of 1983, Art. I, Sec. 2, Par. IX(e)); see also O.C.G.A. § 36-1-4 ("A county is not liable to suit for any cause of action unless made so by statute.") "Under Georgia law, sovereign immunity is an immunity from suit, rather than a mere defense to liability, and, therefore, whether a governmental defendant has waived its sovereign immunity is a threshold issue." McCobb, 309 Ga. App. at 217-18. Here, Plaintiff has articulated no such waiver of Fulton County's sovereign immunity. Thus, Fulton County is entitled to sovereign immunity as to Plaintiff's state law negligence claim.

> **e. Defendant Howard, in his official capacity as an officer of the State, is shielded by Eleventh Amendment Immunity.**

Plaintiff's section 1983 claim against Defendant Howard in his official capacity is barred as a matter of law because at all pertinent times, he was acting as an arm of the State.

"Eleventh Amendment immunity bars suits brought in federal court when the State itself is sued and when an arm of the State is sued." Pellitteri v. Prine, 776 F.3d 777, 779 (11th Cir. 2015) (citing Manders v. Lee, 338 F.3d 1304, 1308 (11th Cir. 2003)). "To receive Eleventh Amendment immunity, a defendant need not be labeled as a 'state officer' or 'state official,' but instead need only be acting as an 'arm of the State,' which includes agents and instrumentalities of the State." Id. (citation omitted). In Georgia, district attorneys are arms of the State. See McClendon v. May, 37 F. Supp. 2d 1371, 1375-76 (1999) (citing Owens v. Fulton County, 877, F.2d 947, 950 (11th Cir. 1989)).

Under section 1983, neither a State nor its officials acting in their official capacities are considered "persons" in suits for damages. Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989). Thus, they cannot be held liable under section 1983. Likewise, Defendant Howard, functioning as an arm of the State, cannot be held liable for money damages for a section 1983 claim against him in his official capacity because he is not a "person" within the meaning of section 1983. See generally Grech v. Clayton, Co., 335 F.3d 1326 (11th Cir. 2003). As a result, DA Howard, in his official capacity, is afforded

11

Eleventh Amendment immunity from Plaintiff's section 1983 claim, and therefore, should be dismissed because the Court has no subject-matter jurisdiction.  Harris v. Board of Trustees Univ. of Ala., 846 F. Supp. 2d 1223, 1231 (N.D. Ala., February 27, 2012).

### f. Defendant Howard, in his official capacity, enjoys sovereign immunity as to Plaintiff's state law negligence claim.

The doctrine of sovereign immunity bars the claim for negligent breach of ministerial duties brought against Defendant Howard in his official capacity.  "Under the Georgia Constitution, as amended in 1991, 'sovereign immunity extends to the state and all of its departments and agencies.'" Ratliff v. McDonald, 326 Ga.App. 306, 309 (2014) (citations omitted). Sovereign immunity protects state officers who are sued in their official capacities, unless sovereign immunity has been waived. Ga. Dept. of Natural Resources v. Center for a Sustainable Coast, Inc., 294 Ga. 593, 599 (1994).

Plaintiff has failed to allege that Defendant Howard's sovereign immunity has been waived.  Thus, the state law claim alleged against him in his official capacity must be dismissed as it is barred by sovereign immunity.

g. **Defendants Howard and Stephenson should be dismissed in their individual capacities because not only has Plaintiff failed to state a claim against them, but they enjoy absolute immunity for the section 1983 claim brought against them.**

Traditional common-law immunities for prosecutors apply to civil cases brought under section 1983. Rehberg v. Paulk, 611 F.3d 828, 837-38 (11th Cir. 2010) (citing Imbler v. Pachtman, 424 U.S. 409, 427-28 (1976)).  In section 1983 actions, prosecutors have absolute immunity for all activities that are "intimately associated with the judicial phase of the criminal process." Id. (quoting Van de Kamp v. Goldstein, 555 U.S. 335 (2009)).

