**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **KIDANEMARIAM KASSA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CIVIL ACTION FILE NO.** |
| **vs.** ) | |
| ) | **1:17-CV-02068-AT** |
| **FULTON COUNTY, GEORGIA,** ) | |
| **PAUL H. HOWARD, officially &** ) | |
| **individually,** ) | |
| **ANTIONETTE STEPHENSON,** ) | |
| **individually,** ) | **JURY TRIAL REQUESTED** |
| **PIERRE EASLEY, individually, and** ) | |
| **JOHN DOE, officially & individually,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

**BRIEF IN SUPPORT OF PLAINTIFF'S AMENDED RESPONSE TO
DEFENDANTS FULTON COUNTY, DISTRICT ATTORNEY PAUL
HOWARD, ASSISTANT DISTRICT ATTORNEY ANTOINETTE
STEPHENSON, INVESTIGATOR PIERRE EASLEY AND JOHN DOE'S
MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12 (b) (1) and 12
(b) (6)**

COMES NOW PLAINTIFF KIDANEMARIAM KASSA ("Plaintiff") and by

and through his undersigned counsel of record and files this BRIEF IN SUPPORT

OF PLAINTIFF'S AMENDED RESPONSE TO DEFENDANTS FULTON

COUNTY, DISTRICT ATTORNEY PAUL HOWARD, ASSISTANT DISTRICT

ATTORNEY ANTOINETTE STEPHENSON, INVESTIGATOR PIERRE

1

EASLEY AND JOHN DOE'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12 (b) (1) and 12 (b) (6), and shows this Honorable Court as follows:

FACTUAL & PROCEDURAL BACKGROUND

## I.  Factual Background.

Plaintiff Kidanemariam Kassa was the victim of a robbery in Atlanta, Fulton County Georgia on March 17. 2014. (Doc. 18 ¶ 15).  Nearly a year later and without having provided Mr. Kassa with assistance and services, the Office of the Fulton County District Attorney began to contact Mr. Kassa to ensure his presence at trial. (Id. ¶ 17).  Despite ongoing health issues, Mr. Kassa made his best efforts to cooperate with the effort to prosecute his attacker. (Id. ¶¶ 21, 24, 26-27).  On March 18, 2015 Defendant Antoinette Stephenson applied for and obtained a material witness warrant for Mr. Kassa, using the false allegations of Defendant Pierre Easley. (Id. ¶ 23).  Mr. Kassa ultimately appeared at trial with an attorney and assisted the District Attorney in obtaining a conviction for his attacker. (Id.).  Despite this, neither Defendant Stephenson nor Defendant Easley took any action whatsoever to have an appropriate person cancel the warrant for Mr. Kassa's arrest. (Id. ¶¶ 28-36).

Mr. Kassa was arrested after being hit by another driver on June 6, 2017. Upon speaking with the Atlanta Police Department and being ultimately transferred to the hospital, Mr. Kassa was placed under arrest on the material witness warrant obtained by Defendants Stephenson & Easley.  (Id. ¶ 37-40).  Mr. Kassa spent several days in the custody of the Fulton County Sheriff.  He was transferred to the Grady Hospital Detention center after suffering a cardiac event at the jail. (Id. ¶¶ 41-51). Mr. Kassa's family retained an attorney and was released from custody pursuant to Judge Wendy Shoob's order issued July 12, 2015.  (Id. ¶ 45).

The practice of illegally obtaining material witness warrants for crime victims and witnesses when subpoena service has not been properly perfected is a policy of the Fulton County District Attorney's Office.  (Id. ¶¶ 61-65).

## II.   Procedural Background.

Plaintiff filed his complaint on June 6, 2017.  (Doc. 1).  On Motion from the Plaintiff, this Court granted Defendant an extension for time to serve Defendants until October 7. 2017. (Doc. 11).  Plaintiff filed his First Amended Complaint on October 16, 2017. (Doc. 18).   Defendants moved to dismiss Plaintiff's First Amended Complaint on October 30, 2017 (Doc. 27).  The Parties filed a Proposed Consent Order for Extension of Time for Plaintiff to Respond to Defendants' Motion on November 13, 2017. (Doc. 28).  The Court granted Plaintiff an extension to

3

November 24, 2017. (Doc 29).  Plaintiff files this amended response and brief in support in accordance with the Court's order.

