IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KIDANEMARIAM KASSA, : | |
| : | |
| Plaintiff, : | |
| : | CIVIL ACTION NO. |
| v. : | 1:17-cv-2068-AT |
| : | |
| FULTON COUNTY, GEORGIA, et al, : | |
| : | |
| Defendants. : | |

## **ORDER**

Defendants' Motion to Dismiss [Doc. 27] in this civil rights action under 28 U.S.C. § 183 is currently pending before the Court.

### I.   Issues Before the Court and Supplemental Briefing Need

Upon review of Plaintiff's First Amended Complaint (Doc. 18) and the parties' briefs regarding the pending Motion to Dismiss, the Court has concluded that supplemental briefing is required to permit the Court to address both the serious claims raised by the Plaintiff's Amended Complaint as well as the significant immunity defenses raised by Defendants.  The parties shall file successive briefs and submissions, to address the following issues and Georgia Supreme Court case issued subsequent to the filing of the parties' briefs.

#### **Defendants**

Defendants shall file by October 12, 2018 a brief addressing the following questions and issues:

1. What legal authority supports the Defendants' contention that although Defendant Stephenson "sought and successfully obtained the [material witness] warrant, *only the Judge who issued the warrant could recall or cancel it*"? (Defs.' Br., Doc. 27-1 at 19; *see also* 27-1 at 21) (emphasis added.) If Defendants cannot point to any such authority, do they agree that their assertion is one based on their view of the facts?

2. Was Judge John J. Goger, in fact, the judge who presided over the trial in Fulton County Superior Court Indictment Number 14 SC 126099? If not, identify the statutory provision that would cause Judge Goger to review and recall or cancel the material witness warrant?

3. Plaintiff's brief in opposition to Defendants' Motion to Dismiss relies in part on the Georgia Court of Appeals decision in *Schroeder v. Dekalb County*, 802 S.E.2d 277 (Ga. Ct. App. 2017). Since the briefing of the Defendants' Motion to Dismiss, the Georgia Supreme Court has reversed in part the Court of Appeals' decision. *Withers v. Schroeder*, --- S.E.2d ---, 2018 WL 4288425 (Ga. Sept. 10, 2018). Address what if any impact the Supreme Court's recent decision has on the legal analysis of the immunity issues at stake in the instant case, as the case addresses judicial immunity and quasi-judicial immunity. Additionally, address, what if any impact *Withers* has on the question of whether the act of causing a material witness warrant to issue and timely canceling that warrant --

where the witness is the crime victim -- is a ministerial task in nature or not.

**Plaintiff**

Plaintiff shall file by October 26, 2018 a brief addressing the following questions and issues:

1. Provide a response, as appropriate, to Defendants' supplemental brief.

2. Address the questions in paragraphs (1) and (3) identified above as requiring Defendants' responses.  As a substantial portion of Plaintiff's argument regarding Plaintiff's state law negligence claim in Count 2 relied upon the Georgia Court of Appeals decision in *Schroeder,* is that claim no longer viable?

3. Neither Defendant Howard nor the other individually named defendants in the Fulton County District Attorney's Office may likely be deemed the legal representatives of Fulton County.  *Owens v. Fulton County*, 877 F.2d 947 (11th Cir. 1989).  Additionally, Plaintiff has only named a fictitious "John Doe" defendant as the arresting deputy sheriff or officer in this case.  The Court advises Plaintiff that the use of fictitious party pleading is not appropriate in district court, though the Court is amenable to a party's moving to add a party in the event an identification problem exists that can best be cured by discovery.  Accordingly, the Court authorizes Plaintiff to attach to his memorandum a proposed Amended Complaint, in the event Plaintiff wishes formally to request

3

leave to amend his Complaint so as to address the issues raised by this Order.

## II. Conclusion

Based on the supplemental briefing required, the Court **STAYS** the Defendants' Motion to Dismiss [Doc. 27] until the briefing specified above has been completed and filed. The Clerk's Office is **DIRECTED** to resubmit the Motion to Dismiss upon the filing of Plaintiff's response brief.

**SO ORDERED** this 28th day of September, 2018.

_____
**AMY TOTENBERG
UNITED STATES DISTRICT JUDGE**