IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| KIDANEMARIAM KASSA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL RIGHTS COMPLAINT |
| v. | ) | 42 U.S.C. §1983 |
| | ) | |
| | ) | CIVIL ACTION NO. |
| | ) | 1:17-CV-02068-AT |
| FULTON COUNTY, GEORGIA, | ) | |
| PAUL H. HOWARD, officially & | ) | |
| Individually, | ) | |
| ANTIONETTE STEPHENSON, | ) | |
| individually, PIERRE EASLEY, | ) | |
| individually, and JOHN DOE, | ) | |
| officially & individually, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**SUPPLEMENTAL BRIEF IN SUPPORT OF DEFENDANTS FULTON COUNTY, GEORGIA, DISTRICT ATTORNEY PAUL HOWARD, ASSISTANT DISTRICT ATTORNEY ANTOINETTE STEPHENSON, INVESTIGATOR PIERRE EASLEY AND JOHN DOE'S MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 12(b)(1) and 12(b)(6)**

COME NOW Defendants Fulton County, Georgia, District Attorney Paul Howard, Assistant District Attorney Antoinette Stephenson, Investigator Pierre Easley and John Doe[1] ("Defendants"), by and through undersigned counsel, and file this Supplemental Brief in support of their Motion to Dismiss

---

[1] Defendant John Doe files this motion to dismiss by special appearance only, without waiving the defenses of insufficient process, insufficiency of service of process, personal jurisdiction, subject matter jurisdiction and venue or submitting him or herself to the jurisdiction of this Court.

Plaintiff Kidanemariam Kassa's First Amended Complaint for Damages and Declaratory Relief Pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6), and pursuant to this Honorable Court's order dated September 28, 2018 [Doc. 33].

## INTRODUCTION

In this Court's order dated September 28, 2018 [Doc. 33], this Court posed three distinct questions to Defendants. In this Supplemental Brief,[2] the Defendants will address each question as follows:

## LEGAL ANALYSIS

I. **What legal authority supports the Defendants' contention that although Defendant Stephenson "sought and successfully obtained the [material witness] warrant, only the Judge who issued the warrant could recall or cancel it"? If Defendants cannot point to any such authority, do they agree that their assertion is one based on their view of the facts?**

Pursuant to O.C.G.A. § 15-1-3, "Every court has power... (4) [t]o control, in the furtherance of justice, the conduct of its officers and all other persons connected with a judicial proceeding before it, in every matter appertaining thereto; (6) [t]o amend and control its processes and orders, so as to make them conformable to law and justice, and to amend its own

---

[2] Defendants adopt each and every argument previously asserted in support of this motion, see [Doc. 27-1], as if fully stated herein.

records, so as to make them conform to the truth; and (7)  [t]o correct its own proceedings before final judgment."  In relation to material witness warrants, Georgia courts have interpreted this inherent power of the courts to mean that a judicial official may compel a witness's testimony through the issuance of a material witness warrant.  See Crosby v. Potts, 8 Ga. App. 463, 69 S.E. 582, 583 (1910) ("Just how the performance of this duty of giving testimony should be compelled is a matter which from time to time has been the subject of various statutes; but the better view seems to be that it has ever been one of the inherent powers of courts to devise ways to compel all persons to perform this testimonial duty, except in so far as they may, for special reasons, have been made exempt from testifying either generally or specially.").  Georgia courts also recognize that typically, when such warrants are issued, there is a procedure for cancelling or recalling them once the warrant is no longer necessary.  See, e.g., State v. Stringer, 258 Ga. 605, 605 (noting that a procedure existed within the Richmond County Solicitor's Office for recalling a bench warrant from the Richmond County Sheriff's Department).  And typically that procedure involves the prosecutor making an oral motion to a judge (exactly which judge will be addressed in depth in Section

II below), and the judge orally approving the motion, and then some document being prepared which contains the judge's signature, whether signed personally by him or her or affixed by means of a stamp.  Id. at 606.

