## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| KIDANEMARIAM KASSA, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) **CIVIL ACTION FILE NO.** |
| **vs.** | ) |
| | ) **1:17-CV-02068-AT** |
| FULTON COUNTY, GEORGIA, | ) |
| PAUL H. HOWARD, officially & | ) |
| individually, | ) |
| ANTIONETTE STEPHENSON, | ) |
| individually, and | ) **JURY TRIAL REQUESTED** |
| PIERRE EASLEY, individually. | ) |
| | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

## PROPOSED SECOND AMENDED COMPLAINT FOR DAMAGES AND
## DECLARATORY RELIEF

COMES NOW PLAINTIFF KIDANEMARIAM KASSA ("Mr. Kassa"),

within the time requirements provided by law, and offers this PROPOSED

SECOND AMENDED COMPLAINT FOR DAMAGES AND DECLARATORY

RELIEF against Defendants pursuant to 42 U.S.C. §1983, and under Georgia law,

against the individual defendants.  This action arises from the unlawful arrest of

Mr. Kassa, which violated the Fourth and Fourteenth Amendments to the United

States Constitution, the Constitution of the State of Georgia and pursuant to the

negligent breach of a ministerial duty by Fulton County and its agents.

## NATURE OF THE CASE

1.  Kidanemariam Kassa, the victim of a 2014 robbery in Fulton County, was

    wrongfully arrested as a proximate result of the Fulton County District

    Attorney and/or Sheriff failing to formally request that the appropriate

    judicial officer recall or cancel a material witness warrant for his arrest after

    he voluntarily testified at trial.  In addition, the material witness warrant was

    secured by presenting false sworn testimony to a judge that Mr. Kassa was

    avoiding subpoena service.  Mr. Kassa seeks monetary damages, attorney's

    fees and costs and a trial by jury.

## PARTIES

2.  Plaintiff Kidamenariam Kassa ("Mr. Kassa") resides in the State of Georgia

    and is entitled to assert claims of this kind and nature.

3.  Fulton County, Georgia ("Fulton County") is a local subdivision of the State

    of Georgia and a body corporate organized and existing under the

    Constitution of the State of Georgia. GA. CONST. ART. 9, § 1 ,1;

    0.C.G.A. § 36-1-3.

4. The governmental structure of Fulton County includes a Chief
   Commissioner charged with running the day-to-day operations of the County
   and a Board of Commissioners ("Fulton BOC") that functions as the
   governing body for Fulton County.

5. Fulton County may be served with process through Robert "Bob" Ellis,
   Vice-Chair of the BOC of Fulton County at 141 Pryor Street, Atlanta,
   Georgia.   O.C.G.A. § 36-1-5.   Mr.  Ellis is the sitting chairperson as the
   elected chair, John Eaves, resigned from his seat to run for another political
   office.

6. Mr. Kassa sues the County under 42 U.S.C. § 1983, alleging that the County
   has violated the Due Process clause of the 14th Amendment and the 4th
   Amendment to the United States Constitution by maintaining customs and
   policies that caused the deprivations of liberty suffered by Mr. Kassa.

7. Defendant Paul Howard ("Howard") is the District Attorney and Chief
   prosecuting officer employed by the County and served in this capacity
   when the events described in this complaint occurred.  Howard is subject to
   the jurisdiction of this Court.

8. Defendant Antionette Stephenson ("Stephenson") was the Assistant District
   Attorney responsible for the day-to-day responsibilities associated with the

criminal action that gave rise to the wrongful arrest of Mr. Kassa.  She is subject to the jurisdiction of this Court and under the direct supervision of Defendant Howard.

9.  Defendant Investigator Pierre Easley ("Easley") is or was an investigator employed by the County and under the direct supervision and/or instruction of Defendants Howard and Stephenson when the events described in this complaint occurred.  Defendant Easley is subject to the jurisdiction of this Court.

## VENUE

10.  All acts or omissions alleged by Mr. Kassa in this complaint occurred in Fulton County, Georgia, and therefore venue is proper.

