IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KIDANEMARIAM KASSA,<br><br>    Plaintiff,<br><br>    v.<br><br>FULTON COUNTY, GEORGIA, PAUL H. HOWARD, officially & individually, ANTIONETTE STEPHENSON, individually, PIERRE EASLEY, individually, and JOHN DOE, officially & individually,<br><br>    Defendants. | CIVIL ACTION FILE NO:<br><br>1:17-cv-02068-WMR |

## **ORDER**

This matter comes before the Court on the Defendants' Motion to Dismiss [Doc. 27]. After reviewing the pleadings, the motion, and the parties' respective briefs, and after hearing oral argument from counsel, the Court finds and rules as follows.

**I.   INTRODUCTION**

In his amended Complaint [Doc. 18], Plaintiff Kidanemariam Kassa ("Kassa") asserts claims for damages and declaratory relief against Defendants

Fulton County, Georgia ("County"), District Attorney Paul Howard, Assistant District Attorney Antionette Stephenson, Investigator Pierre Easley, and an unidentified "John Doe" defendant pursuant to 42 U.S.C. §1983 and under Georgia law, arising from Kassa's arrest on a material witness warrant. Specifically, Kassa contends that his arrest was in violation of the Fourth and Fourteenth Amendments to the United States Constitution, as well as the Constitution of the State of Georgia, and that his arrest was the result of a negligent breach of a ministerial duty by Fulton County and its aforementioned agents.

Defendants filed a motion to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), contending that Kassa's claims are barred by sovereign immunity, official immunity, absolute immunity, and qualified immunity, and that the Complaint fails to state a claim upon which relief can be granted [Docs. 27 and 27-1].

## II.    FACTS AND BACKGROUND

As Defendants' motion to dismiss pursuant to Rule 12(b)(1) and 12 (b)(6) is based on a facial challenge to the Complaint, the Court accepts as true the factual allegations of the Complaint and all reasonable inferences therefrom. McElmurray

v. Consolidated Govt. of Augusta-Richmond County, 501 F.3d 1244, 1251 (11th Cir. 2007); Jackson v. Okaloosa County, Fla., 21 F.3d 1531, 1534 (11th Cir. 1994).

The Complaint avers that, in 2014, Kassa was the victim of an attempted armed robbery in Fulton County, Georgia. His attacker was subsequently indicted and was granted a bond pending trial. (Doc. 18 at p. 5, ¶¶ 15-16). Nearly a year later, as the Fulton County District Attorney's Office was preparing for trial, the State's key witness, Kassa, suffered a significant cardiac event. When Kassa informed the District Attorney's Office about his medical situation, the trial was continued. (Doc. 18 at p. 5, ¶¶ 18-20).

Kassa's health continued to decline, and he maintained contact with the District Attorney's Office to advise them of his health condition. (Doc. 18 at p.6, ¶ 21). However, the District Attorney's Office apparently took the position that Kassa was willfully avoiding subpoena service. Based on Investigator Easley's investigation and subsequent testimony that Kassa was avoiding a subpoena, the District Attorney's Office obtained a material witness warrant in preparation for trial. (Doc. 18 at p. 6, ¶ 23). Nevertheless, the warrant was not executed prior to trial. (Doc. 18 at p. 6, ¶ 25).

On March 23, 2015, Kassa voluntarily appeared at trial and testified as the key witness against his attacker. (Doc. 18 at p. 6, ¶ 27). However, after Kassa's testimony, the District Attorney's Office failed to ensure that the material witness warrant was cancelled or recalled. (Doc. 18 at 7, ¶¶ 28-34).

Subsequently, on June 6, 2015, Kassa was involved in a motor vehicle accident. (Doc. 18 at p. 8, ¶ 37). The police officer who investigated the accident discovered the active material witness warrant and placed Kassa under arrest. (Doc. 18 at p. 8, ¶¶ 38-39). Kassa was first transported to the hospital to receive treatment for the injuries he sustained in the accident, then he was transported to the Fulton County Jail. (Doc. 18 at p. 8, ¶¶ 40-41). After experiencing further health related issues, however, Kassa was taken back to the hospital for additional treatment. (Doc. 18 at pp. 8-9, ¶¶ 42-43).

