```
        IN THE UNITED STATES DISTRICT COURT
           NORTHERN DISTRICT OF GEORGIA
                  ATLANTA DIVISION

KIDANEMARIAM KASSA,            )
                               )
     Plaintiff,                )
                               )    CIVIL RIGHTS COMPLAINT
v.                             )    42 U.S.C. § 1983
                               )
                               )    CIVIL ACTION NO.
                               )    1:17-CV-02068-AT
FULTON COUNTY, GEORGIA,        )
PAUL H. HOWARD, officially &   )
Individually,                  )
ANTIONETTE STEPHENSON,         )
individually, PIERRE EASLEY,   )
individually, and JOHN DOE,    )
officially & individually,     )
                               )
     Defendants.               )
_____)
```

**DEFENDANT PIERRE EASLEY'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

COMES NOW Defendant Pierre Easley and hereby files this Answer to Plaintiff's First Amended Complaint.

**FIRST DEFENSE**

Plaintiff's Complaint fails to state a claim against Defendant upon which relief can be granted.

**SECOND DEFENSE**

Plaintiff's claims are barred to the extent that Defendant is entitled to qualified immunity.

1

**THIRD DEFENSE**

Defendant has not committed any act or omission which would make him liable in any way to Plaintiff for any cause of action for damages.

**FOURTH DEFENSE**

Defendant has not subjected Plaintiff to the deprivation of any rights, due process or other privileges or immunities secured by the Constitution or laws of the State of Georgia or the United States of America.

**FIFTH DEFENSE**

Defendant has not breached any official duty, any court duty, any court order compelling Defendant to act, or any duty created under the Constitution of the United States of America compelling Defendant to act with regard to the event(s) allegedly giving rise to Plaintiff's claims.

**SIXTH DEFENSE**

Defendant did not breach any duty owed to Plaintiff with regard to the event(s) allegedly giving rise to Plaintiff's claims and committed no negligent or tortious act or omission that would entitle Plaintiff to recover against Defendant.

**SEVENTH DEFENSE**

Defendant's alleged acts or omissions with respect to Plaintiff were carried out in good faith, without malice,

spite, or conscious, reckless or negligent disregard of Plaintiff's rights, if any, and without improper or ill will of any kind.

### EIGHTH DEFENSE

To the extent as may be shown by the evidence, Defendant herein asserts all defenses available under Fed. R. Civ. P. 12.

### NINTH DEFENSE

Defendant is not liable for any Attorney's Fees nor are they warranted in this case.

### TENTH DEFENSE

Defendant responds to the enumerated allegations of Plaintiff's First Amended Complaint as follows:

### INTRODUCTORY PARAGRAPH

The introductory paragraph of Plaintiff's First Amended Complaint is a preliminary statement containing Plaintiff's contentions as to the nature of this action, which requires no admission or denial. To the extent the statements contained in this introductory paragraph may be deemed allegations of fact, Defendant admits that Plaintiff purports to bring this action pursuant to the First and Fourteenth Amendments of the U.S. Constitution and the Constitution of the State of Georgia; and that Plaintiff alleges a breach of a ministerial duty. Defendant, however, denies that he violated any of Plaintiff's

constitutional rights or breached any ministerial duty, and he further denies that Plaintiff is entitled to any relief.

## NATURE OF CASE

1. Defendant admits that Plaintiff was arrested pursuant to a material witness warrant that was not cancelled. Defendant denies the remaining allegations in Paragraph 1.

## PARTIES

2. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2, and therefore, denies same.

3. Admitted.

4. Denied.

5. Defendant admits that at the time Plaintiff's First Amended Complaint was filed, service of process was proper upon then Vice-Chairman Bob Ellis, as former Chairman John H. Eaves had resigned from his position as Chairman of the Fulton County Board of Commissioners.

6. Defendant admits that Plaintiff purports to bring this action pursuant to 42 U.S.C. § 1983, and that he alleges that Fulton County, Georgia violated the Due Process Clause of the Fourteenth Amendment and the Fourth Amendment of the United States Constitution. Defendant denies all remaining allegations in Paragraph 6, to include an alleged violation of 42 U.S.C. §

4

1983.

