IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KIDANEMARIAM KASSA,        )<br>                                                    )<br>     Plaintiff,                            )<br>                                                    )<br>v.                                               )<br>                                                    )<br>FULTON COUNTY, GEORGIA,  )<br>PAUL H. HOWARD, officially & )<br>individually, ANTIONETTE         )<br>STEPHENSON, individually,    )<br>PIERRE EASLEY, individually, and )<br>JOHN DOE, officially & individually,)<br>                                                    )<br>     Defendants.                       )<br>_____) | CIVIL RIGHTS COMPLAINT<br>42 U.S.C. § 1983<br><br>CIVIL ACTION NO.<br>1:17-cv-02068-WMR |

## JOINT PRELIMINARY REPORT AND DISCOVERY PLAN

In accordance with Local Rule 16.2 of the United States District Court for the Northern District of Georgia, Plaintiff KIDANEMARIAM KASSA ("Plaintiff") and Defendant PIERRE EASLEY ("Defendant") submit this Joint Preliminary Report and Discovery Plan, respectfully showing the Court as follows:

**1.    Description of Case:**

*(a) Describe briefly the nature of this action.*

This is a personal injury action brought pursuant to 42 U.S.C. § 1983 and the U.S. Constitution and the laws of the State of Georgia by Plaintiff Kidanemariam

Kassa against former Fulton County District Attorney's Office Investigator Pierre Easley to recover damages. Plaintiff claims that Defendant violated his rights under the Fourth and Fourteenth Amendments to the U.S. Constitution in connection with the application for and failure to recall or withdraw a material witness warrant that resulted in his arrest. In addition, Plaintiff asserts claims for false arrest, false imprisonment and malicious prosecution under Georgia law. Plaintiff also seeks an award of punitive damages and bad faith fees.

Defendant denies that Plaintiff has suffered a violation of his rights under state or federal law. Further, Defendant contends, among other things, that he is entitled to immunity under state and federal law. Accordingly, Defendant denies any and all allegations of wrongdoing or that Plaintiff is entitled to any relief whatsoever.

*(b) Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.*

**By Plaintiff:**

Plaintiff claims that Defendant made intentional misrepresentations of fact to a trier of fact and obtained a material witness warrant that ultimately resulted in Plaintiff's wrongful arrest and detention. Plaintiff, a victim of an armed robbery to which Defendant was assigned in his capacity as investigator for the Fulton County

District Attorney's Office, was arrested and held in jail for nearly a week as a result of Defendant's malicious prosecution.

**By Defendant:**

Defendant, a former investigator with the Fulton County District Attorney's Office, provided truthful testimony regarding Plaintiff's avoidance of the service of a subpoena in order to aid in securing the material witness warrant that led to Plaintiff's arrest. Defendant provided only the testimony that led to the issuance of the warrant. Defendant had no ability to recall or cancel the warrant.

*(c) The legal issues to be tried are as follows:*

**By Plaintiff:**

1) Whether Defendant initiated a malicious prosecution of Plaintiff by committing a misrepresentation of the following facts:

    a. That Plaintiff avoided subpoena service;

    b. That Plaintiff refused to appear at trial without state intervention;

    c. That Defendant attempted proper subpoena service on Plaintiff; and

    d. That Defendant obtained coordinate information from Plaintiff's cellular phone provider or other source to establish Plaintiff's location prior to alleged attempted subpoena service.

**By Defendant:**

1) Whether Defendant violated Plaintiff's Fourth and Fourteenth Amendment rights?

2) Whether Defendant committed the following state law violations: false arrest, false imprisonment and malicious prosecution?

3) Whether Defendant is entitled to qualified immunity?

4) Whether Plaintiff is entitled to recover his actual expenses of litigation, including attorneys' fees, and/or punitive damages against Defendant?

*(d) The cases listed below (include both style and action number) are:*

(1) Pending Related Cases:  None.

(2) Previously Adjudicated Related Cases:  None.

