IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KIDANEMARIAM KASSA,           )<br>                              )<br>    Plaintiff,                )<br>                              )<br>v.                            )<br>                              )<br>FULTON COUNTY, GEORGIA,       )<br>PAUL H. HOWARD, officially &  )<br>individually, ANTIONETTE      )<br>STEPHENSON, individually,     )<br>PIERRE EASLEY, individually, and )<br>JOHN DOE, officially & individually, )<br>                              )<br>    Defendants.                )<br>_____) | CIVIL RIGHTS COMPLAINT<br>42 U.S.C. § 1983<br><br>CIVIL ACTION NO.<br>1:17-cv-02068-WMR |

## INITIAL DISCLOSURES OF PIERRE EASLEY

**(1) If the Defendant is improperly identified, state Defendant's correct identification and state whether Defendant will accept service of an amended summons and complaint reflecting the information furnished in this disclosure response.**

Response to No. 1: Mr. Easley has been correctly identified and served.

**(2) Provide the names of any parties whom Defendant contends are necessary parties to this action, but who have not been named by Plaintiff. If**

**Defendant contends that there is a question of misjoinder of parties, provide the reasons for Defendant's contention.**

Response to No. 2: Mr. Easley does not believe that any other party is necessary to this action.

**(3) Provide a detailed factual basis for the defense or defenses and any counterclaims or cross-claims asserted by defendant in the responsive pleading.**

Response to No. 3: On April 22, 2014, Plaintiff was the victim of an attempted armed robbery in Fulton County, Georgia. His attacker was subsequently indicted but was granted a bond in December, 2014 pending trial. Nearly a year later, as the Fulton County District Attorney's Office ("DA's Office" or "the State") was preparing to try Plaintiff's attacker, Plaintiff, the State's key witness, suffered a significant cardiac event. Plaintiff informed the DA's Office about his medical situation, and as a result, his attacker's trial was continued.

Despite the DA's Office's repeated phone calls to Plaintiff, and Mr. Easley personally visiting Plaintiff's home and speaking with Plaintiff's leasing office to confirm Plaintiff's continued residence prior to leaving a subpoena on Plaintiff's door, Plaintiff sought to avoid subpoena service. Accordingly, with testimony

from Mr. Easley, the State obtained a material witness warrant from Judge John Goger.

On March 23, 2015, Plaintiff appeared at trial and testified against his attacker. However, even after Plaintiff's testimony and his attacker's conviction, the warrant remained active. Two weeks later, on June 6, 2015, Plaintiff was involved in a motor vehicle accident. The Atlanta Police Department Officer who investigated the accident advised Plaintiff that he had an active warrant and placed him under arrest. The active warrant pursuant to which Plaintiff was arrested was the same material witness warrant that had been issued by Judge Goger on March 18, 2015.

Plaintiff was transported to Grady Memorial Hospital ("Grady") for treatment of injuries sustained in the accident. Following his release from Grady, Plaintiff was transported to the Fulton County Jail. However, after experiencing further health related issues, Plaintiff was transported back to Grady for additional treatment. On June 12, 2015, Judge Wendy Shoob signed on order releasing Plaintiff.

**(4) Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which Defendants contend are applicable to this action.**

Response to No. 4: This list is not exhaustive.

**Relevant Federal Statutes:** 42 U.S.C. § 1983

**Relevant case law:**

*Rehberg v. Paulk*, 611 F.3d 828 (11th Cir. 2010); *Harlow v. Fitzgerald*, 457 U.S. 800 (1982); *Kitchen v. CSX Transp., Inc.*, 6 F.3d 727 (11th Cir. 1993); *Vinson v. Clarke County, Ala.*, 10 F. Supp. 2d 1282 (SD Ala., June 17, 1998); *Jordan v. Doe*, 38 F.3d 1559 (11th Cir. 1994); *Rich v. Dollar*, 841 F.2d 1558 (11th Cir. 1988); *McCoy v. Webster*, 47 F.3d 404 (11th Cir. 1995); *Lassiter v. Ala. A&M Univ.*, 28 F.3d 1146 (11th Cir. 1994).

**(5) Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information relevant to disputed facts alleged with particularity in the pleadings, identifying the subjects of the information. (Attach witness list to Responses to Initial Disclosures as Attachment A.)**

Response to No. 5: See Attachment A. Defendant has not identified a complete list of witnesses who may have knowledge relevant to the facts as alleged in the pleadings. Defendant reserves the right to supplement this list as discovery progresses.

**(6) Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in Fed.R.Civ.P. 26(a)(2)(A)(B), provide a separate written report satisfying the provisions of that rule. (Attach expert witness list and written reports to Responses to Initial Disclosures as Attachment B.)**

<u>Response to No. 6</u>: Defendant has not yet retained any experts as of the making of these disclosures. Defendant reserves the right to supplement this response at such time as any expert is retained.