"Absolute immunity does not depend entirely on a defendant's job title, but involves a functional approach granting immunity based on conduct." Id. (citation omitted). "This functional approach looks to 'the nature of the function performed, not the identity of the actor who performed it.'" Id. (quoting Buckley v. Fitzsimmons, 509 U.S. 259, 269 (1993)). Accordingly, absolute immunity applies to the prosecutor's actions "in initiating a prosecution and in presenting the State's case," Imbler, 424 U.S. at 431; appearances in judicial proceedings, including prosecutorial conduct before grand

13

juries, statements made during trial, examination of witnesses and presentation of evidence in support of a search warrant during a probable cause hearing, <u>Burns v. Reed</u>, 500 U.S. 478, 490-92 (1991) and <u>Kalina v. Fletcher</u>, 522 U.S. 118, 126 (1997); allegations stemming from the prosecutor's function as advocate, <u>Jones v. Cannon</u>, 174 F.3d 1271, 1281 (11th Cir. 1999); and "acts undertaken...in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of [the prosecutor's] role as an advocate for the State."  <u>Id.</u>

However, when a prosecutor functions in a capacity unrelated to his role as an advocate for the state, he is not protected by absolute immunity but enjoys only qualified immunity.  <u>Kalina</u>, 522 U.S. at 121 (concluding prosecutor was acting as a witness in personally attesting to truth of averments in a "Certification for Determination of Probable Cause" for an arrest warrant and was not absolutely immune for that witness act, but that prosecutor was absolutely immune for preparing and filing an "information charging respondent with burglary and a motion for an arrest warrant").  Thus, a prosecutor functioning essentially as an investigator and performing "the investigative functions normally performed by a detective or police officer" would not enjoy absolute immunity,

14

only qualified immunity.  Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993), accord Jones, 174 F.3d at 1281-82 ("Although absolutely immune for actions taken as an advocate, the prosecutor has only qualified immunity when performing a function that is not associated with his role as an advocate for the state.").

Here, Plaintiff has failed to allege anything that DA Howard did other than allegedly state - presumably to Judge Shoob – that the DA's Office orally requested that the Sheriff's Office cancel the warrant (Doc. 18 at 9, ¶ 46).  And a section 1983 action cannot rest upon the theory of respondent superior. See Rodriguez v. City of Clermont, 681 F. Supp. 2d 1313, 1329 (M.D. Fla. 2009) ("There is no respondeat superior liability under § 1983.") (citing Griffin v. city of Opa-Locka, 261 F.3d 1295, 1307 (11th Cir. 2001)).  As a supervisory official, Defendant Howard can only be liable under section 1983 for the unconstitutional acts of his subordinates if he "personally participated" in the allegedly unconstitutional conduct or if "there is a casual connection between [his] actions...and the alleged constitutional deprivation."  Cottone v. Jenne, 326 F.3d 1352, 1360-61 (11th Cir. 2003).

The analysis must take two steps.  First, the Court must decide if Plaintiff has alleged that Defendant Howard's subordinates – Defendants Stephenson and Easley – violated Plaintiff's Fourth or Fourteenth Amendment rights by acting in accordance with an alleged policy or practice of securing material witness warrants without properly serving witnesses with subpoenas and/or communicating with witnesses prior to trial, as set forth by Defendant Howard.  They did not, as discussed below.  But, if the Court were to improbably find that they did, it would then have to decide whether Plaintiff alleged that Defendant Howard personally participated in that violation or if Defendant Howard's own actions were causally related to the alleged violation.

There are three ways to assert a causal connection: (1) "when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so;" (2) "when a supervisor's custom or policy results in deliberate indifference to constitutional rights;" or (3) "when facts support an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act lawfully and failed to stop them from doing so."  <u>Harper v. Lawrence Cty.</u>, 592 F.3d

1227, 1236 (11th Cir. 2010).   Plaintiff's allegations, as discussed below, touch on none of these categories.

Plaintiff makes the blanket assertion that Defendant Howard is the "policy-maker who instructs and requires his staff to comply with [the above] policy or practice" (Doc. 18 at 13, ¶ 64) and cites four instances when material witness warrants were obtained as examples of this policy or practice.  (Doc. 18 at 11, ¶ 62).   But in only one of these four instances does Plaintiff allege that the witness had <u>not</u> avoided service. (<u>Id.</u>).   Plaintiff's case and this other alleged case do not a policy or practice make.  Thus, Plaintiff has failed to allege that Defendant Howard personally participated in any violation of Plaintiff's rights, and accordingly, the section 1983 claim alleged against him in his individual capacity should be dismissed.