ARGUMENT & CITATION OF AUTHORITY

**III.     Subject Matter Jurisdiction is Proper & Plaintiff States a Claim upon Which Relief Can Be Granted**

**A. This Court Retains Subject-Matter Jurisdiction over This Action**

In reviewing a motion to dismiss for failure to state a claim, the court must accept the allegations in the complaint as true and construe them in the light most favorable to the plaintiff.  Hill v. White, 321 F.3d 1334, 1335 (11th Cir.2003) (per curiam); see also Jackson v. Birmingham Bd. of Educ., 309 F.3d 1333, 1335 (11th Cir.2002) (citing Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir.1990)) ("On a motion to dismiss, the facts stated in appellant's complaint and all reasonable inferences therefrom are taken as true.").  A motion to dismiss is granted only when the movant demonstrates beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  Jackson, 309 F.3d at 1335(quoting Harper v. Blockbuster Entm't Corp., 139 F.3d 1385, 1387 (11th Cir.1998) (quoting Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2

4

L.Ed.2d 80 (1957))).  The movant may not assume in its motion facts not asserted in the complaint.  <u>Wilcombe v. TeeVee Toons, Inc.</u>, 555 F.3d 949, 959 (11th Cir.2009).  The Court is bound by the four corners of the complaint in its review of a motion to dismiss.  Id.  In this circumstance, Defendants' motion to dismiss should not be granted unless the averments in the Complaint disclose with certainty that the plaintiff would not be entitled to relief under any set of facts which could be proved in support of his claim.  <u>Schroeder v. Dekalb County</u>, 802 S.E.2d 277 (Ga.App 2017).

Plaintiff Kidanemariam Kassa alleges facts that demonstrate that Defendants are liable for damages based on the deprivation of a clearly-established constitutional right to remain from unreasonable seizure.

### B. Plaintiff Sufficiently States a Claim

All facts as set out by Plaintiff in his Amended Complaint, when construed as true, establish that Defendants are liable for harm caused by the misconduct and negligence related to the application for, issuance of and arrest pursuant to the material witness warrant signed by Judge Goger.

### C. Fulton County is a Policymaker with Respect to Decisions Made by Defendant Howard

Fulton County is liable under §1983 if Plaintiff can show: (1) his constitutional rights were violated; (2) Fulton County had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) the policy or custom caused the violation.

Firstly, Plaintiff sufficiently alleges that his arrest and subsequent incarceration were the result of the violation of his rights under the Constitution. Plaintiff asserts in his Complaint that no probable cause existed to justify the issuance of material witness warrant for his arrest.  He asserts further that Defendants Easley and Stephenson, acting in accordance with policy promulgated by Defendant Howard, fabricated evidence in their application for the warrant.[1]  Plaintiff has alleged sufficient facts at this phase to establish a violation of his rights.

Secondly, a policy is a decision that is officially adopted by the government or created by an official of such rank that he or she could be said to be acting on behalf of the government.  Sewell v. Town of Lake Hamilton, 117 F.3d 488, 489

---

[1] Malicious prosecution is a violation of the Fourth Amendment and a viable constitutional tort cognizable under § 1983.  Eloy v. Guillot, 289 Fed. Appx. 339 (11th Cir. 2008).

6

(11th Cir. 1997); <u>Brown v. City of Ft. Lauderdale,</u> 923 F.2d 1474, 1479-80 (11th Cir. 1991).  A custom is a practice that is so settled and permanent that it takes on the force of law.  <u>Monell v. Dep't of Soc. Servs. Of NY</u>, 436 U.S. 658, 691 (1978). Defendant Howard, as a policy-maker for Fulton County, designs and implements rules and regulations for staff attorneys and investigators in his office.  One of those policies is the requirement that assistant district attorneys take an unconstitutional approach to secure the appearance of witnesses at trial.  Instead of expending time to properly locate, maintain contact with and serve subpoenas, the Fulton County District Attorney's Office causes harm to crime victims on the basis of its own lack of diligence by seeking and obtaining material witness warrants even when officials and staff are aware that no probable cause exists.  As in this case, employees of the Fulton County District Attorney go as far as fabricating evidence or presenting false testimony to obtain warrants for crime victims and other witnesses.  Of course the District Attorney may, within its discretion, make decisions about strategy to go about achieving its law enforcement goals; it may not, however, break the law to achieve its goals.