The process in Fulton County is that the Fulton County Sheriff's Office must either receive a warrant cancellation notice or a court order to recall or cancel a warrant.  See Nelson Aff., ¶ 4, attached hereto as Exhibit "A."  Said notices or orders are electronically filed after the judge signs the document, and either an individual from Superior Court or the court's case manager will physically deliver, fax or electronically transmit the e-filed document to the Sheriff's Office for processing.  Id., ¶ 6.  Prior to the e-file process, said notices and orders were signed by the judge, taken to Superior Court and then an individual from the clerk's office or the case manager would physically deliver, fax or electronically transmit the order to the Sheriff's Office for processing.  Id., ¶ 7.  However, whether the warrant is cancelled via order or a warrant cancellation notice,[3] both documents require a judge's signature for the warrant cancellation or recall to be

---

[3] The warrant cancellation notice is typically prepared by a court officer (district attorney, probation officer, etc.). Nelson Aff. ¶ 5.

effectuated.  Id., ¶ 8.

**II. Was Judge John J. Goger, in fact, the judge who presided over the trial in Fulton County Superior Court Indictment Number 14SC126099?  If not, identify the statutory provision that would cause Judge Goger to review and recall the material witness warrant?**

Plaintiff's alleged assailant was eventually tried and convicted, and the assailant's trial was presided over by Judge Wendy Shoob, not by Judge John J. Goger (see Exhibit "B").  In this instance, where Plaintiff appeared of his own volition, necessitating the recall or cancellation of the material witness warrant, the question before this Court is whether the Judge who issued the warrant (here, Judge Goger) had the authority to review and recall or cancel the warrant?

In an unpublished Georgia Attorney General ("AG") Opinion, the AG addressed this very issue, upon receiving a request for an opinion as to "whether the dismissal of an arrest warrant, at the request of a prosecutor and prior to its execution, may be effected by the judge or the judicial officer who issued the warrant, or whether such dismissal must only be performed by the court with jurisdiction to try the case."  1985 Op. Atty Gen. Ga. 193, No. U85-27, 1985 WL 68941, at *1 (June 21, 1985).

The AG cites O.C.G.A. § 17-4-40 in his opinion, which provides in pertinent part, "[a]ny judge of a superior, city,

5

state, or magistrate court or any municipal officer clothed by law with the powers of a magistrate may issue a warrant for the arrest of any offender against the penal laws, based on probable cause either on the judge's or officer's own knowledge or on the information of others given to the judge or officer under oath." The AG also cites O.C.G.A. § 15-1-3, supra, at 2-3. In reaching his conclusion, the AG posed the hypothetical that "if[,] after arrest[,] [an] accused is brought before the same judicial officer who issued the warrant for the purposes of a commitment hearing, it is certain that at that point the officer would be sitting as a court and could exercise the statutory powers of a court contained in O.C.G.A. § 15-1-3, to include the dismissal of the warrant." Accordingly, the AG opined that "[a]n arrest warrant may be dismissed by the issuing judicial officer at the request of the prosecutor prior to its execution, and need not be dismissed by the court having jurisdiction over the trial of the case." Id. at *2.

As further support, O.C.G.A. § 17-7-25 states, "[a] court of inquiry may order the arrest of witnesses if required to compel their attendance." A court of inquiry is defined as a court "organized for the purpose of examining into an accusation against a person arrested for the violation of the penal laws."

6

<u>Ormond v. Ball</u>, 120 Ga. 916, 48 S.E. 383, 384 (1904).  "The court of inquiry does not come into existence until a person is 'legally arrested and brought before [the court].'  Then, and not till then, does the court of inquiry come into existence." <u>Id.</u> at 385.

Here, Judge Goger was acting within the scope of his statutory authority as a judicial officer authorized to issue warrants when he issued the material witness warrant, which the State successfully argued was necessary to compel Plaintiff's attendance, since he refused to cooperate in the prosecution of his assailant's case.  Additionally, Judge Goger was acting as the judicial officer over the court of inquiry, which came into existence when Plaintiff's assailant was arrested for his crimes against Plaintiff.  And though Judge Goger did not preside over Plaintiff's assailant's trial, he still had the statutory and legal authority to review and recall or cancel the material witness warrant.