## JURISDICTION

11. This Court has subject matter jurisdiction over these claims.

12.  Mr. Kassa has satisfied the ante litem notice contemplated by O.C.G.A. § 36-33-S(b).

13.  Attorney's fees are authorized by O.C.G.A. § 13-6-11.

## FACTS

Underlying Criminal Prosecution

14.  On April 22, 2014, Mr. Kassa was the victim of an attempted armed robbery in Fulton County, Georgia as he drove his taxi cab in Downtown Atlanta.  His attacker Jarvis Taylor ("Mr. Taylor") was prosecuted pursuant to Fulton County Superior Court Indictment Number 14SC126099.

15.  On December 5, 2014, unbeknownst to Mr. Kassa, Mr. Taylor was granted a bond which caused Mr. Kassa to understandably experience a significant amount of anxiety and fear.

16.  The Office of the Fulton County District Attorney provided little to no services to Mr. Kassa in the wake of his victimization.

17.  Nearly a year later, the Fulton County District Attorney prepared to try Mr. Taylor for the attack on Mr. Kassa.

18.  Around the same period of time that the District Attorney was preparing for trial, Mr. Kassa suffered a significant cardiac event.

19. Mr. Kassa properly informed the District Attorney's office of his physical impairment.

20.  The trial of Mr. Kassa's alleged assailant was continued to a later date.

21.  Mr. Kassa's cardiac health continued to decline; nevertheless, he attempted to keep the Office of the District Attorney aware condition through telephone conversations.

22. The Office of the District Attorney's practice was to contact Mr. Kassa only when trial was imminent and not to extend assistance through any victim's assistance programs.

23.  Without notice to Mr. Kassa, Defendant Stephenson, on March 18, 2015, presented false information furnished by Defendant Easley to obtain a material witness warrant for Mr. Kassa by falsely alleging to Judge John J. Goger that Mr. Kassa was willfully avoiding subpoena service.

24. It is unclear from trial court records whether Defendant Easley testified before Judge Goger or Defendant Stephenson merely attested to the truth of to the allegations of Defendant Easley.

25. There is no record of a Fulton County Superior Court hearing on the matter of the material witness warrant for Mr. Kassa.

26.  Judge Goger's March 18, 2018 Order for the Arrest of a Material Witness required that the jail immediately notify the court of Mr. Kassa's incarceration so that a hearing could be set to consider an appearance bond.

27. Judge Goger's order did not provide any language restricting decisions related to the cancellation of the warrant to himself.

28. At no point did Mr. Kassa willfully avoid subpoena service.

29. At no point did Mr. Kassa fail to appear in court as ordered.

30. At no point did the Office of the District Attorney or its agents attach Mr. Kassa.

31. Mr. Kassa, after being confused by a great deal of hostile threats lodged by Defendant Easley, obtained the representation of an attorney to accompany him to trial to ensure that he fully complied with the law.

32. Mr. Kassa voluntarily appeared at trial on March 23, 2015 and assisted the prosecution in obtaining the conviction of his attacker.

33. Judge Wendy Shoob presided over the criminal trial at issue.

34. No hearings or proceedings requiring Mr. Kassa's appearance occurred after the criminal trial.

35. At no point during or after Mr. Kassa's testimony did Defendant Stephenson request that the Judge Goger or any other judicial officer cancel or recall the warrant for Mr. Kassa's arrest.

36. At no point during or after Mr. Kassa's testimony did Defendant Easley request that Judge Goger or any other appropriate judicial officer cancel or recall the warrant for Mr. Kassa's arrest.

37. Defendants Easley and Stephenson failed to request in writing that the Fulton County Sheriff recall or cancel the active warrant for Mr. Kassa's arrest after he appeared to testify at trial.

38. Defendant Easley, if serving as the warrant affiant, had a duty to request that the warrant be recalled or cancelled.

39. Defendant Stephenson, if serving as either the warrant affiant or applicant, had a duty to request that the warrant be recalled or cancelled.

40. Neither Defendant Easley nor Defendant Stephenson took any meaningful steps whatsoever to ensure that the appropriate authorities cancel or recall the active warrant for Mr. Kassa's arrest.

41. The Fulton County District Attorney and Sheriff adhere to an internal administrative policy requiring the delivery of the signature of a judge on either a warrant cancellation notice or order before a warrant can be cancelled in the Georgia Crime Information Center's database.

42. Defendant Stephenson was authorized to present to a judicial officer for signature either a warrant cancellation notice or proposed order cancelling the material witness warrant.