On June 12, 2015, Judge Wendy Shoob signed on order mandating Kassa's release from custody. The order noted that the District Attorney's Office "failed to cancel the warrant in writing after the witness appeared at trial and testified." (Doc. 18 at p. 9, ¶ 45). District Attorney Howard asserted that the DA's Office had requested the Fulton County Sheriff's Office to cancel or recall the warrant. (Doc. 18 at p. 9, ¶ 46). Plaintiff continues to experience health issues, which he blames on

his inability to obtain adequate medical care while incarcerated on the material witness warrant. (Doc. 18 at p. 10, ¶ 51).

In sum, Kassa's claims are based on the following assertions: 1) that Investigator Easley presented false sworn testimony that Kassa was avoiding subpoena service in order for the District Attorney's Office to obtain the material witness warrant; and 2) that Kassa was wrongfully arrested as a result of Defendants' failure to ensure that the material witness warrant was recalled or canceled after he voluntarily testified at trial. Based on the foregoing, Kassa seeks monetary damages, attorney's fees and costs, and a trial by jury.

### III.  PROCEDURAL POSTURE

The Defendants' Motion to Dismiss [Doc. 27] came before the Court for a hearing on January 14, 2019. At the hearing, Kassa withdrew his claims against Fulton County, as well as his claims against District Attorney Howard in his official capacity. Thus, the only claims that remain are those asserted against District Attorney Howard, Assistant District Attorney Stephenson, and Investigator Easley in their individual capacities, and the claims against the unidentified "John Doe" in his official and individual capacities.

## IV. ANALYSIS

*A. Absolute Immunity (Defendants Howard and Stephenson)*

In §1983 actions, a prosecuting attorney has absolute immunity for his or her acts that are intimately associated with the judicial phase of the criminal process, including the presentation of evidence in support of a warrant, provided that such acts occur during the course of the prosecutor's role as an advocate for the State. See Rehberg v. Paulk, 611 F.3d 828, 837-838 (11th Cir. 2010). Here, the act of obtaining the material witness warrant was undertaken in reliance upon Investigator Easley's investigation as a part of Assistant District Attorney Stephenson's preparation for trial as an advocate of the State, and her subsequent failure to ensure that the warrant was cancelled or recalled upon Kassa's appearance to testify as a witness at trial likewise relates to conduct that occurred in the context of her role as an advocate of the State during the judicial proceedings. Accordingly, Assistant District Attorney Stephenson is entitled to absolute immunity with regard the §1983 claims asserted in Count I of the Complaint.

District Attorney Howard is also entitled to absolute immunity for the §1983 claims. Kassa has failed to allege any specific act committed by District Attorney Howard other than his act of serving in a supervisory role over his subordinates. As

6

a supervisory official, District Attorney Howard can only be liable for the acts of his subordinates under §1983 if he "personally participated" in the allegedly unconstitutional conduct or if "there is a casual connection between [his] actions . . . and the alleged constitutional deprivation." Cottone v. Jenne, 326 F.3d 1352, 1360-1361 (11th Cir. 2003). Thus, the Court must determine whether Kassa has sufficiently asserted a causal connection between District Attorney Howard's supervision and the alleged constitutional violations.

There are three ways to assert a causal connection: (1) "when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so;" (2) "when a supervisor's custom or policy results in deliberate indifference to constitutional rights;" or (3) "when facts support an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." Harper v. Lawrence County, Ala., 592 F.3d 1227, 1236 (11th Cir. 2010).

Although Kassa alleges that District Attorney Howard's subordinates acted in accordance with an alleged policy or practice of obtaining improper material witness warrants instead going through the trouble of serving witnesses with subpoenas and communicating with those witnesses prior to trial, Kassa has alleged no facts

7

sufficient to support a reasonable inference that such a policy or widespread practice exists. Furthermore, Kassa has alleged no facts sufficient to support a reasonable inference that District Attorney Howard directed his subordinates to act improperly with regard to matters pertaining to the material witness warrant in this case, or that he knew that they would act improperly and failed to stop them from doing so. Accordingly, District Attorney Howard is entitled to absolute immunity with regard to the §1983 claims asserted in Count I of the Complaint.