7. Defendant admits that Paul H. Howard is the duly elected District Attorney of the Atlanta Judicial Circuit. Defendant denies all remaining allegations in Paragraph 7.

8. Defendant admits that Assistant District Attorney Antoinette Stephenson prosecuted the criminal action against Plaintiff's assailant. Defendant denies all remaining allegations in Paragraph 8.

9. Defendant admits that he was formerly an investigator with the Fulton County District Attorney's Office and that he is subject to the jurisdiction of this Court. Defendant denies all remaining allegations in Paragraph 9.

10. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10, and therefore, denies same.

## VENUE

11. Paragraph 11 of Plaintiff's First Amended Complaint constitutes a legal conclusion regarding venue and requires no admission or denial. To the extent the statements contained therein may be deemed allegations of fact, they are denied.

## JURISDICTION

12. Paragraph 12 of Plaintiff's First Amended Complaint constitutes a legal conclusion regarding subject matter

jurisdiction and requires no admission or denial. To the extent the statements contained therein may be deemed allegations of fact, they are denied.

13. Defendant denies that Plaintiff satisfied the ante litem notice allegedly contemplated by O.C.G.A. § 36-33-S(b), and Defendant further denies that this alleged statute is applicable.

14. Denied.

## FACTS

Underlying Criminal Prosecution

15. Admitted.

16. Defendant admits that Jarvis Taylor was granted a bond. Defendant is without knowledge or information sufficient to form a belief as to the truth of whether Plaintiff experienced a significant amount of anxiety or fear.

17. Denied.

18. Admitted.

19. Defendant admits that Plaintiff did advise the Fulton County District Attorney's Office that he was experiencing significant health challenges. Defendant is without knowledge or information sufficient to form a belief as to the truth of whether Plaintiff suffered a significant cardiac event.

20. Admitted.

6

21. Defendant is without knowledge or information sufficient to form a belief as to the truth of whether Plaintiff's health continued to decline. Defendant denies that Plaintiff attempted to keep the Fulton County District Attorney's Office aware of his condition through telephone conversations.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Defendant denies that he lodged any hostile threats at Plaintiff. Defendant is without knowledge or information sufficient to form a belief as to the truth of whether Plaintiff obtained the services of an attorney or whether said attorney accompanied Plaintiff to trial to ensure that he fully complied with the law. To the extent further response is required, denied.

27. Admitted.

28. Defendant is without knowledge or information sufficient to form a belief as to the truth of whether Assistant District Attorney Stephenson requested that the appropriate judicial officer cancel or recall the warrant for Plaintiff's arrest.

29. Defendant denies that he had a duty to "request that the appropriate judicial officer cancel or recall the warrant for [Plaintiff's] arrest."

30. Defendant denies that he had a duty to "request that the Fulton County Sheriff recall or cancel the active warrant for [Plaintiff's] arrest."

31. Denied.

32. Defendant is without knowledge or information sufficient to form a belief as to the truth of whether Assistant District Attorney Stephenson requested that the Fulton County Sheriff recall or cancel the active warrant for Plaintiff's arrest.

33. Defendant is without knowledge or information sufficient to form a belief as to the truth of whether Assistant District Attorney Stephenson had a duty to request that the material witness warrant for Plaintiff be cancelled or recalled.

34. Denied.

35. Denied.

36. Defendant denies that he committed a ministerial failure. Defendant further denies knowing that Plaintiff had an active material witness warrant against him that was not cancelled. Defendant is without knowledge or information sufficient to form a belief as to the truth of what Plaintiff

knew.

Automobile Accident & Arrest

    37. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37, and therefore, denies same.

    38. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38, and therefore, denies same.

    39. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39, and therefore, denies same.

    40. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40, and therefore, denies same.

Incarceration and Lack of Medical Attention

    41. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41, and therefore, denies same.