2. **This case is complex because it possesses one (1) or more of the features listed below (please check):**

\_\_\_\_ (1) Unusually large number of parties
\_\_\_\_ (2) Unusually large number of claims or defenses
\_\_\_\_ (3) Factual issues are exceptionally complex
\_\_\_\_ (4) Greater than normal volume of evidence
\_\_\_\_ (5) Extended discovery period is needed
\_\_\_\_ (6) Problems locating or preserving evidence
\_\_\_\_ (7) Pending parallel investigations or action by government
\_\_\_\_ (8) Multiple use of experts
\_\_\_\_ (9) Need for discovery outside United States boundaries
\_\_\_\_ (10) Existence of highly technical issues and proof

The Parties submit that this case is not complex.

3. **Counsel:  The following individually-named attorneys are hereby designated as lead counsel for the parties:**

Plaintiff:          Tiffany W. Roberts, Esq.
                    235 Peachtree Street
                    Suite 400
                    Atlanta, Georgia 30303
                    (404) 287-2090

<u>Defendant</u>:       Ashley J. Palmer
Senior Assistant County Attorney
Office of the Fulton County Attorney
141 Pryor Street, S.W.
Suite 4038
Atlanta, Georgia 30303
(404) 612-0246

**4.     Jurisdiction:  Is there any question regarding this Court's jurisdiction?**

_____ Yes      __x__ No

If "yes," please attach a statement, not to exceed one (1) page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.

**<u>By Defendant:</u>**

Defendant states that there is a question as to this Court's jurisdiction only insofar as Defendant is immune from suit under state and federal law because he did not violate Plaintiff's protected rights.

**5.     Parties to This Action:**

(a) The following persons are necessary parties who have not been joined:

None anticipated at this time but the Parties request leave to add additional parties should the need become apparent in the course of discovery.

(b) The following persons are improperly joined as parties:

None.

(c) The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:

None.

(d) The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

6. **Amendments to the Pleadings:**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed.R.Civ.P. 15. Further instructions regarding amendments are contained in LR 15.

(a) List separately any amendments to the pleadings which the parties anticipate will be necessary:

At this time, the Parties do not anticipate the need to amend the pleadings.

(b) Amendments to the pleadings submitted LATER THAN THIRTY (30) DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

7. **Filing Times for Motions:**

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.

All other motions must be filed WITHIN THIRTY (30) DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).

(a) *Motions to Compel*: Before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.

(b) *Summary Judgment Motions*: Within thirty (30) days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.

(c) *Other Limited Motions*: Refer to Local Rules 7.2A, 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(d) *Motions Objecting to Expert Testimony*: <u>Daubert</u> motions with regard to expert testimony no later than the date the proposed pretrial order is submitted. Refer to Local Rule 7.2F.

**8.     Initial Disclosures:**

The parties are required to serve initial disclosures in accordance with Fed.R.Civ.P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection.

The Parties anticipate exchanging initial disclosures by April 25, 2019.

**9.     Request for Scheduling Conference:**

Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.

The Parties do not request a scheduling conference at this time.

**10.    Discovery Period:**

The discovery period commences thirty (30) days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this court are assigned to one of the following three (3) discovery tracks: (a) zero (0) month discovery period, (b) four (4) months discovery period, and (c) eight (8) months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

Please state below the subjects on which discovery may be needed:

Parties will need to conduct discovery with respect to all issues raised in the Complaint, Defendant's defenses and damages.

If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:

The Parties do not anticipate the need for any additional discovery at this time; however, the Parties will promptly notify the Court if events dictate such a need depending on future scheduling issues.

**11. Discovery Limitation and Discovery of Electronically Stored Information:**

(a) What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?

The Parties agree that discovery material (both requests and responses) may be served via electronic means and that neither party requires service via U.S. mail.

The Parties agree that, for any discovery served via electronic means, three (3) days shall be added to time for any necessary response(s) as set forth in Fed. R. Civ. P. 6(d).