**(7) Provide a copy of or description by category and location of, all documents, data compilations, and tangible things in you possession, custody, or control that are relevant to disputed facts alleged with particularity in the pleadings.  (Attach document list and descriptions to Responses to Initial Disclosures as Attachment C.)**

<u>Response to No. 7</u>:  See Attachment C. Defendant has not identified a complete list of documents relevant to the facts as alleged in the pleadings and, therefore, reserves the right to supplement this response by identifying and disclosing relevant documents at a later date.

**(8) In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by**

**category and location of, the documents or other evidentiary material, not privileged or protected from disclosure on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying under Fed.R.Civ.P. 34. (Attach any copies and descriptions to Responses to Initial Disclosures as Attachment D.)**

<u>Response to No. 8</u>: None.

**(9) If Defendant contends that some other person or legal entity is, in whole or in part, liable to the Plaintiff or Defendant in this matter, state the full name, address, and telephone number of such person or entity and describe in detail the basis of such liability.**

<u>Response to No. 9</u>: Defendant denies liability and is unable to identify with certainty, at this time, some other person or other legal entity that is liable to Defendant or to Plaintiff based upon the circumstances as alleged in the Complaint.

**(10) Attach for inspection and copying as under Fed. R. Civ. P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments to satisfy the**

**judgment. (Attach copy of insurance agreement to Responses to Initial Disclosures as Attachment E.)**

<u>Response to No. 10</u>: None.

Respectfully submitted, this 25th day of April, 2019.

                **OFFICE OF THE FULTON COUNTY ATTORNEY**

                Patrise Perkins-Hooker
                COUNTY ATTORNEY
                Georgia Bar No. 572358

                Kaye W. Burwell
                Deputy County Attorney
                Georgia Bar No. 775060

                ***/s/ Ashley J. Palmer***
                Ashley J. Palmer
                Senior Assistant County Attorney
                Georgia Bar No. 603514
                ashley.palmer@fultoncountyga.gov

141 Pryor Street, S.W.
Suite 4038
Atlanta, Georgia 30303
(404) 612-0246 (Office)
(404) 730-6324 (Facsimile)

# ATTACHMENT A

1. Investigator Pierre Easley
   c/o Office of the Fulton County Attorney
   141 Pryor Street, S.W.
   Suite 4038
   Atlanta, Georgia 30303
   Can testify as to the events that are the subject of this lawsuit.

2. Assistant District Attorney Antoinette Stephenson
   Fulton County District Attorney's Office
   c/o Office of the Fulton County Attorney
   141 Pryor Street, S.W.
   Suite 4038
   Atlanta, Georgia 30303
   Can testify as to the events that are the subject of this lawsuit.

3. District Attorney Paul Howard
   Fulton County District Attorney's Office
   c/o Office of the Fulton County Attorney
   141 Pryor Street, S.W.
   Suite 4038
   Atlanta, Georgia 30303
   Can testify as to the events that are the subject of this lawsuit.

4. Judge John Goger
   Superior Court of Fulton County
   c/o Office of the Fulton County Attorney
   141 Pryor Street, S.W.
   Suite 4038
   Atlanta, Georgia 30303
   Can testify as to the events that are the subject of this lawsuit.

5. Staff from Plaintiff's Leasing Office

6. Fulton County Superior Court Clerk Personnel

Can testify regarding the issuance of a valid subpoena(s) for Plaintiff's appearance in court

9

## **ATTACHMENT B**

None

# **ATTACHMENT C**

Subpoena(s) for Plaintiff's appearance in court, if any

Email communications (if any) between Defendant and other members of the Fulton County District Attorney's Office regarding Plaintiff's evasion of subpoena service

Hearing transcript (if any) regarding issuance of material witness warrant

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| KIDANEMARIAM KASSA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL RIGHTS COMPLAINT |
| v. | ) | 42 U.S.C. § 1983 |
| | ) | |
| FULTON COUNTY, GEORGIA, | ) | CIVIL ACTION NO. |
| PAUL H. HOWARD, officially & | ) | 1:17-cv-02068-WMR |
| individually, ANTIONETTE | ) | |
| STEPHENSON, individually, | ) | |
| PIERRE EASLEY, individually, and | ) | |
| JOHN DOE, officially & individually, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## **CERTIFICATE OF SERVICE**

THIS CERTIFIES that on April 25, 2019, I presented this document in Times New Roman, 14 point type, and electronically filed the foregoing **INITIAL DISCLOSURES** with the Clerk of Court using the CM/ECF system which will provide e-mail notification to the following attorney of record:

Tiffany W. Roberts
235 Peachtree Street NE
Suite 400
Atlanta, Georgia 30303
(404) 287-4090
troberts@tiffanywroberts.com

This 25th day of April, 2019.

12

*/s/ Ashley J. Palmer*
Ashley J. Palmer
Senior Assistant County Attorney
Georgia Bar No. 603514
ashley.palmer@fultoncountyga.gov

**OFFICE OF THE FULTON COUNTY ATTORNEY**
141 Pryor Street, S.W.
Suite 4038
Atlanta, Georgia 30303
(404) 612-0246 (Office)
(404) 730-6324 (Facsimile)

13