Additionally, Plaintiff has alleged no casual connection between Defendant Howard and the alleged constitutional rights violation that Plaintiff allegedly suffered.   As previously noted, Plaintiff cites only four alleged instances (in addition to Plaintiff's own) when material witness warrants were issued against necessary witnesses.   Defendant Howard has served the citizens of Fulton County as District Attorney since January

17

1997.  Five alleged instances during the course of a twenty year career as District Attorney do not amount to "a history of widespread abuse."   Further, these few instances, as argued above, did not amount to a policy or practice, and without such a policy, there was no deliberate indifference to Plaintiff's constitutional rights as a result of said non-existent policy. Finally, Plaintiff alleges no facts that support an inference that Defendant Howard directed his subordinates to act unlawfully or knew that they would act unlawfully and failed to stop them from doing so.   It is not unlawful to obtain a legitimate material witness warrant.   Defendants Stephenson and Easley did not act unlawfully in doing so, and even if Defendant Howard sanctioned their obtaining the warrant, this was not an unlawful act.

Defendant Stephenson was clearly acting as an advocate for the State when she allegedly obtained the material witness warrant for Plaintiff.  The act of obtaining a material witness warrant was undertaken as Defendant Stephenson was preparing for trial and seeking to convict Plaintiff's attacker.  Further, Defendant Stephenson sought the warrant from the Court not based on her own testimony but that of Defendant Easley (Doc. 18 at 6, ¶ 23) and provided Judge Goger with cause – Plaintiff's

continued use of his alleged health issues as an excuse for not being able to assist in the prosecution of his attacker - for a warrant to be issued.   Thus, at all times, Defendant Stephenson was acting in her prosecutorial role.   And though she sought and successfully obtained the warrant, only the Judge who issued the warrant could recall or cancel it.

Thus, Plaintiff has no section 1983 claim against Defendants Howard or Stephenson.   Further, even if this Court found that Plaintiff did, both are entitled to absolute immunity.

**h. Defendant Easley should be dismissed in his individual capacity because not only has Plaintiff failed to state a claim against Defendant, but he enjoys qualified immunity for the claim brought against him.**

Qualified immunity shields governmental officials who perform discretionary governmental functions from civil liability so long as their conduct does not violate any "clearly established statutory or constitutional rights of which a reasonable person would have known."   Rehberg v. Paulk, 611 F.3d 828, 838 (11th Cir. 2010) (citing Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)).   An act is discretionary when the action at issued was "influenced by the decisionmaker's experiences, values, and emotions."   Harlow, 457 U.S. at 816.   In contrast,

19

ministerial acts are those that do not require the exercise of independent thought or deliberation by the person taking the action. <u>Kitchen v. CSX Transp., Inc.</u>, 6 F.3d 727, 732 (11th Cir. 1993). Generally, immunity is only available to officials performing discretionary functions. <u>Harlow</u>, 457 U.S. at 816.

The Eleventh Circuit has gone further than the U.S. Supreme Court by providing a concrete standard for determining whether an action is discretionary or ministerial for purposes of applying the doctrine of qualified immunity. <u>Vinson v. Clarke County, Ala.</u>, 10 F. Supp. 2d 1282, 1296 (SD Ala., June 17, 1998). Qualified immunity is available to a government official—even if his actions appear to be ministerial in nature—so long as the official's actions "'(1) were undertaken pursuant to the performance of his duties,' and '(2) were within the scope of his authority.'" <u>Jordan v. Doe</u>, 38 F.3d 1559, 1566 (11th Cir. 1994) (quoting <u>Rich v. Dollar</u>, 841 F.2d 1558, 1564 (11th Cir. 1988)). If the conduct at issue falls within this definition, then it is established that the official was acting within the scope of his discretionary authority. <u>Vinson</u>, 10 F. Supp. 2d 1282 at 1297, citing <u>McCoy v. Webster</u>, 47 F.3d 404, 407 (11th Cir. 1995).

To evaluate claims of qualified immunity as applied to

discretionary conduct, the Court considers whether: 1) Plaintiff has alleged a violation of a constitutional right; and 2) whether the right was "clearly established" at the time of Defendant's alleged misconduct.  Rehberg v. Paulk, 611 F.3d at 838-39.  This two-pronged analysis may be done in whatever order is deemed most appropriate for the case.  Id. (citing Pearson v. Callahan, 555 U.S. 223 (2009)).  Thus, a government agent is entitled to immunity unless his discretionary act is "so obviously wrong, in the light of pre-existing law, that only a plainly incompetent officer or one who was knowingly violating the law would have done such a thing." Id. at 838, quoting Lassiter v. Ala. A&M Univ., 28 F.3d 1146, 1149 (11th Cir. 1994).