Thirdly, once a governmental policy has been identified, a plaintiff must demonstrate a causal link between the governmental action and the deprivation of a federal right so as to support the conclusion that the government's action was the

moving force behind the violation.  Brown, 520 U.S. at 404.  The Court in Brown recognized that where the particular municipal action itself violates federal law, or directs an employee to do so, issues of fault and causation are straightforward and present no difficult questions.  Id. at 405-06.

Plaintiff here has alleged that the foregoing policies, practices and customs of Fulton County were a moving force behind Plaintiff's injuries. (See Am. Compl. ¶¶ 61-65).  Plaintiff alleges that Fulton County and Fulton County District Attorney's policy of circumventing appropriate subpoena service by obtaining material witness warrants based on false evidence makes it more likely that innocent victims and witnesses will continue to be arrested unjustly.

Accepting the foregoing factual allegations as true, as the Court must do at this stage, Plaintiff has demonstrated that it is plausible that Defendants Howard and Fulton County have maintained and encouraged illegal policies, practices and customs and that they were a moving force in the violation of Plaintiff's constitutional rights.  The Court can reasonably conclude that the material witness warrant policy in place at the Fulton County District Attorney's Office encouraged—and even required—Defendants Easley and Stephenson to place efficiency above constitutional considerations by seeking a material witness warrant for Plaintiff's arrest with full knowledge that no probable cause existed.  This being

8

at least one plausible explanation for why Plaintiff's constitutional rights were violated, his claims against Defendants Howard and Fulton County should survive dismissal at this early stage of proceedings.

Defendants argue that the examples of the implementation of Defendant Howard's material witness policy enumerated in the Amended Complaint do not establish a policy or practice.  Plaintiff is not required to establish beyond a shadow of a doubt that a policy or practice exists. Claims must only have facial plausibility. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

## D. Defendants Stephenson & Howard are not shielded by absolute immunity.

Defendant Stephenson was not engaging in conduct protected by absolute immunity when she applied for and neglected to request the cancellation of the material witness warrant for Plaintiff's arrest.  The determination of whether a prosecutor is protected by absolute immunity must begin with an examination of the nature of the wrongful conduct alleged.  Prosecutors do not enjoy absolute immunity when acting in "administrative" or "investigative" functions.  Burns, 500 U.S. at

478; <u>Kalina v. Fletcher</u>, 522 U.S. 118 (1997); <u>Jones v. Cannon</u>, 174 F.3d 1271, 1281-82 (11th Cir. 1999).  Further, prosecutors are not acting within their role as advocate when they present false evidence to a trier of fact.  <u>See</u> <u>Kalina</u> at 124. When a complaint alleges that a prosecutor has falsified evidence presented in an affidavit, only a qualified immunity analysis is appropriate.  <u>See</u> <u>Kalina</u>, 522 U.S. at 129-31; <u>See</u> <u>Buckley</u>, 509 U.S. at 272-76.  A prosecutor does not function as an advocate for the government when he is before the court as a complaining witness.  <u>Kalina</u>, 522 U.S. at 129-31.   The official bears the burden of justifying absolute immunity. <u>Buckley v. Fitzsimmons</u>, 509 U.S. 259 (1993); <u>Burns v. Reed</u>, 500 U.S. 478, 486-87 (1991); <u>Forrester v. White</u>, 484 U.S. 219, 224 (1988).