> **III. What, if any, impact does the Supreme Court's recent decision in <u>Withers v. Schroder</u>, ---S.E.2d---, 2018 WL 4288425 (Ga. Sept. 10, 2018) have on the legal analysis of the immunity issues at stake in the instance case, as the case addresses judicial immunity and quasi-judicial immunity?  Additionally, what, if any, impact does <u>Withers</u> have on the question of whether the act of causing a material witness warrant to issue and timely canceling that warrant -- where the witness is the crime**

**victim -- is a ministerial task in nature or not?**

In the Supreme Court's recent decision in <u>Withers</u>, the Court reversed the Court of Appeals' ruling that Chief Judge Nelly Withers of the former DeKalb County Recorder's Court and Troy Thompson, the court administrator of same, were not immune from suit. The Georgia Supreme Court found that, contrary to the Georgia Court of Appeals' holding, "[t]he statute, at the time of the events in question, thus made it clear that [DeKalb County Recorder's Court] was obligated to report to [the Department of Driver Services or DDS] the status of a traffic case pending before it, including any final adjudication," which was "the core function complained of" by the Plaintiff. <u>Withers</u>, ---S.E.2d---, 2018 WL 4288425, at *3. Thus, since "the court's making a report to DDS was part and parcel of the judicial process necessary to fully resolve traffic offenses pending in the court," the Georgia Supreme Court found that the Court of Appeals' reasoning that "it was too early in the litigation to determine whether [appellants'] actions, as alleged by appellee, were administrative or judicial in nature" was erroneous. <u>Id.</u> at *2.

Here, Plaintiff similarly alleges that ADA Stephenson and Investigator Easley's actions were investigative in nature, and

resultingly, that they do not enjoy immunity, whether absolute or qualified. [Doc. 31, p. 9]. However, just as the Georgia Supreme Court found in <u>Withers</u>, O.C.G.A. § 17-4-40 makes it clear that both ADA Stephenson and Investigator Easley were not acting as factual investigators but were carrying out their prosecutorial duties by providing the court with probable cause, which would allow it to comply with the statutory mandate that permits "[a]ny judge of a superior, city, state, or magistrate court or any municipal officer clothed by law with the powers of a magistrate...[to] issue a warrant for the arrest of any offender against the penal laws[,]" when the warrant is "based on probable cause...on the information of others given to the judge or officer under oath."

The act of obtaining a material witness warrant was undertaken as ADA Stephenson was preparing for trial and seeking to convict Plaintiff's attacker. ADA Stephenson sought the warrant from the Court not based on her own testimony but that of Investigator Easley [Doc. 18 at 6, ¶ 23]. More importantly, Judge Goger was provided with cause -- Plaintiff's continued use of his alleged health issues as an excuse for not being able to assist in the prosecution of his attacker -- for a warrant to be issued. Only Judge Goger could determine whether the testimony

of Investigator Easley was sufficient for the issuance of a warrant. Thus, at all times, ADA Stephenson was acting in her prosecutorial role, not in an investigative role, and accordingly, just as the Georgia Supreme Court found in Withers, she is entitled to absolute immunity. Further, to the extent that Investigator Easley "acted at the direction of [ADA Stephenson] in fulfilling the function of" providing the court with testimony to determine whether to issue a material witness warrant, then he is entitled to qualified immunity.