43. Defendant Easley was authorized to present to a judicial officer a warrant cancellation notice for signature.

44. Neither Defendant Easley nor Defendant Stephenson delivered such a writing to a judicial officer.

45. Neither Defendant Easley nor Defendant Stephenson delivered such a writing to the Fulton County Sheriff's Department.

46. The act of requesting that a material witness warrant for a third-party be cancelled or recalled is a ministerial task unrelated to the adjudication of a criminal case.

47. As a result of this ministerial failure, Mr. Kassa—who was unaware that any warrant had been obtained for his arrest at all—left the Fulton County Courthouse under the continuing threat of arrest.

Automobile Accident & Arrest

48. On the evening of June 6, 2015 while driving, Mr. Kassa was struck by another driver in Atlanta, Fulton County, Georgia.  Mr. Kassa was not cited and was not the at-fault driver.

49.  After citing the at-fault driver, the citing Atlanta Police Department Officer advised Mr. Kassa that he had to be placed under arrest due to an active warrant.

50.  The active warrant pursuant to which Mr. Kassa was arrested was the material witness warrant issued by Judge John Goger on March 18, 2015.

51.  Mr. Kassa sustained significant physical injuries as a result of the accident and was transported to Grady Memorial Hospital Detention Division.

Incarceration and Lack of Medical Attention

52.  After receiving treatment at Grady Memorial Hospital Detention Division, Mr. Kassa was transferred to the Fulton County Jail.

53. The Fulton County Jail staff, employed by the Fulton County Sheriff's Office failed to immediately notify the court that Mr. Kassa had been arrested, despite Judge Goger's order requiring them to do so immediately upon Mr. Kassa's arrest.

54. The failure to notify the court of Mr. Kassa's incarceration was administrative disobedience to a court order which was ministerial in nature.

55.  While in jail, Mr. Kassa experienced additional health crises that could not be adequately treated by jail staff.

56.  After imploring Fulton County jail staff for assistance for hours, Mr. Kassa
     was transported back to Grady Memorial Hospital Detention.

57.  While being treated, Mr. Kassa learned that he had suffered a blood clot
     and other complications due to lack of being treated by jail staff and that
     prolonged neglect could have resulted in his death.

58.  On June 12, 2015--six days after his arrest--Judge Wendy Shoob signed an
     order mandating Mr. Kassa's release.

59.  Judge Shoob's order also noted that the District Attorney, "failed to cancel
     the warrant in writing after the witness appeared at trial and testified."

60.  Mr. Kassa's supposed unwillingness to testify at trial was the singular basis
     for Defendant Stephenson applying for, and Defendant Easley providing
     information in favor of, the warrant.

61.  Defendant Howard publicly claims that Defendant Easley orally requested
     that the Sheriff cancel Mr. Kassa's arrest warrant.

62.  There is no allegation that any Defendant requested that the proper judicial
     officer cancel or recall the warrant for Mr. Kassa's arrest.

63.  If such a request was made by Defendant Easley or Defendant Stephenson
     to an agent of the Fulton County Sheriff, then the failure to cancel the
     warrant was a result of negligence on the part of an employee of the Fulton

County Sheriff, whose identity can be determine through the discovery process.

64. The failure to cancel the warrant on the part of any employee of the Fulton County Sheriff, if properly requested by Defendants Easley, constitutes the failure to fulfill a ministerial duty.

65. The identities of the person(s) at the Fulton County Jail responsible for failing to notify the court of Mr. Kassa's arrest can be determined through the discovery process.

66. The failure to perform this critical ministerial duty on the part of the aforementioned state actors resulted in the loss of Mr. Kassa's liberty, which consequently threatened Mr. Kassa's life.

67. Mr. Kassa has continued to experience health issues stemming from his inability to obtain adequate medical care while wrongfully incarcerated.

## COUNT 1

### Denial of Due Process, Malicious Prosecution & Illegal Seizure

68. Mr. Kassa realleges each fact set out in paragraphs 1 through 67.

69. Mr. Kassa never communicated an intent to refuse to appear at trial to testify against Mr. Taylor.

70. Mr. Kassa never refused contact from any agent or employee of the Fulton County District Attorney's Office.

71. Mr. Kassa received little to no assistance from the Fulton County District Attorney leading up to trial in the way of education, trial preparation and protection.