   *B. Qualified Immunity (Defendant Easley)*

The allegations against Investigator Easley in this case primarily involve his conduct during his pre-trial investigation. Specifically, Kassa alleges in Count I of the Complaint that Investigator Easley fabricated the evidence that Kassa was avoiding service of the witness subpoena and presented false testimony to the judge to that effect in order to obtain the material witness warrant. As the allegations arise out of Easley's role as an investigator and not as an advocate for the State, he is not entitled to absolute immunity. See Rehburg, 611 F.3d at 838, 841(investigating and gathering evidence falls outside the prosecutor's role as an advocate for the state); see also Malley v. Briggs, 475 U.S. 335, 340-341, 106 S.Ct. 1092, 1096, 89 L.Ed.2d 271 (1986) (concluding that investigating police officer who drafting "felony

complaints" with malice and without probable cause and submitted them in support of an application for arrest warrants was not entitled to absolute immunity).

As absolute immunity does not apply to Investigator Easley, the Court must determine whether he is entitled to qualified immunity for his role in obtaining the warrant. The Court notes that qualified immunity shields governmental officials who perform discretionary governmental functions from civil liability so long as their conduct does not violate any "clearly established statutory or constitutional rights of which a reasonable person would have known." Rehberg, 611 F.3d at 838 (citing Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982)). A government agent is not entitled to qualified immunity for his conduct if his discretionary act is "so obviously wrong, in the light of pre-existing law, that only a plainly incompetent officer or one who was knowingly violating the law would have done such a thing." Lassiter v. Ala. A&M Univ., 28 F.3d 1146, 1149 (11th Cir. 1994) (en banc). To evaluate a claim of qualified immunity regarding a discretionary act, the Court considers whether: 1) the plaintiff has alleged a violation of a constitutional right; and 2) whether the right was clearly established at the time of the defendant's alleged misconduct. See Rehberg, 611 F.3d at 838-839.

9

In Count I of the Complaint, Kassa alleges that Investigator Easley knowingly violated his Fourth and Fourteenth Amendment rights by fabricating evidence that Kassa was avoiding subpoena service and presenting false testimony to that effect to the judge in order to obtain the material witness warrant, which ultimately resulted in his wrongful arrest. For the purposes of the instant Motion to Dismiss, the Court must accept these factual allegations as true. See McElmurray, 501 F.3d at 1251; Jackson, 21 F.3d at 1534 (11th Cir. 1994). Under these alleged facts, it would be clear to Investigator Easley at the time the warrant was obtained that his conduct was unlawful. Accordingly, Investigator Easley is not entitled to qualified immunity for his role in obtaining the material witness warrant which resulted in Kassa's wrongful arrest.[1]

C. *Official Immunity (Defendants Stephenson and Easley)*

In Count II of the Complaint, Kassa's asserts a state law claim against Assistant District Attorney Stephenson and Investigator Easley for their negligent

---

[1] In order to survive summary judgment, however, Kassa would be required to point to specific evidence in the record to show that there was an absence of probable cause for the warrant.

breach of the ministerial duty to cancel or recall the material witness warrant after he testified as a witness at trial.[2]

"State officers and municipal employees are entitled to official immunity from claims by citizens except when they perform ministerial duties negligently or when they act with actual malice in the performance of their official duties." Jones v. Pandey, 390 F. Supp. 2d 1371, 1377 (M.D. Ga. 2005) (citing Gilbert v. Richardson, 264 Ga. 744, 452 S.E.2d 476 (1994)); see also Ga. Const. Art. 1 § II, ¶ IX (d). However, "[n]egligence is predicated on what should be anticipated, rather than on what happened, because one is not bound to anticipate or foresee and provide against what is unlikely, remote, slightly probable, or slightly possible." Boyd v. Nichols, 616 F. Supp. 2d 1331, 1347 (M.D. Ga. 2009) (citing Hodges v. Putzel Elec. Contractors, Inc., 260 Ga.App. 590, 580 S.E.2d 243 (2003)). Additionally, "[a]ctual malice means a deliberate intention to do wrong." Jones v. Pandey, 390 F. Supp. 2d at 1377 (citing White v. Traino, 244 Ga.App. 208, 535 S.E.2d 275 (2000)).

---

[2] For the purposes of this Order, the Court assumes, without deciding, that Investigator Easley was authorized to have the warrant in this case recalled or cancelled on behalf of the State. It is this Court's experience that such authority is normally vested in the prosecuting attorney, who is the advocate for the State during judicial proceedings.