    42. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42, and therefore, denies same.

    43. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations

in Paragraph 43, and therefore, denies same.

44. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44, and therefore, denies same.

45. Any order issued speaks for itself as to content and legal effect. Defendant denies the remaining allegations in Paragraph 45.

46. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46, and therefore, denies same.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51, and therefore, denies same.

**COUNT I**

Denial of Due Process, Malicious Prosecution & Illegal Seizure

52. Defendant incorporates all previous responses to the allegations contained in Paragraphs 1-51 of Plaintiff's First Amended Complaint as if fully set forth herein.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

## COUNT II[1]

## COUNT III

### Attorney's Fees

73. Defendant incorporates all previous responses to the allegations contained in Paragraphs 1-72 of Plaintiff's First Amended Complaint as if fully set forth herein.

74. Denied.

75. Denied.

---

[1] Count II was dismissed against Defendant pursuant to this Court's order. [Doc. 37]. Accordingly, Paragraphs 66-72 of Plaintiff's First Amended Complaint require no response.

**PRAYER FOR RELIEF**

Answering the allegations contained in Plaintiff's prayer for relief, Defendant denies that Plaintiff is entitled to the relief sought in Claims 1-3 or to any general relief.

**GENERAL DENIAL**

Defendant denies each and every allegation of Plaintiff's First Amended Complaint not specifically admitted, denied, or otherwise contradicted herein.

**WHEREFORE,** Defendant prays that:

A. Plaintiff's First Amended Complaint be dismissed in its entirety;

B. All costs of this litigation be paid by Plaintiff;

C. The Court impanel a jury of twelve should this case be tried; and

D. Any other relief that this court deems just and proper be granted.

Respectfully submitted, this 14th day of February, 2019.

**OFFICE OF THE FULTON COUNTY ATTORNEY**

Patrise Perkins-Hooker
COUNTY ATTORNEY
Georgia Bar No. 572358

Kaye Woodard Burwell
Deputy County Attorney
Georgia Bar No. 775060

*/s/ Ashley J. Palmer*
Ashley J. Palmer
Senior Assistant County Attorney
Georgia Bar No. 603514
ashley.palmer@fultoncountyga.gov

141 Pryor Street, S.W.
Suite 4038
Atlanta, Georgia 30303
(404) 612-0246 (Office)
(404) 730-6324 (Facsimile)

```
        IN THE UNITED STATES DISTRICT COURT
           NORTHERN DISTRICT OF GEORGIA
                  ATLANTA DIVISION

KIDANEMARIAM KASSA,            )
                               )
     Plaintiff,                )
                               )
                               )    CIVIL RIGHTS COMPLAINT
v.                             )    42 U.S.C. §1983
                               )
FULTON COUNTY, GEORGIA,        )    CIVIL RIGHT ACTION NO.
PAUL H. HOWARD, officially &   )    1:17-CV-02068-AT
Individually,                  )
ANTIONETTE STEPHENSON,         )
individually, PIERRE EASLEY,   )
individually, and JOHN DOE,    )
officially & individually,     )
                               )
     Defendants.               )
_____)
```

**CERTIFICATE OF SERVICE**

THIS CERTIFIES that on February 15, 2019, I presented this document in Courier New, 12 point type, and that I have electronically filed the foregoing **DEFENDANT PIERRE EASLEY'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT** with the Clerk of Court using the CM/ECF system, and will provide mail notification to the following attorney of record:

                    Tiffany Williams Roberts
             Tiffany W. Roberts, Attorney at Law
                          Suite 400
                    235 Peachtree Street
                  Atlanta, Georgia 30303

This 14th day of February, 2019.

*/s/ Ashley J. Palmer*
Ashley J. Palmer
Senior Assistant County Attorney
Georgia State Bar No. 603514

**OFFICE OF THE FULTON COUNTY ATTORNEY**
141 Pryor Street, S.W.
Suite 4038
Atlanta, Georgia 30303
(404) 612-0246 (office)
(404) 730-6324 (facsimile)