The Parties reserve the right to request that any producing party who has produced discovery responses via electronic means also supply a physical copy of

those responses. The parties agree to comply with any such request for physical production within seven (7) days.

    (b) Is any party seeking discovery electronically stored information?

**<u>X</u> Yes**      __ No

If "yes,"

    (1) The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:

    At this time, the Parties have not formulated any proposed limitations and will seek the Court's guidance only if they are unable to reach an agreement during the course of the discovery process.

    (2) The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:

    Electronic information that can be produced in PDF or paper format will be produced either via email, on a disc, or on paper. The Parties reserve the right to seek electronic information through any additional manner, including but not limited to the original native format and the original metadata information. The Parties agree to provide reasonable notice of the need for an additional production method. The Parties have preserved all discoverable electronic matters from spoliation including all electronic communications.

In the absence of agreement on issues regarding discovery of electronically stored information, the parties shall request a scheduling conference in paragraph 9 hereof.

The Parties have come to an agreement in principle regarding the discovery of electronically stored information; therefore, the Parties will not require a scheduling conference.

**12.   Other Orders:**

What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?

None anticipated at this time.

**13.   Settlement Potential:**

(a) Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on April 22, 2019, and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.

| | |
|---|---|
| For plaintiff:  Lead counsel (signature): | ***/s/ Tiffany W. Roberts***<br>Tiffany W. Roberts |
| Other participants:  Jeff Fillipovits, Esq. | ***/s/Jeff Fillipovits***<br>Jeff Fillipovits |
| For Defendant: Lead counsel (signature): | ***/s/ Ashley Palmer***<br>Ashley Palmer |

(b) All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

  ( X ) A possibility of settlement before discovery is completed.
  (___) A possibility of settlement after discovery.
  (___) A possibility of settlement, but a conference with the judge is needed.
  (___) No possibility of settlement.

(c) Counsel ( X ) do or (___) do not intend to hold additional settlement conferences among themselves prior to the close of discovery. The proposed date of the next settlement conference is on or before the close of the mandatory discovery period.

(d) The following specific problems have created a hindrance to settlement of this case.

The nature of Plaintiff's claims and Defendant's defenses and ongoing discovery.

**14. Trial by Magistrate Judge:**

Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

(a) The parties (___) do consent to having this case tried before a magistrate judge of this court. A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this _____ day of _____, 20____.

(b) The parties ( X ) do not consent to having this case tried before a magistrate judge of this court.

Respectfully submitted, this 25th day of April, 2019.

| | |
|---|---|
| */s/Tiffany W. Roberts* | */s/ Ashley Palmer* |
| Tiffany W. Roberts | Ashley Palmer |
| Georgia Bar Number: 791208 | Georgia Bar Number: 603514 |
| *Attorney for Plaintiff* | *Attorney for Defendant* |
| 235 Peachtree Street NE | Office of the Fulton County Attorney |

| | |
|---|---|
| Suite 400 | 141 Pryor Street, S.W. |
| Atlanta, Georgia 30303 | Suite 4038 |
| (404) 287-4090 | Atlanta, Georgia 30303 |
| troberts@tiffanywroberts.com | (404) 612-0246 |
| | ashley.palmer@fultoncountyga.gov |

# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| KIDANEMARIAM KASSA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL RIGHTS COMPLAINT |
| v. ) | 42 U.S.C. § 1983 |
| ) | |
| FULTON COUNTY, GEORGIA, ) | CIVIL ACTION NO. |
| PAUL H. HOWARD, officially & ) | 1:17-cv-02068-WMR |
| individually, ANTIONETTE ) | |
| STEPHENSON, individually, ) | |
| PIERRE EASLEY, individually, and ) | |
| JOHN DOE, officially & individually,) | |
| ) | |
| Defendants. ) | |
| ) | |

## SCHEDULING ORDER

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the Court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified:

_____

_____

_____

IT IS SO ORDERED, this \_\_\_\_ day of _____, 2019.


_____
WILLIAM M. RAY, II
United States District Court
Northern District of Georgia