As an investigator, Defendant was under the direction and supervision of the Assistant District Attorney to whom he was assigned (Doc. 18 at 4, ¶ 9), and he provided testimony as necessary in order to secure the material witness warrant. However, though Defendant allegedly provided the testimony that led to the issuance of the warrant, only the Judge who issued the warrant could recall or cancel it.  Further, Defendant provided Judge Goger with cause – Plaintiff's continued use of his alleged health issues as an excuse for not being able to assist in the prosecution of his attacker - for a warrant to be

issued.    Thus,  Plaintiff  has  no  claim  against  Defendant.
Plaintiff  claims  that  District  Attorney  Paul  Howard  stated -
presumably  to  Judge  Shoob  –  that  the  DA's  Office  orally
requested  that  the  Sheriff's  Office  cancel  the  warrant  (Doc. 1
at  8,  ¶  38),  but  there  is  no  clearly  established  law  that
required  the  DA's  Office  to  request  that  a  warrant  be  cancelled
in  writing  or  otherwise.    Further,  assuming  for  argument's  sake
that  Defendant  was  the  DA  representative  who  orally  requested
that  the  warrant  be  cancelled,  he  engaged  in  a  discretionary  act
since  he  undertook  an  act  pursuant  to  the  performance  of  his
duties  and  within  the  scope  of  his  authority.    <u>See</u>  <u>Jordan</u>,  38
F.3d  at  1566.    Accordingly,  Defendant  is  entitled  to  qualified
immunity.

> **i. Defendants Howard, Stephenson and Easley are
>   entitled to official immunity from Plaintiff's state
>   law negligence claim in their individual capacities.**

Defendants  Howard,  Stephenson  and  Easley  are  entitled  to
the  protection  afforded  by  official  immunity  from  the  claim  for
negligent  breach  of  ministerial  duties  alleged  against  them  in
their  individual  capacities.    "State  officers  and  municipal
employees  are  entitled  to  official  immunity  from  claims  by
citizens  except  when  they  perform  ministerial  duties  negligently
or  when  they  act  with  actual  malice  in  the  performance  of  their

official duties." <u>Jones v. Pandey</u>, 390 F. Supp. 2d 1371, 1377 (M.D. Ga. 2005), citing <u>Gilbert v. Richardson</u>, 264 Ga. 744 (1994)). "Negligence is predicated on what should be anticipated, rather than on what happened, because one is not bound to anticipate or foresee and provide against what is unlikely, remote, slightly probable, or slightly possible." <u>Boyd v. Nichols</u>, 616 F. Supp. 2d, 1331, 1347 (M.D. Ga. 2009) (citing <u>Hodges v. Putzel Elec. Contractors, Inc.</u>, 260 Ga.App. 590, 194 (2003)). "Actual malice means a deliberate intention to do wrong." <u>Jones v. Pandey</u>, 390 F. Supp. 2d at 1377 (citing <u>White v. Traino</u>, 244 Ga.App. 208, 2011 (2000)).

Plaintiff has failed to sufficiently assert any set of facts that establish that Defendants Howard, Stephenson or Easley should have foreseen or were aware of the possibility that Plaintiff's material witness warrant would not be cancelled or recalled. As stated above, Plaintiff can point to no law that requires the DA's Office to recall or cancel a warrant. Thus, Defendants could not have been negligent in failing to perform this alleged duty since the law does not place upon Defendants a legal duty to ensure the recall or cancellation of a warrant. Plaintiff has therefore failed to allege that Defendants performed any ministerial duty negligently.

23

Further, absent evidence of malice, willfulness, or corruption, a public officer is afforded immunity from liability to those who may be injured by the exercise of his discretion in the performance of his official duties. Jones v. Pandey, 390 F. Supp. 2d at 1377 (citing White v. Traino, 244 Ga.App. 208, 2011 (2000)). Plaintiff has not made any assertion that Defendant Howard acted with malice. And though Plaintiff accuses Defendants Stephenson or Easley of presenting false testimony and making false allegations, respectively, to secure the material witness warrant, Plaintiff acknowledges that the State continued the case when he experienced his cardiac event. (Doc. 18 at 5, ¶ 20). Thus, they gave his cardiac event credence. Further, even if Plaintiff allegedly continued to remain in contact with the State in spite of his alleged declining health, his simply remaining in contact does not negate the fact that Defendants Stephenson and Easley began to believe that Plaintiff was trying to avoid testifying at trial. Thus, there is no evidence that Defendant Stephenson and Easley provided false statements to the Judge, and therefore, no evidence of malice. Accordingly, the state law negligence claim alleged against Defendants Howard, Stephenson and Easley in their individual

capacities must be dismissed as it is barred by official immunity.

> ### j. Plaintiff's Claims Against John Doe Defendant Must Be Dismissed As Fictitious-Party Pleading Is Not Permitted In Federal Court.