In accordance with these principles, Defendant Stephenson is not entitled to absolute immunity.   Defendant Stephenson and Easley, in securing a material witness warrant for Plaintiff, acted as factual investigators.  Ms. Stephenson was not acting as a mere lawyer preparing for trial. The pair were not investigating anything related to the specific facts alleged in the indictment against Mr. Kassa's attacker. No fact contained in Defendant Stephenson's application for Plaintiff's arrest made the conviction of Mr. Kassa's attacker more or less likely.  The attempt to remediate Defendants' own administrative failure to properly secure a victim-witness for trial by unlawfully seeking a material witness warrant is outside of the scope of activity

10

protected by immunity.  Similarly, the ministerial failure to request the cancellation of the material witness warrant illegally issued for Plaintiff was not related to Defendant Stephenson's role as an attorney.  Rather, the failure was related to the law enforcement functions associated with the issuance of warrants.

With respect to Defendant Howard, he is not entitled to absolute immunity because he promulgated the policy requiring his attorney and non-attorney staff to use their law enforcement powers to seek arrest warrants even when the fabrication of evidence is required.  This edict is outside of the scope of the permissible function of a prosecutor and proximately caused Plaintiff's injuries.

> ### E. Defendants Stephenson & Easley are not entitled to qualified immunity from Plaintiff's state law negligence claims in their individual capacities because requesting a warrant cancellation is a ministerial duty.

Public officials are not entitled to immunity for ministerial acts negligently performed or for ministerial or discretionary acts performed with malice or intent to injure.  Gilbert v. Richardson, 264 Ga. 744, 452 S.E.2d 476, 483 (1994); Ga. Const. art. 1 § II, ¶ IX (d).  A ministerial act is commonly one that is simple, absolute, and definite, arising under conditions admitted or proved to exist, and requiring merely

the execution of a specific duty.  Mann v. Taser Intern., Inc., 588 F. 3d 1291, 1309 (11th Cir. 2009) "[T]he execution of a specific task is characterized as ministerial even though the manner in which it is accomplished is left to the employee's discretion." Golden v. Vickery, 285 Ga. App. 216, 218, 645 S.E.2d 695 (2007). See Miree v. United States, 490 F.Supp. 768 (N.D. Ga. 1980).  Following established policies and laws is a ministerial task.  Wanless v. Tatum, 244 Ga. App. 882, 884, 536 S.E.2d 308 (2000).

The acts of causing a warrant to issue for a crime victim's arrest on false pretenses and failing to request the cancellation of that warrant are ministerial in nature.  In Schroeder v. DeKalb County 802 S.E.2d 277 (Ga.App. 2017), the Georgia Court of Appeals disallowed the application of a qualified immunity defense where court personnel caused the errant suspension of the plaintiff's driver's license and subsequent arrest by entering erroneous information into a central information database.  Id. at 281.  The court opined that "a public officer or employee may be personally liable for ministerial acts negligently performed . . . A ministerial act is commonly one that is simple, absolute, and definite arising under conditions admitted or proved to exist, and requiring merely the execution of a specific duty." Id. at 283.

12

While the decision to seek a lawful[2] warrant may be discretionary, a request that a warrant for which there exists absolutely no factual basis be recalled or cancelled is a ministerial task.  Accordingly, Defendants Easley & Stephenson cannot claim the affirmative defense of qualified immunity for negligently failing to request that the appropriate judicial officer recall or cancel the material witness warrant issued for Plaintiff.  In Schroeder, court personnel became aware that the suspension of the plaintiff's license was done in error but did not ensure that the information was corrected with the Department of Driver Services.  Id. at 281.  The Schroeder defendants were operating in a system that they knew routinely violated the rights of persons before the court.  Similarly, Defendants Stephenson and Easley knew that Mr. Kassa had fully complied with the law but did nothing to ensure that the warrant was recalled.  They were also aware that office policy permitted them to request material witness warrants with little care for the necessity or legality of them.  In Schroeder, defendants transmitted a withdrawal of suspension at some point.  Id.  In contrast, Defendants Stephenson and Easley took not even the slightest significant action to ensure that Plaintiff was not wrongfully arrested as a result of their

---

[2] Plaintiff argues that no immunity protects a prosecutor or his agent seeking an unlawful warrant based on fabricated evidence.

13

incompetence.  Inaction on the recall of the warrant is plainly negligence, even if the Court finds no malice or bad faith.