Withers has no bearing on the question of whether the act of causing a material witness warrant to issue and timely cancelling the warrant -- where the witness is the crime victim -- is a ministerial task or not. "[A] ministerial duty is 'simple, absolute, and definite, arising under conditions admitted or proved to exist, and requiring merely the execution of a specific duty.'" Smith v. McDowell, 292 Ga. App. 731, (2008) (citing Murphy v. Bajjani, 282 Ga. 197 (2007), aff'd 285 Ga. 592 (2009)). Here, Plaintiff has not proven that any statute or policy exists that established a simple, absolute and definite duty for ADA Stephenson or Investigator Easley to timely cancel or recall the material witness warrant. Further, as previously argued, only a judge could authorize the recall or

cancellation of the warrant.

Additionally, once the <u>Withers</u> Court found that "judicial immunity and quasi-judicial immunity are absolute," it held that it could not sustain any of the Plaintiff's state law claims or § 1983 claims against appellants. <u>Id.</u> at *4. Likewise, here, since ADA Stephenson and DA Howard are entitled to absolute immunity, then Plaintiff's claims against them are all foreclosed, regardless of whether any of their alleged duties were ministerial or not. And Investigator Easley enjoys absolute immunity as well for his testimony before the court,[4] even if false, <u>Rehberg v. Paulk</u>, 611 F.3d 828, 839 (11th Cir. 2010), in addition to his entitlement to official immunity on the state law claims and qualified immunity on the federal claims made against him in his individual capacity. <u>See</u> [Doc. 27-1].

### CONCLUSION

For the foregoing reasons, Plaintiff's Complaint should be dismissed in its entirety and Defendants' Motion to Dismiss should be GRANTED.

Respectfully submitted, this 12th day of October, 2018.

---

[4] Defendants could find no statutory authority within the 11th Circuit to support the supposition that testimony can ever be ministerial.

11

**OFFICE OF THE COUNTY ATTORNEY**

Patrise Perkins-Hooker
COUNTY ATTORNEY
Georgia Bar No. 572358

Kaye W. Burwell
Deputy County Attorney
Georgia Bar No. 775060

*/s/ Ashley J. Palmer*
Ashley J. Palmer
Senior Assistant County Attorney
Georgia State Bar No. 603514

**OFFICE OF THE FULTON COUNTY ATTORNEY**
141 Pryor Street, S.W.
Suite 4038
Atlanta, Georgia 30303
(404) 612-0246 (office)
(404) 730-6324 (facsimile)

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

```
KIDANEMARIAM KASSA,            )
                              )
      Plaintiff,              )
                              )         CIVIL RIGHTS COMPLAINT
v.                            )         42 U.S.C. §1983
                              )
                              )         CIVIL ACTION NO.
                              )         1:17-CV-02068-AT
FULTON COUNTY, GEORGIA,       )
PAUL H. HOWARD, officially &  )
Individually,                 )
ANTIONETTE STEPHENSON,        )
individually, PIERRE EASLEY,  )
individually, and JOHN DOE,   )
officially & individually,    )
                              )
      Defendants.             )
_____)
```

### CERTIFICATE OF SERVICE

THIS CERTIFIES that on October 12, 2018, I presented this document in Courier New, 12 point type, and that I have electronically filed the foregoing **SUPPLEMENTAL BRIEF IN SUPPORT OF DEFENDANTS FULTON COUNTY, GEORGIA, DISTRICT ATTORNEY PAUL HOWARD, ASSISTANT DISTRICT ATTORNEY ANTOINETTE STEPHENSON, INVESTIGATOR PIERRE EASLEY AND JOHN DOE'S MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 12(b)(6)** with the Clerk of Court using the CM/ECF system, and will provide mail notification to the following attorney of record:

13

Tiffany Williams Roberts
Tiffany W. Roberts, Attorney at Law
Suite 400
235 Peachtree Street
Atlanta, Georgia 30303

This 12th day of October, 2018.

**/s/ Ashley J. Palmer**
Ashley J. Palmer
Senior Assistant County Attorney
Georgia State Bar No.: 603514

**OFFICE OF THE FULTON COUNTY ATTORNEY**
141 Pryor Street, S.W.
Suite 4038
Atlanta, Georgia 30303
(404) 612-0246 (office)
(404) 730-6324 (facsimile)

14