72. Defendants Easley and Stephenson, on March 18, 2015 willfully presented false information to Judge Goger regarding Mr. Kassa's willingness to testify at trial.

73. The false information knowingly presented permitted them to avoid requirements of properly serving Mr. Kassa with a subpoena to appear at trial.

74. The presentation of false evidence resulted in Judge Goger granting a material witness for Mr. Kassa's arrest.

75. Defendants Stephenson and Easley failed to request that the appropriate judicial officer cancel the material witness warrant after Mr. Kassa testified at trial.

76. The actions of Defendants Easley and Stephenson proximately caused the arrest of Mr. Kassa, rendering them individually liable for damages related to malicious prosecution, illegal seizure and false arrest.

77. Mr. Kassa was not the target of any criminal investigation at the time that the warrant was obtained.

78. The actions of Defendants Easley and Stephenson are part of a larger policy or practice within the Fulton County District Attorney's Office of securing material witness warrants without properly serving witnesses with subpoenas and/or communicating with witnesses prior to trial.

79. Other instances in which the Fulton County District Attorney's Office has sought or positioned itself to seek material witness warrants in lieu of effectuating proper subpoena service and/or communicating with witnesses includes but is not limited to:

 a. Fulton County Superior Court Indictment Number 16SC140704, re-indicted as 17SC150105, State vs. Dominique Carter.  In this case, material witness warrant issued for witness Corinthia Harris.

 b. Fulton County Superior Court Indictment Number 16SC144201, State vs. Jerrell Mathis.  In this case, the State applied for and obtained a material witness warrant for witness Dymond Stewart.

 c. Fulton County Superior Court Indictment 16SC146546, State v. Zachery Hopkins. In this case, the State applied for a material witness

warrant for witness Linda Clemons for the purpose of securing the appearance of a minor witness who had not avoided service.

d.  A proceeding before Judge Wendy Shoob of unknown indictment number in which the District Attorney's Office sought and obtained a material witness warrant for a woman who had given birth near the time that the case of interest was called to trial.  Because of her incarceration, the witness was unable to nurse her newborn and suffered medical complications.

80.  This policy or practice of seeking material witness warrants for third-party witnesses whom had not been properly subpoenaed, were cooperating with the State or whom the State had failed to communicate with, violated Mr. Kassa's rights pursuant to the Due Process clause of the 14th Amendment and the 4th Amendment to the United States Constitution by maintaining customs and policies that caused the deprivations of liberty suffered by Mr. Kassa, thereby giving rise to this claim under 42 U.S.C. §1983 against Defendants Howard, Easley & Stephenson.

81.As District Attorney, Defendant Howard is the policy-maker who instructs and requires his staff to comply with this policy or practice.

**82.** At all times relevant, Defendants Stephenson and Easley were acting in accordance with the policies as set forth by Defendant Howard and Fulton County generally.

## **COUNT 2**

### Negligence: Breach of Ministerial Duties

83.  Mr. Kassa realleges each fact set forth in paragraphs 1 through 82 of this complaint and incorporates them here by reference.

84.  Defendants Easley & Stephenson had a ministerial duty to request that the appropriate judicial officer cancel or recall the active warrant for Mr. Kassa's arrest in writing.

85. Once Mr. Kassa fulfilled his duty to testify and the criminal action at issue was fully adjudicated, no employee or agent of the State possessed discretion to leave the warrant in active status after his testimony had been secured.

86.  Defendants' failure to formally request that a judicial officer recall or cancel the warrant for Mr. Kassa's arrest constituted gross negligence and a breach of a ministerial duty.

87.  Defendants breached this duty resulted in a deprivation of liberty interests protected by the Georgia Constitution's due process guarantees. See Ga. Const. Art. I, § I, III & XIII.

88. Defendants also breached the duty to request a warrant cancellation in writing as established by the internal policy observed by the Fulton County District Attorney and Fulton County Sheriff.

89.  The negligent failure by Defendants Stephenson & Easley to perform their ministerial duties was the proximate cause of the unlawful arrest and prolonged detention of Mr. Kassa.