11

In the Complaint, Kassa acknowledges that Defendants are asserting the position that the District Attorney's Office had asked the Fulton County Sheriff's Office to cancel or recall the material witness warrant. Assuming that Defendants' assertion is true, Kassa has failed to sufficiently allege any set of facts to show a reasonable inference that Assistant District Attorney Stephenson or Investigator Easley should have foreseen or were aware of the possibility that the material witness warrant would not be cancelled or recalled under these circumstances. Furthermore, Kassa has cited no law or legal authority which requires Assistant District Attorney Stephenson or Investigator Easley to ensure that the warrant was actually recalled or cancelled after District Attorney's Office notified the Sheriff's Office to do so. Kassa has therefore failed to sufficiently allege that Assistant District Attorney Stephenson and Investigator Easley performed any ministerial duty negligently or acted with malice in failing to ensure that the warrant was cancelled.

Assuming, however, that Defendants were negligent in failing to have the warrant recalled or canceled when Kassa appeared at trial to testify, they are entitled to prosecutorial immunity for their actions or omissions. Pursuant to Art. VI, Sec. VIII, Par. I (e) of the Georgia Constitution of 1983, district attorneys have immunity from private actions "arising from the performance of their duties." The rationale

behind this immunity is that "'prosecutors, like judges, should be free to make decisions properly within the purview of their official duties without being influenced by the shadow of liability.'" Robbins v. Lanier, 198 Ga.App. 592, 402 S.E.2d 342 (1991) (citing Holsey v. Hind, 189 Ga.App. 656, 657, 377 S.E.2d 200 (1988). "Therefore, a district attorney is protected by the same immunity in civil cases that is applicable to judges, provided that his acts [or omissions] *are within the scope of his jurisdiction*. . . . The determining factor appears to be whether the act or omission is 'intimately associated with the judicial phase of the criminal process.'" (Emphasis in original) Robbins, supra.

Here, it is clear that Defendants' failure to ensure that the material witness warrant was recalled or cancelled is an act or omission that was intimately associated with the judicial phase of the criminal process. Accordingly, Kassa's state law claim on this issue is barred by the doctrine of prosecutorial immunity. See Robbins, supra; see also Withers v. Shroeder, 304 Ga. 394, 819 S.E.2d 49 (2018) (plaintiff's state law and § 1983 claims against recorder's court judge and court administrator for their act of erroneously reporting to the Department of Driver Services that plaintiff had failed to pay a traffic ticket and failed to appear in court, which led to plaintiff's improper arrest, were barred by judicial and quasi-judicial immunity).

*D. Claims against "John Doe" defendant*

In the Complaint, Kassa also asserts his claims against an unnamed "John Doe" defendant. However, Kassa does not describe or identify the "John Doe" other than stating that he "is or was a deputy sheriff" (Doc. 18 at p. 4, ¶ 10) and that he was "an employee of Fulton County." (Doc. 18 at p. 9, ¶ 48).

"[F]ictitious party practice is not permitted in federal court." Wessinger v. Board of Regents of Univ. System of Ga., No. 1:06-CV-2626-WSD, 2007 WL 1430388, at *1 (N.D. Ga. May 14, 2007) (citing New v. Sports & Rec., 114 F.3d 1092, 1094, n. 1 (11th Cir. 1997); see also Lewis v. City of Montgomery, No. 2:04-CV-858-WKW, 2006 WL 1761673, at *2 (M.D. Ala. June 27, 2006) ("In general, 'fictitious-party pleading is not permitted in federal court.'"). As noted in Wessinger, however, courts have sometimes made exceptions when the plaintiff may be able to describe an individual without stating his or her name precisely or correctly. See Dean v. Barber, 951 F.2d 1210, 1215-16 (11th Cir. 1992) (finding plaintiff's description of "Chief Deputy of the Jefferson County Jail John Doe" sufficient because the proposed defendant existed and plaintiff adequately described the person to be sued so that the person could be identified for service).

14

Here, Kassa has failed to identify the "John Doe" defendant with sufficient clarity in the Complaint and, thus, there has been no timely service of process on the referenced individual. Accordingly, Kassa's claims against the "John Doe" defendant constitutes an impermissible fictious party pleading and must be dismissed.

## VI. <u>CONCLUSION</u>

For the reasons set forth above, Defendants' Motion to Dismiss [Doc. 27] is GRANTED as to all of the claims asserted against Defendants Howard, Stephenson, and "John Doe." As to Defendant Easley, Defendants' Motion to Dismiss [Doc. 27] is GRANTED as to Count II and DENIED as to Counts I and III.

IT IS SO ORDERED, this 4th day of February, 2019.

_____
WILLIAM M. RAY, II
United States District Court
Northern District of Georgia