Plaintiff asserts claims against an unnamed John Doe. Plaintiff does not describe the John Doe in his complaint, other than to state that he is an "employee of Fulton County." (Doc. 18 at 9, ¶ 48).

"[F]ictitious party practice is not permitted in federal court." Wessinger v. Board of Regents of Univ. System of Ga., No. 1:06-CV-2626-WSD, 2007 WL 1430388, at *1 (N.D. Ga. May 14, 2007) (citing New v. Sports & Rec., 114 F.3d 1092, 1094 n. 1 (11th Cir. 1997); see also Lewis v. City of Montgomery, No. 2:04-CV-858-WKW, 2006 WL 1761673, at *2 (M.D. Ala. June 27, 2006) ("In general, 'fictitious-party pleading is not permitted in federal court.'"). As noted in Wessinger, "courts have sometimes made exceptions when the plaintiff may be able to describe an individual without stating his or her name precisely or correctly," 2007 WL 1430388, *1, but just as in Wessinger, the Plaintiff here has not provided any description of the John Doe Defendant. See Dean v. Barber, 951 F.2d 1210, 1215-16 (11th Cir. 1992) (finding plaintiff's description of "Chief Deputy of

the Jefferson County Jail John Doe" sufficient because the proposed defendant existed and plaintiff adequately described the person to be sued so that the person could be identified for service).

Here, the Defendant is not adequately described such that the identity of the individual who Plaintiff seeks to serve is sufficiently clear. Fulton County employs nearly 5,500 individuals, so the description "employee of Fulton County" is a wholly insufficient identifier. Unlike in <u>Dean</u>, the John Doe Defendant named in this complaint is not identified with sufficient clarity. Accordingly, since fictitious party practice is not permitted in federal court, the claims against John Doe Defendant must be dismissed.

## CONCLUSION

For the foregoing reasons, Plaintiff's complaint should be dismissed in its entirety and Defendants' Motion to Dismiss should be GRANTED.

Respectfully submitted, this 30th day of October, 2017.

**OFFICE OF THE COUNTY ATTORNEY**

Patrise Perkins-Hooker
COUNTY ATTORNEY
Georgia Bar No. 572358

Kaye W. Burwell
Deputy County Attorney

26

Georgia Bar No. 775060

**/s/ Ashley J. Palmer**
Ashley J. Palmer
Senior Assistant County Attorney
Georgia State Bar No. 603514

**OFFICE OF THE FULTON COUNTY ATTORNEY**
141 Pryor Street, S.W.
Suite 4038
Atlanta, Georgia 30303
(404) 612-0246 (office)
(404) 730-6324 (facsimile)

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

```
KIDANEMARIAM KASSA,              )
                                 )
      Plaintiff,                 )
                                 )          CIVIL RIGHTS COMPLAINT
v.                               )          42 U.S.C. §1983
                                 )
                                 )          CIVIL ACTION NO.
                                 )          1:17-CV-02068-AT
FULTON COUNTY, GEORGIA,          )
PAUL H. HOWARD, officially &     )
Individually,                    )
ANTIONETTE STEPHENSON,           )
individually, PIERRE EASLEY,     )
individually, and JOHN DOE,      )
officially & individually,       )
                                 )
      Defendants.                )
_____  )
```

## CERTIFICATE OF SERVICE

THIS CERTIFIES that on October 30, 2017, I presented this document in Courier New, 12 point type, and that I have electronically filed the foregoing **BRIEF IN SUPPORT OF DEFENDANTS FULTON COUNTY, GEORGIA, DISTRICT ATTORNEY PAUL HOWARD, ASSISTANT DISTRICT ATTORNEY ANTOINETTE STEPHENSON, INVESTIGATOR PIERRE EASLEY AND JOHN DOE'S MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 12(b)(6)** with the Clerk of Court using the CM/ECF system, and will provide mail notification to the following attorney of record:

28

```
                    Tiffany Williams Roberts
                Tiffany W. Roberts, Attorney at Law
                            Suite 400
                       235 Peachtree Street
                      Atlanta, Georgia 30303
```

This 30th day of October, 2017.

                            **/s/ Ashley J. Palmer**
                            Ashley J. Palmer
                            Senior Assistant County Attorney
                            Georgia State Bar No.: 603514

**OFFICE OF THE FULTON COUNTY ATTORNEY**
141 Pryor Street, S.W.
Suite 4038
Atlanta, Georgia 30303
(404) 612-0246 (office)
(404) 730-6324 (facsimile)