Regardless of Defendants' arguments regarding whether the warrant was properly issued by Judge Goger, there can be no argument that *anyone* possessed the discretion to allow Mr. Kassa to remain under threat of arrest after he testified and secured the conviction of his attacker.   Nevertheless, Defendants Easley & Stephenson seem to assert as a defense that no one employed by the Fulton County District Attorney's Office had a duty to ensure that the warrant issued by Judge Goger, who was not the trial judge, was cancelled or recalled.   Carrying this argument to its ultimate conclusion suggests that Defendants believe that Plaintiff, a crime victim suffering from ongoing cardiac trauma, should have been left under the threat of arrest indefinitely with no redress.

> F. **Even if the Court rules that Defendants Easley & Stephenson were performing discretionary functions, Plaintiff has alleged sufficient facts showing that Defendants are not entitled to qualified immunity.**

Courts utilize a two-part framework to evaluate qualified immunity defenses. <u>Grider v. City of </u>Auburn, 618 F.3d 1240, 1254 (11th Cir. 2010).  The first inquiry in

a qualified immunity analysis is whether the plaintiff's allegations, if true, establish a constitutional violation.  Id.  If the facts, construed in the light most favorable to the plaintiff, show that a constitutional right has been violated, another inquiry is whether the right violated was clearly established.  Id.  If the plaintiff prevails bon both prongs of this test, then the defendant is unable to obtain even summary judgment on qualified immunity grounds.  Holloman ex. Rel. Holloman v. Harland, 370 F.3d 1252, 1264 (11th Cir. 2004).   Applying this analysis, Plaintiff has established in his Amended Complaint that Defendants Stephenson & Easley are not entitled to qualified immunity.

### i. Plaintiff had a constitutional right to be free from malicious prosecution and false imprisonment.

A plaintiff must meet the elements of common law false imprisonment and establish that the imprisonment resulted in a violation of due process rights under the Fourteenth Amendment in order to sufficiently plead a viable § 1983 claim for false imprisonment.  Ortega v. Christian, 85 F.3d 1521, 1526 (11th Cir. 1996).  More explicitly, a plaintiff must establish (1) the elements of the common law tort of malicious prosecution and (2) a violation of his Fourth Amendment right to be free from unreasonable seizures.  Kingsland, 382 at 1234.

15

### 1.  False Imprisonment under Georgia Law

Under Georgia law, false imprisonment requires a detention that is established as unlawful.  See Bunyon v. Burke County, 285 F.Supp. 2d 1310 (S.D.Ga. Sept 30, 2003).  There is no requirement to show malice or lack of probable cause to state a claim for false imprisonment under Georgia state law.  Mehinovic v. Vuvkovic, 198 F.Supp. 2d 1322, 1357 (2002).

Plaintiff has alleged facts showing that he was arrested pursuant to a warrant obtained by the presentation of false evidence to a trier of fact.  That warrant was also not cancelled or recalled after even the false facts alleged therein could not possibly be true.  Because no truthful facts were presented to Judge Goger that established probable cause, and because even the facts alleged in the warrant could not have been valid after the trial of Plaintiff's assailant, the warrant was illegal; consequently, Mr. Kassa's arrest was also illegal.

### 2.  Defendants Stephenson & Easley caused the imprisonment of Plaintiff and violated his due process rights.

After the lapse of a certain amount of time, "continued detention in the face of repeated protests will deprive the accused of liberty without due process."

16

Cannon v. Macon County, 1 F.3d 1558, 1562 (11th Cir. 1993).  Plaintiff here alleges that he was held in the Fulton County jail, despite protests, for approximately a week. He was released only after suffering another cardiac event while incarcerated.