90. The negligent failure by the employee(s) of the Fulton County Jail who failed to notify the court of Mr. Kassa's arrest was the proximate cause of his prolonged detention and injuries suffered while in custody.

91.  As a result of the defendants' negligent acts and omissions, Mr. Kassa has suffered emotional, physical, mental and financial injury, entitling him to recover compensatory against the defendants in an amount to be determined by the enlightened conscience of the jury.

## COUNT 3

### Attorney's Fees

92.  Mr. Kassa realleges each fact set forth in paragraphs 1 through 91 of this complaint and incorporates them here by reference.

93.  By their acts and omissions specified above, as well as other conduct, the defendants have acted in bad faith, have been stubbornly litigious and have caused Mr. Kassa unnecessary trouble and expense.

94.  Mr. Kassa is entitled to recover his actual expenses of litigation, including attorney's fees, from the defendants.

WHEREFORE, MR. KASSA RESPECTFULLY REQUESTS the following relief:

(a) That the Court award Mr. Kassa compensatory and nominal damages against the named defendants in an amount to be determined by the enlightened conscience of an impartial jury;

(b) That the Court permit individual representatives of Fulton County to be named after their identities are determined through discovery;

(c) That the Court grant Mr. Kassa his reasonable costs and attorney's fees in bringing this action in an amount to be determined at trial;

(d) That Mr. Kassa be granted a trial by jury on all issues so triable; and

(e) That Mr. Kassa be granted such other and further relief as this Court

deems just and proper.

Respectfully submitted this 26th day of October, 2018.

**/S/TIFFANY WILLIAMS ROBERTS**
**Tiffany Williams Roberts**
Bar No. 791208
235 Peachtree Street, Suite 400
Atlanta, Georgia 30303
(404) 287-2090 – telephone
(678) 965-1790 –facsimile
troberts@tiffanywroberts.com

<u>CERTIFICATION</u>

Counsel for Plaintiff certifies that the foregoing Proposed Second Amended

Complaint complies with the font and point size requirements of Local Rule 5.1 (C).

**/S/TIFFANY WILLIAMS ROBERTS**
**Tiffany Williams Roberts**
Bar No. 791208
191 Peachtree Street, Suite 3300
Atlanta, Georgia 30303
(404) 287-2090 (t); (678) 965-1790 (f)
troberts@tiffanywroberts.com

19

**UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| **KIDANEMARIAM KASSA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CIVIL ACTION FILE NO.** |
| **vs.** ) | |
| ) | **1:17-CV-02068-AT** |
| **FULTON COUNTY, GEORGIA,** ) | |
| **PAUL H. HOWARD, officially &** ) | |
| **individually,** ) | |
| **ANTIONETTE STEPHENSON,** ) | |
| **individually,** ) | **JURY TRIAL REQUESTED** |
| **PIERRE EASLEY, individually, and** ) | |
| **JOHN DOE, officially & individually,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 26, 2018, I have electronically filed the

foregoing PLAINTIFF'S PROPOSED SECOND AMENDED COMPLAINT with

the Clerk of Court using the CM/ECF system by attaching it as "Exhibit C" to

PLAINTIFF'S RESPONSE TO SUPPLEMENTAL BRIEF IN SUPPORT OF

DEFENDANTS FULTON COUNTY, GEORGIA, DISTRICT ATTORNEY

PAUL HOWARD, ASSISTANT DISTRICT ATTORNEY ANTOINETTE

STEPHENSON, INVESTIGATOR PIERRE EASLEY AND JOHN DOE'S

MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 12(b)(1) and 12(b)(6)

which will provide electronic notification to the following attorney of record:

**Ashley J. Palmer**
**OFFICE OF THE FULTON COUNTY ATTORNEY**
**141 Pryor Street, S.W., Suite 4038**
**Atlanta, Georgia 30303**
**(404) 612-0246 (office); (404) 730-6324 (facsimile)**

This the 26th day of October, 2018.

**/S/TIFFANY WILLIAMS ROBERTS**
**Tiffany Williams Roberts**
Bar No. 791208
235 Peachtree Street, Suite 400
Atlanta, Georgia 30303
(404) 287-2090 – telephone
(678) 965-1790 –facsimile
troberts@tiffanywroberts.com

21