### 3.  Malicious Prosecution under Georgia law.

Under Georgia law, the elements essential to a cause of action for malicious prosecution are: (1) prosecution for a criminal offense; (2) instigated without probable cause; (3) with malice; (4) under a valid warrant, accusation or summons; (5) which was terminated favorably to the plaintiff; and (6) has caused damage to the plaintiff.  See e.g., Wal-Mart Stores, Inc. v. Blackford, 264 Ga. 612, 613, 449 S.E.2D 293, 294 (1994).  "A total lack of probable cause is a circumstance from which malice may be inferred; however, the inference may be rebutted by proof." O.C.G.A. § 51-7-44.  Malice can be inferred from a defendant's continuing with a prosecution after knowing the accused was not guilty of the offense charged.  K-Mart Corp v. Lovett, 241 Ga. App. 26, 525 S.E.2D 751 (1999).  In this case, Defendants Easley and Stephenson knew that Plaintiff was not dodging subpoena service because of telephone conversations, their own failure to contact Plaintiff in a timely manner for trial, his retention of an attorney to accompany him to trial and his ultimate appearance at trial.  Nevertheless, they at no point took appropriate action to address the illegality of the warrant. (Amended Complaint at ¶¶ 23-34).

17

Plaintiff here has sufficiently alleged all six elements essential to a malicious prosecution[3] claim under Georgia state law.  First, Defendants Stephenson and Easley have at all times been aware that Mr. Kassa did not avoid subpoena service and that he was, in fact, ill.  Second, Plaintiff's prosecution pursuant to the material witness warrant was initiated without probable cause because the facts available to Defendants made it objectively unreasonable to believe that there was probable cause to prosecute Plaintiff.

Third, Defendants acted maliciously in prosecuting Plaintiff.  Defendant Easley left threatening voicemail messages for Plaintiff which frightened him so greatly that he obtained legal counsel.  (Amended Complaint, ¶26).  Defendant Easley's actions as approved by Defendant Stephenson were not undertaken in good faith, violated Plaintiff' clearly established rights not to be falsely and maliciously prosecuted and imprisoned, and violated clearly established constitutional law.  Had Defendants Easley and Stephenson acted reasonably with the information available to them, and not taken a shortcut to avoid proper investigation and subpoena service, Plaintiff's imprisonment could have been avoided.

---

[3] As the subject of a material witness warrant, Mr. Kassa was "prosecuted" insofar as he was targeted to be arrested.

18

Fourth, the warrant issued by Judge Goger as detailed in the Amended Complaint.  Fifth, Plaintiff was not arrested pursuant to the warrant prior to trial *because* he cooperated with the Fulton County District Attorney and obtained counsel to accompany him to ensure that he followed all laws with respect to providing testimony.  (Id., ¶¶26-27). Sixth and finally, Plaintiff has alleged that the prosecution caused significant harm to him. (Id. ¶¶ 42, 44, 51, 60, 72).

Georgia Constitution Art. I, § II, Par. IX (d) provides, "[A]ll officers and employees of the State or its departments and agencies may be subject to suit and may be liable for injuries and damages caused by the negligent performance of, or negligent failure to perform, their ministerial functions and may be liable for injuries and damages if they act with actual malice or with actual intent to cause injury in the performance of their official functions."  Here, Defendants Easley and Stephenson acted with actual malice and intent to injure by arresting Mr. Kassa for an offense he knew he did not commit.

In the context of official immunity, "actual malice" means a deliberate intent to do wrong.  Merrow v. Hawkins, 266 Ga. 390, 392(2), 467 S.E.2d 336 (1996).  The Amended Complaint is very clear that Defendants Easley & Stephenson sought a material witness warrant for Mr. Kassa under false pretenses.  Notwithstanding the definition of "actual malice," Defendants' argument also ignores that official

19

immunity does not protect officials acting with intent to injure. Mr. Kassa has established and sufficiently alleged that Defendants Easley & Stephenson, in their official discretionary function, acted with intent to cause a constitutional injury. There is no allegation that Defendants Stephenson & Easley acted under some mistaken belief that Mr. Kassa was avoiding subpoena service.

### 4. Plaintiff has properly alleged that he was unreasonably seized under the Fourth Amendment.

Plaintiff has met the requirement that he show a violation of his Fourth Amendment right to be free from unreasonable seizures. <u>Kingsland v. City of Miami</u>, 382 F.3d 1220, 1234 (11th Cir. 2004). A prerequisite of both false imprisonment and malicious prosecution claims is the absence of probable cause. <u>Ortega</u>, 85 F.3d at 1526.

### 5. Plaintiff's rights were clearly established.

At the time of Plaintiff's arrest and prosecution it was clearly established that incarcerating and prosecuting him was objectively unreasonable and unconstitutional. <u>See</u> <u>Tillman v. Coley</u>, 886 F.2d 317 (11th Cir. 1989). Similarly, it was clearly established that a failure to properly attempt subpoena service and instead swear out a false warrant was objectively constitutional. <u>See</u> <u>Cannon v.</u>

20

Macon County, 1 F.3d 1558 (11th Cir. 1993).  See also Mooney v. Holohan, 294 U.S. 103, 112-13 (1935); Williams v. Miami Dade Police Dep't, 297 Fed.Appx 941, 947 (11th Cir. 2008).  With respect to the warrant at issue, it was also objectively unconstitutional for Plaintiffs Easley and Stephenson to do nothing to request that Mr. Kassa's material witness warrant be cancelled or recalled *after* he'd testified at trial.

Here, Plaintiff alleges that he was arrested pursuant to a warrant that was no longer valid.  The issue is not merely that the warrant should have never been issued.  Even if the warrant was valid prior to the trial of Mr. Kassa's attacker, there is no set of circumstances that would have rendered it valid months later.  An arrest pursuant to a warrant that has no factual basis or relevance is per se unreasonable.  Therefore, Plaintiff has sufficiently pled that that no probable cause or arguable probable cause existed for his arrest, detention and prosecution.  Thus, he has established that his constitutional rights against false imprisonment and malicious prosecution were violated.

## IV.   Conclusion

For the foregoing reasons, Plaintiff's Complaint should not be dismissed and Defendants' Motion to Dismiss should be DENIED.

21

Respectfully submitted this 24th day of November, 2017.

/S/TIFFANY WILLIAMS ROBERTS
**Tiffany Williams Roberts**
Bar No. 791208
235 Peachtree Street, Suite 400
Atlanta, Georgia 30303
(404) 287-2090 – telephone
(678) 965-1790 –facsimile
troberts@tiffanywroberts.com

CERTIFICATION

Counsel for Plaintiff certifies that the foregoing Complaint complies with the

font and point size requirements of Local Rule 5.1 (C).

/S/TIFFANY WILLIAMS ROBERTS
**Tiffany Williams Roberts**
Bar No. 791208
191 Peachtree Street, Suite 3300
Atlanta, Georgia 30303
(404) 287-2090 (t); (678) 965-1790 (f)
troberts@tiffanywroberts.com

UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| **KIDANEMARIAM KASSA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION FILE NO.** |
| **vs.** | ) | |
| | ) | **1:17-CV-02068-AT** |
| **FULTON COUNTY, GEORGIA,** | ) | |
| **PAUL H. HOWARD, officially &** | ) | |
| **individually,** | ) | |
| **ANTIONETTE STEPHENSON,** | ) | |
| **individually,** | ) | **JURY TRIAL REQUESTED** |
| **PIERRE EASLEY, individually, and** | ) | |
| **JOHN DOE, officially & individually,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 13, 2017, I have electronically filed the foregoing BRIEF IN SUPPORT OF PLAINTIFF'S AMENDED RESPONSE TO DEFENDANTS FULTON COUNTY, DISTRICT ATTORNEY PAUL HOWARD, ASSISTANT DISTRICT ATTORNEY ANTOINETTE STEPHENSON, INVESTIGATOR PIERRE EASLEY AND JOHN DOE'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12 (b) (1) and 12 (b) (6) with the Clerk of Court using the CM/ECF system which will provide electronic notification to the following attorney of record:

**Ashley J. Palmer**
**OFFICE OF THE FULTON COUNTY ATTORNEY**
**141 Pryor Street, S.W., Suite 4038**
**Atlanta, Georgia 30303**
**(404) 612-0246 (office); (404) 730-6324 (facsimile)**

This the 24th day of November, 2017.

**/S/TIFFANY WILLIAMS ROBERTS**
**Tiffany Williams Roberts**
Bar No. 791208
235 Peachtree Street, Suite 400
Atlanta, Georgia 30303
(404) 287-2090 – telephone
(678) 965-1790 –facsimile
troberts@tiffanywroberts.com